IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Coronado, Roger Jr.** ) | |
|     Plaintiff, ) | Civil Action: 08cv |
| v. ) | Judge: |
| ) | Magistrate Judge: |
| **Valleyview Public School District, 365-U** ) | |
| **Unidentified Bolingbrook Policeman,** Off.-Ind. Cap. ) | |
| **Don Laverty Off.-Indiv. Capacities** ) | |
| **T. Gavin Off.-Indiv. Capacities** ) | |
| **Steven Prodehl** ) | |
|     **Defendants.** ) | |

**08 C 1254**

**JUDGE ST. EVE**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES

SYNOPSIS

Fifteen year-old Mexican-American Plaintiff was fined by the Bollingbrook, Illinois Police for "MOB ACTION[1]" and expelled from school for one year because of his non-white skin complexion and that he is Mexican-American, in addition to his exercising his US Constitutional right to move from a sitting to a standing position on February 4, 2008; and such bodily movement <u>absolutely</u>, did Not mean that he is a gang member when other students of color also happened to be on their feet. Plaintiff, as a person of color is (and was) entitled NOT to be assumed by Valleyview District school administrators (Laverty, Gavin, and Prodehl) to a be a gang member simply because Plaintiff is (was) nearby to other people of color who are gang members. And that Plaintiff is entitled under US and Illinois laws to Due Process and that Due Process was not afforded, rather, a Bollingbrook Police officer ordered Plaintiff to sign a confession or face [implied] physical violence and that the School District convened a highly flawed hearing in violation of Plaintiffs' right under Illinois law and the United States Constitution.

---

[1]There was an offense, and, based upon reasonable information and belief, the offense was MOB action.

## NATURE OF THE COMPLAINT

(1)     This is an action for injunctive[2] and declaratory relief in that 15 year-old Plaintiff seeks from the Court that it order Defendant Valleyview School District to rescind its expulsion of Plaintiff from a Bollingbrook [public] High School. Additionally, Plaintiff sets forth that there are monetary damages for violations by Defendants. Specifically, their having intentionally violated Plaintiff's [U.S.] First Amendment, Fourth Amendment and Fourteenth Amendment rights; violation of 42 USC sections 1983 & 1985; violation of Title VI of the Civil rights Act of 1964; violation of the State of Illinois Constitution, Article X;  violation of  105 ILCS 5/10-22.6(a) & (b); and that Defendant Policeman assaulted Plaintiff.  (Plaintiff sues all individuals in their official and individual capacities.)

## PARTIES

(2)    Plaintiff Roger Coronado Jr. is 15 years old and a natural person residing in Bollingbrook, Illinois [the 7th Circuit] and was a student at Bollingbrook High School during all relevant times of this action.

(3)    Defendant Valleyview Public School District, 365U is a public entity with more than 15 employees, headquartered at 755 Luther Drive, Romeoville, Illinois, 60446. Bollingbrook High School is managed by the Valleyview Public School District.

(4)    Defendant Don Laverty is employed by Valleyview Public School District as an assistant principal. He was the assistant principal at Bollingbrook High School at all relevant times of this action.

(5)    Defendant T. Gavin (first name is not yet known, described as a "young" and "male") is a security guard and is believed to be employed by Valleyview Public School District. He was a security guard  at Bollingbrook High School at all relevant times of this action.

(6)    Defendant Steven Prodehl is\was the Valleyview District hearing officer and  it is believed that he is employed by Valleyview Public School District. It is believed that he

---

[2] And that a Motion for Injunctive and Declaratory Relief follows the filing of this complaint.

2

was employed by the school district as a hearing officer at all relevant times of this action.

(7)     Defendant "Unidentified Bollingbrook, Illinois Policeman" is believed to be an employee of the Village of Bollingbrook Police Department and is described as "male, tall and bald."

## JURISDICTION & VENUE

(1)     Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and Title Vl of the 1964 Civil Rights Act.

(2)     Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

(3)     Pendant and Ancillary Jurisdiction is vested in this Court pursuant to Art. 6, Sec. 9, of the Illinois Constitution and 28 USC 1367.

## FACTS

(1)     Plaintiff, a non-white, Mexican American person, was a student at Bollingbrook High School until February 7, 2008.

(2)     While a student there, Plaintiff maintained a satisfactory GPA and did not have a record of discipline.

(3)     Reports by teachers indicate that Plaintiff is an excellent, stellar, well-behaved teenager without even a mere blemish on his academic record.

(4)     On Monday, February 4, Plaintiff was in the school cafeteria having lunch.

(5)     There were individuals in the cafeteria (also persons of color) who have admitted their affiliation with a street gang.

(6)     When some of the gang members stood up from their chairs, Plaintiff stood up at that same moment.

(7)     Plaintiff was then accosted by Defendant Gavin (an overzealous security guard).

(8)     Three days later on February 7, 2008, Plaintiff was called out of class and handed over to a violent, out-of-control Bollingbrook Policeman who falsely imprisoned the boy (Plaintiff could not get away); the officer shouted hysterically then assaulted Plaintiff (a boy); and coerced the boy-Plaintiff [by implication and with threat of violence] to sign a confession.  And that all lawless and violent acts by the Bollingbrook Policeman were aided and abetted by Defendants School District, Laverty, Gavin and Prodehl.

(9)     Plaintiff signed the confession and that he was unable to read the document since Defendant Police officer intentionally placed his hand over the document except for a portion that exposed the signature line.

(10)    On February 7, 2008 Plaintiff was expelled from Bollingbrook High School accused of being a gang member; and accused of using gang symbols.

(11)    Defendant Bollingbrook Police officer issued Plaintiff a ticket for the crime of "Mob Action." (see footnote 1)

(12)    Plaintiff, accompanied by his parents, attended a School District hearing, although, the hearing did not render adequate due process (e.g., no opportunity to prepare; gather witnesses; or confront accusers).

(13)    Plaintiff is not permitted to return to the high school for 2 semesters (approximately 1 year).

(14)    Plaintiff has been warned that he will be arrested if he goes onto the school property.

(15)    Plaintiff is permitted to attend an alternative school in Joliet, Illinois (the school has a reputation for violence).

(16)    Plaintiff is being home-schooled.

(17)    Plaintiff is not and has never been associated with a gang.

(18)    Plaintiff has reasonable belief that he and other non-white students were expelled due to a policy of racial-ethnic discrimination against Mexican students by Valleyview Public School District administrators (to include the Bollingbrook High School Defendants Laverty and Gavin).

(19)    Plaintiff reasonably and rightly argues that his expulsion for exercising his 1st Amendment right to "stand" represents racism toward Mexicans in the form of Disparate Treatment.

4

(20)    When he stood, because he is Mexican, Plaintiff was described as a gang member by the Defendants.

(21)    Based upon reasonable information and belief, a white student has never been expelled (by Defendant school district) for having stood up.

(22)    Plaintiff reasonably believes that Defendants Laverty, Gavin, and Prodehl negligently assumed Plaintiff was in a gang, since members of the Latin Kings attend the High School and that many members of the gang are of noticeable Latino descent.

(23)    Plaintiff asks the Court to either order Defendant School District to rescind the expulsion and allow Plaintiff to attend classes immediately or that the Court hold an evidentiary hearing (regarding the expulsion) as quickly as possible (in order that Plaintiff does not miss more time from school).

COUNT 1:  Deprivation of Plaintiffs First Amendment Right to Free Speech under 42 USC Sec.'s 1983 & 1985 (1988)

(1)    On February 4, 2008, Plaintiff (a 15 year-old boy), a Mexican American with an olive skin complexion, moved from a "sitting" to "standing" position while in the Bollingbrook High School Cafeteria.

(2)    Defendant Gavin, a security guard, did initiate actions that culminated on February 7 with Plaintiff being falsely imprisoned; assaulted; shouted at; expelled; and coerced to sign an admission of wrongdoing.

(3)    Defendants Laverty and Prodehl too did initiate Intentional Torts that culminated with Plaintiff being falsely imprisoned; assaulted; shouted at; expelled; and coerced to sign a statement of admission of wrongdoing.

(4)    On February 7, 2008, for having <u>stood up</u> from his chair, Plaintiff was summoned to location in the school, at which time Defendant (unidentified Bolingbrook Policeman) falsely imprisoned Plaintiff;  Defendant would not allow Plaintiff to leave and that Plaintiff knew he was imprisoned.

(5)    Defendant Officer did penalize Plaintiff by giving Plaintiff a ticket that represented an allegation by the Police that Plaintiff had violated a law.

5

(6)     Defendant officer did act out aggression to include causing a chair to be struck and making gestures that he would act violently toward the Plaintiff if he (Plaintiff) tried to leave or refused to sign a confession.

(7)     And that Defendant Bollingbrook Police officer did not read Miranda rights to Plaintiff.  And that policeman did deny Plaintiff an opportunity to seek counsel.

(8)     And that Defendant did threaten the Plaintiff with gestures of violence while ordering him to sign a confession (on which the officer placed one of his hands to prevent the Plaintiff from reading the document). And that the document --when finally seen, was a statement of admission of wrongdoing.

(9)     Plaintiff suffered damages to include, primarily, <u>expulsion form school,</u> mental stress; damage to his reputation; and monetary losses for Plaintiff (a minor) and his family.

WHEREFORE, Plaintiff demands that he is permitted to return as a student to Bollingbrook High School and judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

<u>COUNT 2:  Deprivation of Plaintiffs Fourth Amendment Right to be Free from Unreasonable Seizure under 42 USC Sec.'s 1983, 1985 (1988)</u>

(10)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(11)     On February 7, 2008, for having stood up, Plaintiff was summoned to a location in Bollingbrook High School, at which time Defendant, unidentified Bolingbrook Policeman, with intent, to cause a physical and mental effect on plaintiff, did falsely imprison Plaintiff.

(12)     Defendant Bolingbrook Police officer did not have a warrant; did not have probable cause; and did not have an exigent circumstance.

(13)    Plaintiff suffered damages to include, primarily, <u>expulsion form school;</u> mental stress; damage to his reputation; and monetary losses for Plaintiff (a minor) and his family.

WHEREFORE, Plaintiff demands that he is permitted to return as a student to Bollingbrook High School and judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

<u>COUNT 3:  Deprivation of Plaintiffs' Fourteenth Amendment Right (Due Process and Equal Protection); and violation of 42 USC Sec.'s 1983, 1985 (1988)</u>

<u>COUNT 4:  Deprivation of Plaintiffs' Due Process Rights afforded by 105 ILCS 5/10-22.6(a) & (b) & Article X of State of Illinois Constitution</u>

(14)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(15)    Plaintiff was expelled from school on February 7, 2008 and that all Defendants (especially District Hearing Officer Steven Prodehl and Defendant Laverty) engaged actions to prevent Plaintiff from Due Process entitled to him by way the Due Process and the Equal Protection clause of the 14th Amendment; and deprivation of Due Process guarantees required under Illinois law (105 ILCS 5/10-22.6(a) & (b))

(16)    Plaintiff was singled out by all Defendants because he is Mexican and that his skin tone is not white. Conduct represents Disparate Treatment based on race-ethnicity.

(17)    Plaintiff was not provided ample due process to defend himself.

(18)    Plaintiff suffered damages to include, primarily, <u>expulsion form school,</u> mental stress; damage to his reputation; and monetary losses for Plaintiff (a minor) and his family.

WHEREFORE, Count 3 and 4 respectively, Plaintiff demands that he is permitted to return as a student to Bollingbrook High School and judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages in

the amount of $50,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

<u>COUNT 5: Ethnic and Racial Discrimination against Plaintiff in contradiction to mandate of Title VI of the Civil rights Act of 1964 done in violation of 42 USC, 1983, 1985 (1988); and Article X of State of Illinois Constitution</u>

(19)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(20)    In relation to Title Vl, Defendant, Valleyview Public School District does receive federal funding.

(21)    In relation to Title Vl, Plaintiff has been subjected [by Defendant School District in particular, under color of law] to Racial-Ethnic harassment based on his skin complexion and Mexican heritage. The harassment is sufficiently severe and pervasive to limit Plaintiff's opportunity to benefit from the Bollingbrook High school program and activities provided by Valleyview Public Schools (District 365-U) and that such program (and activities) is to be delivered to Plaintiff pursuant to Title X of the Illinois Constitution. And that in violation of Title X, Plaintiff is not receiving an education at Bollingbrook High School.

(22)    Plaintiff was expelled because of his non-white skin complexion and that he is Mexican-American [in addition to exercising his US Constitutional right to move from a sitting to a standing position; and such bodily movement <u>absolutely,</u> does not mean that he is gang member because other students of color (who resemble Plaintiff) also happen to be on their feet; Plaintiff, a person of color is entitled NOT to be assumed by Valleyview District school administrators to a be gang member when Plaintiff is nearby to other people of color who are gang members].

(23)    Plaintiff and other Mexican students were singled out because of Mexican race and ethnicity.

(24)    Plaintiffs clearly tan skin pigmentation makes known to the Defendants that Plaintiff is a person of color.

(25)    Defendant has knowledge of its violations of Title Vl against Plaintiff and has not taken preventive actions.

(26)    Plaintiff was seized, assaulted, falsely imprisoned, ticketed and expelled from school for two semesters because he stood up; and that based upon reasonable belief and information, a white student has not suffered the aforementioned consequences for shifting from a "sitting" to a "stand-up" position.

(27)    Plaintiff suffered damages to include expulsion and damage to his reputation.

WHEREFORE, Plaintiff demands that he is permitted to return as a student to Bollingbrook High School and judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 6: Assault (Illinois Common Law) by Defendant "Unidentified Bollingbrook Police officer"

(28)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(29)    Defendant policeman, did shout hysterically, acted violently with a chair and a door and that Plaintiff was in apprehension of being physically struck imminently [by Defendant policeman].

(30)    At the time, Plaintiff was falsely imprisoned by the Defendant and that Defendant was within one foot's length from Plaintiff.

(31)    Plaintiff's body size represents that physically he is a boy (teenager) and not yet a man. Defendant Police officer is described as male, fully-grown and tall.

(32)     And that Defendant Bolingbrook Police officer did threaten the Plaintiff with shouting and gestures of violence while he ordered Plaintiff to sign a confession (on the document, he placed one of his hands to prevent the Plaintiff from reading it). And that the document was a statement of admission.

WHEREFORE,  Plaintiff demands that he is permitted to return as a student to Bollingbrook High School and judgment against all of the Defendants jointly and

9

severally, for actual, general, special, compensatory damages in the amount of $20,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

*Plaintiff Roger Coronado Jr., by his signature below, swears that he has read the foregoing Complaint; has understood it to the best of his ability.-He states that she is not a lawyer---and that he agrees that the Complaint as written is truthful, accurate and based on his best recollection of the events described.*

Plaintiffs' Signature: ___Roger Coronado___ Date 3/1/08
Signature of Father of Plaintiff ___Rogelio Coronado___ Date 3/1/08
Signature of Mother of Plaintiff ___Bianca Coronado___ Date 3/1/08

s\Christopher Cooper, Christopher C. Cooper, 1 March 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
PO Box 1225, Hammond, IN 46325  Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458