**FILED**
**MARCH 1, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Coronado, Roger Jr.** )　　　　　　　　　　　　　　 | |
| 　　Plaintiff, )Civil Action: 08cv | **08 C 1254** |
| v. )Judge: | |
| )Magistrate Judge: | |
| **Valleyview Public School District, 365-U** ) | |
| **Unidentified Bolingbrook Policeman, Off.-Ind. Cap.**) | |
| **Don Laverty Off.-Indiv. Capacities** ) | **JUDGE ST. EVE** |
| **T. Gavin Off.-Indiv. Capacities** ) | **MAGISTRATE JUDGE SCHENKIER** |
| **Steven Prodehl** ) | |
| 　　Defendants. ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER OR INJUNCTIVE
RELIEF OR AN EVIDENTIARY HEARING BEFORE THIS COURT

　　NOW COMES Plaintiff through his Attorney, Christopher Cooper, and moves this Court pursuant to F.R.C.P. 65; ***Colquitt v. Rich Township High School District***, 1998 WL 476734 (Ill. App. 1st Dist. 1998); ***Goss v. Lopez***, 419 U.S. 566 (1975); as well as the Court's inherent power to convene an evidentiary hearing. And that the relief sought is a rescission of an expulsion in order that the 15 year-old Plaintiff can attend Bollingbrook High School. And that relief is sought through a declaratory judgment or through an evidentiary hearing process. Plaintiff, through counsel, states as follows:

(1)　　Plaintiff is a Fifteen year-old Mexican-American Plaintiff was fined by the Bollingbrook, Illinois Police for "MOB ACTION[1]" and expelled from school for one year because of his non-white skin complexion and that he is Mexican-American, in addition to his exercising his US Constitutional right to move from a sitting to a standing position on February 4, 2008; and such bodily movement <u>absolutely</u>, did Not mean that he is a gang member when other students of color also happened to be on their feet. Plaintiff, as a person of color is (and was) entitled NOT to be assumed by Valleyview District school administrators (Laverty, Gavin, and Prodehl) to a be a gang member simply because Plaintiff is (was) nearby to other people of color who are gang members. And that Plaintiff is entitled under US and Illinois laws to Due Process and that Due Process was not afforded, rather, a Bollingbrook Police officer ordered Plaintiff to sign a confession or face

---
[1] There was an offense, and, based upon reasonable information and belief, the offense was MOB action.

1

[implied] physical violence and that the School District convened a highly flawed hearing in violation of Plaintiffs' right under Illinois law and the United States Constitution.

(2)     Plaintiff was expelled from school on February 7, 2008 and that all Defendants (especially District Hearing Officer Steven Prodehl and Defendant Laverty) engaged actions to prevent Plaintiff from Due Process entitled to him by way of the Due Process and the Equal Protection clause of the 14th Amendment; and deprivation of Due Process guarantees required under Illinois law (105 ILCS 5/10-22.6(a) & (b)).

(3)     By expelling Plaintiff for one school year without Due Process, Defendant's (excluding T. Gavin and Unidentified Policeman) violated Plaintiff's [U.S.] First Amendment, Fourth Amendment and Fourteenth Amendment rights; violation of 42 USC sections 1983 & 1985; violation of Title VI of the Civil rights Act of 1964; violation of the State of Illinois Constitution, Article X; violation of  105 ILCS 5/10-22.6(a) & (b); and that Defendant Policeman assaulted Plaintiff.

(4)     Plaintiff will likely suffer an irreparable injury (unable to learn and subsequently held back a grade) if expelled from Bollingbrook High School for 1 year, since the Plaintiff and his family lack financial resources to enable Plaintiff to receive an education at a place other than a public institution.

(5)     Remedies available at law are inadequate to compensate Plaintiff for the injury that will occur if he is unable to acquire knowledge of the type provided in a high school for 15 year-old boys.

(6)     The undersigned argues that the case law holds that Plaintiff is entitled to Due Process before an expulsion, See: *Colquitt v. Rich Township High School District,* 1998 WL 476734 (Ill. App. 1st Dist. 1998); *Goss v. Lopez*, 419 U.S. 566 (1975). Plaintiff has a blemish free school record of no discipline. Defendants Valley View School District, Don Laverty and Steven Podehl will not suffer a hardship if a student with the character of the Plaintiff is permitted to attend classes at Bollingbrook High School pending the outcome of an evidentiary hearing.

(7)     There is absolutely no evidence that Plaintiff has EVER been in a gang or associated with gang members. Evidence proffered by Defendants is that Plaintiff, a Mexican American, shifting from a sitting to standing person and that at that moment, other people-of -color who admit to being a part of a gang were also standing. Plaintiff's skin

complexion and ethnic heritage caused Defendants to associate him with the gang members who had ONLY one thing in common with Plaintiff: they were all people-of-color. (Cf.: On June 10, in a 6-to-3 decision, the U.S. Supreme Court struck down a Chicago anti-loitering law that allowed police to arrest persons who look like gang members and loiter on city streets <u>Chicago v. Morales</u>, No. 97-1121 (1999)

(8)     In the instant case, Plaintiff Roger Coronado Jr. was not loitering, rather he was eating lunch in a school cafeteria at his assigned lunch period

(9)     Therefore, considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity (rescission of the expulsion) is warranted.

(10)    The public interest would not be disserved by a temporary injunction and that such injunction rescinds the expulsion [at least in order that Plaintiff can attend classes while he is afforded Due Process.

WHEREFORE, Plaintiff requests that this Court issue an injunction that enables Plaintiff to return to school, or alternatively, that the Court hold an evidentiary hearing; or, by way of injunction or order, that the Court orders the Defendants (excluding T. Gavin and the unidentified policeman) to convene a hearing with Due Process safeguards contemporaneous with a temporary lifting of the expulsion.

RESPECTFULLY SUBMITTED,

s\*Christopher Cooper,* Christopher C. Cooper, 1 March 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
PO Box 1225, Hammond, IN 46325  Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458

CERTIFICATE OF SERVICE

Undersigned attorney swears that he filed the foregoing through ECF on March 1, 2008 and that he does not know which, if any Defendants, are registered E-filers, hence service on Defendants will occur in person either on the afternoon of March 2, 2007 or between approximately 7:00AM-8:00AM on March 3, 2007.

s\*Christopher Cooper,*