28 93 61 00 8

FILED

MAR 0 7 2008    NF,

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 0 7 2008

| | | |
|---|---|---|
| ROGER CORONADO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 C 1254 |
| | ) | |
| VALLEY VIEW PUBLIC SCHOOL DISTRICT, | ) | Judge Darrah |
| 365-U, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO:    All Counsel of Record
       (See Attached Service List)

PLEASE TAKE NOTICE that on the 7th day of March, 2008, we filed with the Clerk of

the United States District Court for the Northern District of Illinois, Eastern Division,

Defendants Valley View Public Schools Community Unit District 365-U's, Don Laverty's and

Timothy Gavin's RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER OR

INJUNCTIVE RELIEF OR AN EVIDENTIARY HEARING BEFORE THIS COURT, a copy of

which is attached hereto and herewith e-served upon you.

By:   /s/  Brian J. Riordan
      One of its Attorneys
      BRIAN J. RIORDAN (6237969)
      CLAUSEN MILLER P.C.
      10 South LaSalle Street
      Chicago, Illinois 60603-1098
      312/855-1010
      Attorneys for Defendants Valley View Public
      Schools Community Unit District 365-U's, Don
      Laverty's and Timothy Gavin

*Coronado v. Valley View Public School Dist. 365-U, et al.*
Court No. 08 C 1254
File No. 28 93 61 00 8

**Counsel for Plaintiff**
Christopher C. Cooper
P.O. Box 1225
Hammond, IN 46324
Tel: 312-371-6752 or 219-228-4396
Fax: 866-334-7458

**Counsel for Defendant**
**"Unidentified Village of Bolingbrook Police Officer in Individual and Official Capacity"**
Craig G. Penrose
TRESSLER SODERSTROM MALONEY & PRIESS, LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606
Tel: 312-627-4000
Fax: 312-

STATE OF ILLINOIS     )
                            ) ss
COUNTY OF COOK     )

<u>AFFIDAVIT OF SERVICE</u>

The undersigned, after being duly sworn, deposes and says that she served a copy of the

above and foregoing Notice of Filing, together with a copy of the documents therein referred, to

each party to whom this Notice is directed, by transmitting via facsimile, at 10 South LaSalle

Street, Chicago, Illinois on the 7th day of March, 2008.

_Patricia M Kebok_

SUBSCRIBED AND SWORN TO
before me this 7th day of March, 2008.

_____
Notary Public

Official Seal
Joanne Pastorio
Notary Public State of Illinois
My Commission Expires 08/31/2009

2

1172752.1

28 93 61 00 8

FILED

MAR 0 7 2008 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 0 7 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER CORONADO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1254 |
| | ) | |
| VALLEY VIEW PUBLIC SCHOOL DISTRICT, | ) | Judge Darrah |
| 365-U, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER OR INJUNCTIVE RELIEF OR AN EVIDENTIARY HEARING BEFORE THIS COURT[1]

NOW COME Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U

(hereinafter "the District"), DON LAVERTY and TIMOTHY GAVIN, by and through their

attorneys, BRIAN J. RIORDAN and CLAUSEN MILLER P.C., and in response to Plaintiff's[2]

motion, states as follows:

## Background

Plaintiff's motion and Complaint fail in several areas to fully inform this Court of the

events surrounding the expulsion of ROGER CORONADO, JR., and further fail to meet the

requisite standards for injunctive relief and should be dismissed.

---

[1]  Plaintiff appears to rely on his "Complaint for Declaratory and Injunctive Relief and For Money Damages" filed simultaneously to his "Motion for an Order or Injunctive Relief or an Evidentiary Hearing Before This Court" for support of his motion so Defendants will attempt to respond to the motion while also addressing some of the issues raised in the Complaint. Defendants reserve the right to so properly address the remaining issues of the "Complaint" that are apparently not address in the Plaintiff's "Motion".

[2]  Plaintiff's Complaint and motion identifies him as a 15-year old and thus he is not a proper party to this suit. Procedurally, Plaintiff is required to add his parent, guardian or next friend to this suit.

Mr. Coronado was charged with participating in "mob action" and "subversive activity and organization" in accordance with the Bolingbrook School Code which he and his parents received in the beginning of the school year. He was one of many students expelled for this incident and the District's decision had absolutely nothing to do with the fact that he is of Mexican decent.

Plaintiff, among many others, was seen in the cafeteria by District personnel participating in a mob action during the lunch hour on February 4, 2008. (See Incident Report of Timothy Gavin attached as Exhibit A.) Mr. Coronado even admits on two separate occasions by way of signed statements as well as to the District Disciplinary Hearing Officer at his hearing that he did walk over to lend support to the group of students that were about to start a large scale fight, throwing gang signs and yelling at each other and being subversive and responding to security guard's order to disperse. He testified fully at the disciplinary hearing that he lent his support to his friends and people at his table in what was turning into a mob scene and that he knew some these students to be gang members. (See Exhibit B , Plaintiff's signed statement, and Exhibit C, Hearing Officer's Prodehl's Report, p. 2, Section XII.)

## Plaintiff's Claims That He Was Not Provided Due Process and That the District's Action's Were Racially Motivated Are Without Merit

In Illinois, expulsions may be implemented for up to two calendar years. School district administrators may recommend that a student be expelled for gross disobedience or misconduct, and school boards have the authority to expel students for a definite period of time for such offenses. 105 ILCS 5/10-22.6(d).

The School Board of Education must provide the student with procedural and substantive due process. All of those due process rights were afforded to Mr. Coronado before and during his disciplinary hearing, including notice and an impartial, fair hearing. Mr. Coronado and his

2

1172302.1

parents were immediately notified of the charges against him by letter dated February 7, 2008
sent by Assistant Principal Dan Laverty. Attached as a Exhibit D find the letter sent to the
Plaintiff's parents.

The Seventh Circuit Court of Appeals has held in *Linwood v. Board of Education of City
of Peoria, School District No. 150, Peoria County, Illinois*, 463 at 2d, 763, 7770 (7th Cir. 1972)
that the "type of administrative hearing here involved need not take the form of a judicial or
quasi judicial trial. Due process in the context of a disciplinary hearing in a school district is not
be equated with that essential to a criminal or juvenile court delinquency proceeding. The
*Linwood* court held that the requirement is an orderly hearing before an impartial tribunal, in
which the administration presents its case through written evidence and witnesses and the student
is allowed to cross examine the evidence and to present evidence.

In this case, just such a hearing took place and the Plaintiff had every opportunity to cross
examine the District personnel who were present at the hearing. They also had the opportunity
to present evidence, which they chose not to do. The Plaintiff again admitted all of the activities
to which he was being charged as he did in an earlier signed statement to District personnel.
There was no evidence or facts in dispute at the hearing contrary to Plaintiff's Complaint. He
admitted to the actions he was charged with.

**Procedural Rights Were Afforded**

Additionally, Plaintiff and his parents were notified on February 11, 2008 by regular and
certified mail there was to be a hearing regarding the recommendation for expulsion of the
Plaintiff by the School District. The date and time for that hearing was to be February 19, 2008,
more than 8 days after the Plaintiff received notice of hearing. Attached as Exhibit E find the

3

letter from Hearing Officer Steven J. Prodehl sent February 8, 2008, as well as the signature for the certified mail by Plaintiff's mother and father.

At the hearing the Plaintiff, as well as his parents, were afforded every opportunity to present their side of the incident at issue. The Plaintiff, Roger Coronado, nor his parents, provided any evidence whatsoever to contradict the reports and testimony of the actions of February 4, 2008. In fact, Plaintiff himself admitted to those very actions that he was charged with, including subversive behavior and mob action. He testified that he did get up from his chair and join a group of students who were yelling and screaming and about to get into a large scale altercation to lend them support. (See Exhibits B and C.)

In this case, the Plaintiff has received a fair and impartial hearing with an opportunity to offer evidence and cross examine any witnesses. All fundamental concepts of fair hearing including the opportunity to be heard, the right to cross examine and adverse witnesses in to impartiality and the rulings upon the evidence have been met. Attached hereto as Exhibit C find the report from the hearing officer regarding the Plaintiff Roger Coronado which outlines the procedures and due process steps taken by the District.

Based on the hearing officer's recommendation and the evidence presented therein, the School Board took the proper action at the February 22, 2008 Board meeting and expelled the Plaintiff. By way of certified mail letter dated February 25, 2008, Plaintiff and his parents were notified of this decision. Attached hereto as Exhibit F find the certified letter from the School Board President to Plaintiff and his parents notifying them of the results of the Board hearing.

### Substantive Rights Were Afforded

Plaintiff's substantive due process rights were also maintained by a fair and balanced hearing. Substantive due process is the protection of the individual from governmental actions

4

that are arbitrary and capricious. Substantive due process involves the exercise of governmental power without reasonable justification and it is most often described as an abuse of governmental power that "shocks the conscious." *Tun v. Whittiker*, 398 F. 3d 899, 902 (7th Cir. 2005).

In this case, the District, having to deal with the ever present and real threat of gang activity throughout its school must focus its concerns on the safety of all the students and the community. The actions the District took to discipline all those involved was entirely appropriate and in no way can be considered to have "shocked the conscious."

In *Remer v. Burlington Area School District*, 286 F. 3d 1007 (7th Cir. 2002), the court found that the school district did not violate its student substantive due process rights when it expelled him for four years for his role in a plot to break into a school and assassinate teachers and students. The court held that the district's interests in providing for a safe and stable learning environment free of distraction and fear certainly justified the permanent expulsion of the student from its schools. (Emphasis added.)

Similarly, in this case, rampant and public gang activity and intimidation by a certain group of students has a drastic effect on the ability of other students to have a safe and stable learning environment. The school district is not only encouraged but also compelled to take swift and decisive action regarding all gang activity at the school. In *Remer*, the student was expelled for four years, however here the discipline for Mr. Coronado is less than two full semesters. The expulsion for the remainder of this semester and one additional semester may seem harsh to Mr. Coronado at this point, however the damage to both the learning environment at the District and to other students for the allowance of unchecked gang activity in the school certainly outweighs this disciplinary action imposed by the District in this case.

5

## Plaintiff Does Not Meet Requirements Necessary
## for an Issuance of a Preliminary Injunction

Injunctive relief is an extraordinary remedy and should not be issued unless the necessity for it is clearly established and free from doubt. *Shodden v. Chicago Title & Trust Co.*, 162 Ill. App. 3d 677, 673, 515 N.E.2d 1339, 1344 (2d Dist. 1987). There is general agreement by the courts on the following standards for issuance of injunctive relief: (a) Plaintiff has no adequate remedy at law and will suffer irreparable harm if the preliminary injunction is not entered; and (b) the threatened injury to the plaintiff outweighs threatened harm the injunction may inflict on the defendants; and (c) the plaintiff has a reasonable likelihood of success on merits; and (d) the granting of injunctive relief will not disserve the public interest. *See, O'Connor v. Board of Education*, 645 F.2d 578, 580 (7th Cir. 1981), *cert. den.*, 454 U.S. 1084 (1981); *Kanter and Eisenberg v. Madison Assoc.*, 116 Ill. 2d 506, 510, 508 N.E.2d 1053, 1055 (1987); *Buzz Barton & Assoc., Inc. v. Giannone*, 108 Ill. 2d 373, 383, 483 N.E.2d 1271, 1276 (1985); *Roland Machinery Co. v. Desser Indus., Inc.*, 749 F.2d 380, 382-83 (7th Cir. 1984). *All* of the above mentioned elements must be met for injunctive relief to be granted. The facts relieve that none of these factors balance in favor of the plaintiff. Therefore, the Plaintiff's motion must be denied and the Complaint dismissed for the following reasons:

### A.    Plaintiff Has Failed to Establish the Existence of Irreparable Injury.

Plaintiff appears to argue that his inability to remain a student at Bolingbrook High School during the approximately two semesters of his expulsion presents an irreparable injury. This argument presupposes that he lost his right to an education because of the District's decision to expel. This is simply not the case.

6

As the District's correspondence of February 25, 2008 indicates the Plaintiff is free to enroll in the Premier Academy in Joliet, Illinois (located in close proximity to Bolingbrook) for the period of his expulsion and to follow the program requirements. He then may be readmitted into Bolingbrook High School after a probationary period. See correspondence from the District dated February 25, 2008. (Exhibit F.)

Also Plaintiff admits both in his filing and in various news reports that he is being home schooled and has a private tutor working with him. The fact that the Plaintiff can enroll in school elsewhere and has home schooling shows that there is no threat of irreparable injury and that he is obtaining his education. Plaintiff holds no property right to obtain a public education specifically at any particular school.

**B.    Plaintiff Has No Likelihood of Success on the Merits.**

Even if the court believes that there is irreparable injury, Plaintiff has no likelihood of success on the merits and therefore his motion for injunctive relief should be denied. Although it is difficult to tell exactly what the Plaintiff is claiming in his Complaint regarding what the School District did that was improper, the Plaintiff appears to argue that he was not afforded his due process rights, and that the Board's decision to expel him was an abuse of their discretion and based on his race. The facts and evidence and the admission of the Plaintiff, clearly show that he participated in the alleged activity, was charged with the violations of school codes, was given proper notice, was given a proper hearing and was justly punished.[3]

The state's interest in education, safety and overall well-being of its young people has always been perceived as one of the most compelling concerns. It is always in the discretion of the Board of Education to expel a student who is guilty of gross disobedience or misconduct.

---

[3]    We have previously outlined the full due process rights afforded the Plaintiff and his parents and incorporates those arguments and evidence by reference herein.

7

105 ILCS 5/10-22.6. Student discipline has been the subject of substantial litigation resulting in well-settled fundamental principles. School officials are given wide discretion in disciplinary actions, and the decision of the Board of Education must be upheld unless it is arbitrary and capricious, against the manifest weight of the evidence in an abuse of discretion. *Donaldson v. Bd. of Ed. Danville School District No. 118*, 98 Ill. App. 3d 438, 439, 424 N.E.2d 737, 738-739 (4th Dist. 1981); *see, also Norton v. Nicholson*, 187 Ill. App. 3d 1046, 1058, 533 N.E.2d 1053, 1059 (1989). Illinois courts have been reluctant to overturn decisions to suspend or expel students. *Clements v. Bd. of Ed. Decatur School Dist. No. 118*, 133 Ill. App. 3d 531, 532, 478 N.E.2d 1209, 1210 (1985); *Donaldson*, 98 Ill. App. 3d at 439, 424 N.E.2d at 739.

Student discipline is an arena in which courts are traditionally entered with great hesitation and reluctance, choosing to defer to school officials who are in the best position to determine if students have violated local school policies and, most importantly, to determine what the proper discipline should be. *See, Donaldson*, 98 Ill. App. 3d at 439, 424 N.E.2d at 739; *Robinson v. Oak Park School District No. 200*, 213 Ill. App. 3d 77, 80, 571 N.E.2d 931, 934 (1st Dist. 1991). As the *Donaldson* court eloquently stated:

> School discipline is an area which courts enter with great hesitation and reluctance and rightly so. School officials are trained and paid to determine what form of punishment best addresses a particular student's transgression. They are in a far better position than is a black-robed judge to decide what to do with a disobedient child at school. Donaldson, Ill. App. 3d at 439, 424 N.E.2d at 739.

In reviewing a Board's decision to determine whether the Board of Education abused its discretion, the court must consider (1) the egregious of the student's conduct; (2) the history or record of the student's pass conduct; (3) the likelihood that such conduct will effect the delivery of educational services to other children; (4) the severity of the punishment; and (5) the interest of the child. *Robinson*, 213 Ill. App. 3d at 80, 571 N.E.2d at 933.

8

The Defendants submit that, notwithstanding Plaintiff's attempt to distort the underlying facts, the interplay of the District's discipline policy, and the Illinois School Code, applicable case law and the true facts and circumstances demonstrated that the decision to expel Plaintiff was not arbitrary or capricious and was not based on race, was not against the manifest weight of the evidence, and was not an abuse of discretion. Students of other races were also punished for the same activities. The School District presents compelling support for the decision to expel Plaintiff in this case.

Further, the court stated in *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist.*, 61, 78 F. Supp. 2d 812 (C.D. Ill. 2000), that to establish racial discrimination, and thus prevail on the merits of the case, the plaintiff must show that "similarly situated individuals of a different race were not prosecuted." *Fuller* at 825 (citing *Armstrong*, 517 U.S. at 465). In *Fuller*, the court stated that plaintiff failed to prove that students of another race were not disciplined for similar conduct. *Id.* at 825. The court held that plaintiff's failure to show that students of a different race were treated less harshly resulted in a failure to establish that race played a role in the school board's expulsion decision. *Id.* The court rejected the student's request for injunctive relief. *Id.* at 814. Similarly in this case, other students of different races were also disciplined identically to Plaintiff for the same activity.

There can be no question that mob activity and the influence of recognized gang activity in school constitutes gross misconduct which may disrupt the normal operation of the school. In 1995, the United States Supreme Court articulated its concern for school safety when it stated:

> Maintaining order in the classroom has never been easy, but in recent years, school disorder has taken particularly ugly forms: drug use and violent crime in the schools have become major social problems. *New Jersey v. T.L.O.*, 469 U.S. 325, 339, 105 S.Ct. 733, 731 (1995).

9

Plaintiff <u>fully admitted</u> both to the hearing officer and to the Bolingbrook Police Department that he joined in the mob action and "lended support" to other students that were engaged in subversive activity which was leading to a very large scale fight in the cafeteria. Gang activity at the Bolingbrook High School has been well documented and has caused great concern for the community, the administration and parents, as well as students attending the high school. The Board of Education's decision to expel the Plaintiff along with all the others involved for participating in this mob activity and being subversive to the security guards who were attempting to control the situation is fully validated based on the tragic events that have been occurring in high schools across the country resulting in the violent deaths of numerous high school students. Gang affiliation and mob action are indeed specific and direct threats to the security and safety of both the students and the faculty at local high schools and have no place in our schools. Anyone who is a member, or lends their support to the gangs' violent ways, should be charged and appropriately punished.

The activity engaged in by the Plaintiff along with his other students by supporting gang activity is disruptive to the school environment and creates a sense of fear among the peers and negatively impacts the delivery of educational service for other students. Participation in such mob action in the public setting of the school cafeteria creates a heightened climate of fear. Students who are afraid do not perform well in school. Children must first feel safe in order to learn and perform to their potential.

The impact of violence on the public educational system of our country is staggering. Violence and fear of violence adversely affects the learning experience of all students, not to mention school personnel and administration. The pervasive nature of this threat requires strict responses from our school administration. Further, the imposition of hard measures is

10

imperative for the schools to adequately provide a safe environment for children to learn.
Therefore, the Board of Education's decision to expel Plaintiff should stand. Plaintiff's motion
should be denied.

### C.    The Threatened Harm a Preliminary Injunction May Inflict on the District Outweighs any Injury to Plaintiff; Granting an Injunction Will Not Serve the Public Interest.

Even if this Court believes that the Plaintiff has a likelihood of success on the merits, the
facts show that the harm the Preliminary Injunction will cause the District outweighs any alleged
injury to the Plaintiff and will not serve the public interest. Based on a plain reading of the
Illinois School Code and the school's personal conduct policy, the evidence indicates that the
Board of Education properly arrived at the conclusion that the Plaintiff's action should result in
expulsion. Plaintiff's expulsion for less than two semesters is not unreasonable or oppressive
considering the severity of the conduct. Is the District required to wait until a full scale riot
breaks out, injuring or even killing a student or District personnel before it takes disciplinary
action against those students who stand ready and willing to turn to violence in the cafeteria?

School districts have legal and moral obligation, acting as *parens patriae*, to take action
in dealing with students who engage in violent behavior potentially threatening the welfare and
safety of other children in attendance at their schools.

As a general rule the exercise of the right to a free and public education is conditioned on
compliance by the student with reasonable rules, regulations and requirements promulgated by
the school board and implemented by school personnel. *See, Bluett v. Bd. of TRS. of the Univ. of
Ill.*, 10 Ill. App. 2d 207, 211, 134 N.E.2d 635, 637 (1st Dist. 1956). A breach of such rules or
regulations may subject a student to discipline, including school suspension or expulsion. *Id.* As
one Michigan state court has noted, a student attending a public school system has no "special
privilege not to conform to reasonable standards . . . and certainly his student status does not give

11

him any right to violate or impair the rights of others, or engage in conduct that tends to deprive other students of an orderly atmosphere or study . . ." *Davis v. Ann Arbor Public Schools*, 313 F. Supp. 1217, 1225 (E.D. Mich. 1970).

In this case Plaintiff has other educational opportunities, such as Premier Academy or the home tutor schooling he is currently engaged in. He is not being unreasonably harmed by the less than two semester expulsion.

Violence in schools is one of the most deadly, destructive and serious problems facing this country. Granting Plaintiff's motion and the relief sought in their Complaint would severely impede progress on this important issue. Schools must be able to deter young people from engaging in gang activity and violent behavior in using violence to solve their problems. The school's conduct policy and the resulting decisions of the District to expel Plaintiff was essential to eradicate violence among students, especially when the school is dealing with gang activity on a daily basis. The District seeks to instruct its students, through example and discipline, that engaging in mob activity and subversive organization and joining in or supporting their violent acts will be dealt with harshly. A strike against the District's conduct policy would undermine its enforcement and lessons to its students. It would constitute a significant step backwards in the mission of educating students. The Defendants therefore submit that the balance of equities tip in their favor as an advancement to the clear public interest. Neither students nor the Plaintiff would benefit by the Court's issuance of a preliminary injunction returning this student to school.

1172302.1

## CONCLUSION

Members of the Board of Education hire school district administrators to run the day to day operations of the School District. Perhaps one of the more important aspects of the duties of administrators is to maintain an environment that is both safe and conducive to learning.

In this case, the administrators, in carrying out their duties, determined that it was the best interest of the School District to recommend that Plaintiff be expelled from school. Indeed, it is required in the Illinois School Code and the District's policy. Mob action and violent subversive behavior and organization have no place in our public school system.

WHEREFORE, for all of the reasons stated above, Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DON LAVERTY and TIMOTHY GAVIN, respectfully request this Court deny the Plaintiff's motion and dismiss Plaintiff's Complaint with prejudice.

CLAUSEN MILLER P.C.

By:  /s/  Brian J. Riordan
     BRIAN J. RIORDAN  (ARDC No. 6237969)
     CLAUSEN MILLER P.C.
     10 South LaSalle Street
     Chicago, Illinois 60603-1098
     Telephone: 312-606-7805
     Facsimile: 312-606-7777
     briordan@clausen.com
     Counsel for Defendants School District,
     Laverty and Gavin

13

1172302 1

*OFFICE OF THE DEAN - STUDENT REFERRAL FORM*  75747

| VALLEY VIEW PUBLIC SCHOOLS COMMUNITY UNIT 365U | Name of Student: Roger Coronado | Date and Time of Incident: 2/4/08 |
|---|---|---|
| **Incident Report Of Student Misconduct** | Age:          Grade: | SB-6A |

Parent/Guardian: (Name/Address/Telephone No.) 213 Bedford Road Bol- 60440

Date/Time Contacted: 630-209-1724 @ 8:30

Notation: Rogelio Coronado  630-963-9090   2/7/08

### DESCRIPTION OF INCIDENT INVOLVING STUDENT MISCONDUCT

Roger was seen by myself posturing with a large group in the cafeteria who were flashing gang signs at a group of Gangster Disciples

**STUDENT'S SECTION:** The above offenses have been explained to me and I have had the opportunity to respond to them; my signature shall not be taken as an admission of guilt of the offense(s) alleged. Further, should I be externally suspended from school, I understand I may not enter upon the property of the Valley View Schools, during the period of suspension, unless and until appropriate authorization is first obtained.

Student's Signature: Roger Coronado          Date:

**Action Taken By Faculty Member**
( ) Teacher's Detention(s):
( ) Personal Conference with Student:
( ) Parent Contacted By Telephone:
( ) Letter Sent Home:

Referring Faculty Member: T. Gavin   #15

**Action Taken By Dean's Office**
(X) Student Conference  ( ) Detention(s) Issued   Number of:
(X) Parent Conference  ( ) Int. Adjust. Center   Total Days:
( ) B.I.C.  (X) External Suspension  Total Days: 10
( )  ( ) Saturday Detention   Date:
(X) Expulsion Candidate   Admin Council:

IAC/Ext'l Dates: From: 2/07/08
IAC/Ext'l Dates: Thru: 2/21/08
Return to Classes: On: 2/20/08

**DEAN'S SUMMARY:**
20.D Fighting Mob Action
40.B. Subversive Organization
School Board Policy 7:194 sec. 2

**NOTICE TO PARENTS OR GUARDIAN**
1. The purpose of this is to inform you of a disciplinary incident involving your child.
2. You are urged to support the action taken by the teacher/Dean and to cooperate with the corrective action initiated today.
3. This Incident Report has been reviewed with your child, as indicated by his/her signature above, and the above indicated disciplinary action has been imposed. If you have any questions please call the Dean.

Dean's Signature: J. Nil          Date: 2/7/08

| DISTRIBUTION | WHITE Office of the Dean | YELLOW Parents/Guardian | PINK Referring Teacher | GOLDENROD Student's Counselor |
|---|---|---|---|---|

**DEFENDANT'S EXHIBIT A**

177-109-05

# VALLEY VIEW PUBLIC SCHOOLS
## COMMUNITY UNIT DISTRICT 365-U

Date: 1/7/08

To: **Dean of Students**

From:

Re: Incident of _____
(Date & Time)

**Memorandum of Incident**

Office Use Only

It is requested that the person submitting this Memorandum, accurately describe what occurred, regarding the incident and, indicate who, if anyone, also was present and observed the incident. If you have knowledge of any events which led up to this incident, please indicate those events also.

**PLEASE PRINT!**

1  I just got up and try to see if my friends
2  were goin to need help or something because
3  There were a lot of them other guys on The
4  There side so I got up to help
5
6                                  Roger Coronado
7
8  I have seen This statement
9
10  ① Rogelio Coronado
11  ② Bianca Coronado
12
...
22

Signature

Copies:

White - Student File

**DEFENDANT'S EXHIBIT B**

Pink - Person Submitting Memorandum

Form 444

# Valley View Public Schools
# Community Unit 365U

# District Hearing Officer's
## Report on
## Hearing For Expulsion

In Re:  *Roger Coronado*
        *9th - Bolingbrook High School*

*FILE LETTER:* ___X___

**SECTION I**

> That a report of the incident of student's misconduct, introduced by the representative of the school's administration, was received in evidence as Exhibit **#1**, without objection, copy of which is attached hereto.

**SECTION II**

> That said student was charged by the Administration with the following offense(s):
>
> 1.    *Fighting/Mob Action*
> 2.    *Subversive Organizations*

**SECTION III**

> That the "Student/Parent Handbook", noting specifically offense(s) as stated in Section II above, which provides information about school rules, regulations, policy and state laws relating to attendance, discipline, disruptions, suspension, expulsion, etc., was received in evidence as Exhibit **#2**, without objection, copy of which is incorporated herein by reference.

**SECTION IV**

> That _____ *Mr. Nicholas Detman, Dean, Bolingbrook High School*_____
> on  *Monday*__ , __ *February 4, 2008*____ noting, heretofore described rules infraction(s) of the Student Code of Conduct, as enumerated in the Student/Parent Handbook of this school, reviewed said rule infraction(s) with said student, as was the disciplinary action that was then and there imposed; that the legal guardian was notified of said "preliminary hearing" as evidenced by a letter entered, without objection, as Exhibit **#3**, copy of which is attached hereto.

**SECTION V**

> That Notice of a Due Process Hearing, dated **February 11, 2008**, was sent and received by student's parent/ guardian, at family residence of record.
>
> A.    Service by certified mail, a copy of said notice, was received in evidence as Exhibit #___4___, without objection. Copy of which is attached hereto and made a part hereof.
>
> B.    A waiver of Notification By Certified Mail was entered into evidence as Exhibit #_____, without objection, copy of which is attached hereto and made a part hereof.

**SECTION VI**

> That Notice of Hearing, and listing of charges thereon, constituted a reasonable means of informing the student and _____ **his parents** _____ of the matters to be considered at the Hearing; and, that no requests pertaining to said Hearing, the method of content or conduct of same, were raised prior to, or at, said Hearing, from the student or **his parents.**



DEFENDANT'S EXHIBIT C

**District Hearing Officer's**
**Findings of Fact At The Hearing For Expulsion**

In Re:  **_Roger Coronado_**

    *9th - Bolingbrook High School*

**SECTION VII**

That a statement report - written by the student and acknowledged to be his/her own, introduced by the administration, was received in evidence as Exhibit # __5__, without objection, copy of which is attached hereto.

**SECTION VIII**

That the following people were present at the Hearing on _____ *Tuesday* _____
____ *February 19, 2008* _____, at _____ *11:00 a.m.*.

| | |
|---|---|
| *Steven J. Prodehl* | *District Hearing Officer* |
| *Mr. Rob Lathrope* | *Dean, Bolingbrook High School* |
| *Mr. Rogelio Coronado* | *Father of Student* |
| *Ms. Blanca Coronado* | *Mother of Student* |
| *Roger Coronado* | *Student (15 yoa)* |

**SECTION IX**

That representatives of the administration testified to the matters at issue and were questioned by the student and student's Parents, and other parties present and, that the student and student's __parents__ testified to the matters at issue and were questioned by representatives of the administration and other parties present.

**SECTION X**

A.    [XXX] - That the student admitted to the charge(s) as made by the administration and that no evidence - oral or written - was introduced to counter or disclaim the charges as stated by the school administration in Section II, supra.

B.    [ ] - That the student denied the charge(s)regarding as made by the administration and that no evidence was introduced by the student to counter or disclaim the charges as stated by the school administration in Section II, supra.

    See attached Exhibit #_____

C.    [ ] - That student did not appear at the Hearing

**SECTION XI**

That representatives of the administration submitted the following items of physical evidence, which furnishes or tends to furnish proof and, demonstrates, makes clear, or ascertains the truth of the very fact or point(s) in issue:
Exhibit #_____
Exhibit #_____
Exhibit #_____
Exhibit #_____
Exhibit #_____

**SECTION XII**

At the Hearing the student related the following: The Student, Roger, stated that he was in his regular lunch period and sat at a table with Michael Clinton and Eric Del Angel whom he knows. Another big group of people came to sit down of whom he kind of knows a few of them. A security guard came and checked peoples ID's to see if anyone was cutting classes. Roger believed that a number of people were cutting. The guard took down everyone's names and then left. A student walked towards their table and looked at the table as if he wanted to start something. Someone from their table walked towards that student to talk to him. Suddenly, a large group of people jumped up and stood behind the other student and then his table of people stood up and went behind their guy as if to protect him. Both sides started throwing gang signs at each other and yelling gang slogans. Roger stated that he did walk over and lent support to his table, some of whom he knows are Latin Kings. Roger stated that he did not throw any gang signs or shout any gang slogans. Roger stated he does not belong to any gang. Roger stated that he should have acted differently and what he did was very stupid, especially when he is not that good of friends with any of them.

District Hearing Officer's
Findings of Fact At The Hearing For Expulsion

In Re:  **Roger Coronado**
        *9th - Bolingbrook High School*

SECTION XIII

At the Hearing the student's parent/guardian related the following: The father stated that he is very surprised at his son. His son has never been in trouble before and is a good kid at home. They had plans for him to go to college and they have even hired a tutor for him on Saturdays with a math teacher at the College of DuPage for two hours a session because he has trouble with math. Their family are all involved in the community, in sports, playing and coaching, and they try to monitor his friends. He agrees with the school in their efforts to combat the gangs, but they believe their son got caught up in the moment and did something stupid. They ask that the Board look at his son as an individual, find that he is a good kid and not expel him.

SECTION XIV

That student and student's parents were _____ **Cooperative** _____ during the Hearing.

SECTION XV

That a copy of Resume of Disciplinary Action, with supporting documentation, and introduced by the administration, was received in evidence as Exhibit # ___6___, without objection, copy of which is attached hereto. The student's disciplinary record not related to the incident leading to the expulsion charge(s) was not admissible at the Hearing as having any effect or bearing on proof or disproof of the charges as made. The record was considered, however, after a determination of guilt was made, by the administration, and had an effect on the severity of the punishment they recommended. The record, therefore, will be made available to the Board, if it has reached a conclusion of guilt on the part of the student, it may then be considered in its deliberation as to the severity of the penalty to be imposed.

SECTION XVI

That a Teacher's Report - written by the student's teachers and acknowledged to be their evaluation, introduced by the administration, was received in evidence as Exhibit # ___7___, without objection, copy of which is attached hereto.

SECTION XVII

That a Counselor's Report - written by the student's counselor and acknowledged to be his/her own, introduced by the administration, was received in evidence as Exhibit # ___8___, without objection, copy of which is attached hereto.

SECTION XVIII

Hearing Officer was appointed, and Hearing was conducted, pursuant to express authorization of Illinois Revised Statutes, Chapter 122, Section 10-22.6, which is incorporated herein by reference.

SECTION XIX

That student and his/her parent/guardian were advised of the invitation extended to them by the School Board, to appear before that body at said meeting wherein their child's alleged misconduct will be deliberated upon and conclusions regarding disciplinary action reached thereat.

DATE:        *Friday, February 22, 2008*

TIME:        *6:30 P.M.*

LOCATION:    *District Administration Center*

SECTION XX

**That the recommended disciplinary action, arrived at by the school's administration after reviewing student's entire disciplinary file, is as follows:**

1.    *Expulsion for Two (2) Semesters, the Second Semester of the 2007-08 School Year and the First Semester of the 2008-09 School Year, including no summer school.*

2.    *Student not be permitted upon the campus of the Valley View Schools during the period of expulsion.*

3.    *Student be placed on a Disciplinary Probation Contract, upon reentry.*

4.    *The expulsion be stayed and the Student be allowed to attend Premier Academy for the period of his expulsion.*

SECTION XXI

That according to the Dean's Office, student is not currently, and has not been, nor is student being considered a candidate for Special Education.

# Valley View Public Schools
# Community Unit 365U

### District Hearing Officer's
### Conclusions and Recommendation

<u>In Re:</u>  <u>*Roger Coronado*</u>
*9th - Bolingbrook High School*

*SECTION XXI*

*Student, by his actions, is guilty of:*

1.  *Fighting/Mob Action*
2.  *Subversive Organizations*

*all in violation of the Student Code of Conduct  while enrolled as an 9th grade student at the Bolingbrook High School during the Second Semester, 2007/08 school year.*

*Hearing Officer, having conducted an impartial due process hearing, concur  with the recommendations of the Administrative Council, to wit:*

1.  *That student be expelled for Two (2) Semesters, the Second Semester of the 2007-08 School Year and the First Semester of the 2008-09 School Year, including no summer school.*

2.  *That student be prohibited from entering upon the campus or buildings of the Valley View School District during the period of expulsion.*

3.  *That student , upon reentry, be placed on a Disciplinary Probation Contract.*

4.  *That the expulsion be stayed and the Student be allowed to attend Premier Academy for the period of his expulsion.*

*Sincerely,*

*Steven J. Prodehl*
*District Hearing Officer*

*Note: This matter has been turned over to the Bolingbrook Police Department for further action, if any.*

# VALLEY VIEW PUBLIC SCHOOLS
## COMMUNITY UNIT 365U

## DISTRICT HEARING OFFICER'S REPORT

Student Name: Roger Coronado

Address: 213 Bedford, Bolingbrook, IL. 60440

Phone #: 630-783-8620

Date: 02-19-08          Case File Letter:_____X_____Student's age: 15 yoa

School: Bolingbrook High School          Grade level: 9th

Credits Earned To-Date: 1.5          Rank In Class: 1168/1299

Grade Point Average: 0.6667          Days Missed To-Date: 11

Is Student currently or being considered candidate for Special Education?   NO

Date and time of incident: 02-04-08

Description of incident: The Student was seen by security posturing with a large group in the cafeteria who were flashing gang signs at a group of Gangster Disciples.

Charges Made by School:        (1) Fighting/Mob Action
                               (2) Subversive Organizations

Notice of Hearing Mailed/Delivered: Certified and Regular Mail dated February 11, 2008.

Present at the Hearing:        (1) Steven J. Prodehl, Hearing Officer
                               (2) Mr. Rob Lathrope, Dean
                               (3) Mr. Rogelio Coronado, Father
                               (4) Ms. Blanca Coronado, Mother
                               (5) Roger Coronado, Student

Student Attended Hearing:  Circle One: YES

**Hearing Officer Recommendation:**

(1)  The Hearing Officer concurs with the School's recommendation that the Student be expelled for Two (2) Semesters, the Second Semester of the 2007-08 School Year and the First Semester of the 2008-09 School Year, including no summer school.  The expulsion be stayed and the Student be allowed to attend Premier Academy for the period of his expulsion.

First Time Offender Recommendation:                    Circle One: NO

Summary of Student/Parent Statement:  The Student, Roger, stated that he was in his regular lunch period and sat at a table with Michael Clinton and Eric Del Angel whom he knows.  Another big group of people came to sit down of whom he kind of knows a few of them.  A security guard came and checked peoples ID's to see if anyone was cutting classes.  Roger believed that a number of people were cutting.  The guard took down everyone's names and then left.  A student walked towards their table and looked at the table as if he wanted to start something.  Someone from their table walked towards that student to talk to him.  Suddenly, a large group of people jumped up and stood behind the other student and then his table of people stood up and went behind their guy as if to protect him.  Both sides started throwing gang signs at each other and yelling gang slogans.  Roger stated that he did walk over and lent support to his table, some of whom he knows are Latin Kings.  Roger stated that he did not throw any gang signs or shout any gang slogans.  Roger stated he does not belong to any gang.  Roger stated that he should have acted differently and what he did was very stupid, especially when he is not that good of friends with any of them.

The father stated that he is very surprised at his son.  His son has never been in trouble before and is a good kid at home.  They had plans for him to go to college and they have even hired a tutor for him on Saturdays with a math teacher at the College of DuPage for two hours a session because he has trouble with math.  Their family are all involved in the community, in sports, playing and coaching, and they try to monitor his friends.  He agrees with the school in their efforts to combat the gangs, but they believe their son got caught up in the moment and did something stupid.  They ask that the Board look at his son as an individual, find that he is a good kid and not expel him.

Parents informed of all rights and opportunities of appeal
Resulting from this hearing?                    Circle One:  NO

Parents attended the hearing:                    Circle One:  YES

Note: This matter has been turned over to the Bolingbrook Police Department for further action, if any.




# Bolingbrook High School

JAMES A. MITCHEM, JR.
PRINCIPAL

*365 Raider Way ● Bolingbrook, IL 60440*

630-759-6400
(FAX) 630-759-2650

February 7, 2008

Rogelio Coronado
213 Bedford
Bolingbrook IL 60440

Re: ROGER CORONADO

Dear Mr.Corondo:

On February 6, 2008, you were notified that your son, ROGER CORONADO, was externally suspended from February 7, 2008 through February 21, 2008 for Subversive Organization. You were also notified at that time that your son's name would be submitted to the Administrative Council for an expulsion recommendation.

The Administrative Council met and will present the case to the district hearing officer appointed by the Valley View Board of Education to consider a recommendation for expulsion. You will be notified of the date, time and location.

The reason for the recommendation is for violation of the following handbook offense(s):

   Pg 45 # 41 SUBVERSIVE ORGANIZATIONS/GANGS/HATE GROUPS

Please feel free to contact me if you have any questions concerning this matter.

Sincerely,

Dan Laverty
Assistant Principal Student Services & Building and Operations



DEFENDANT'S EXHIBIT
D



### *Valley View Public Schools*
*Office of the Superintendent*
*Dr. Phillip W. Schoffstall*

755 Luther Drive
Romeoville, IL 60446
Phone: 815.886.2700 X241
E-mail: schoffstallpw@vvsd.org

February 11, 2008

Regular and Certified Mail

Mr. Rogelio Coronado
213 Bedford
Bolingbrook , IL. 60440

Ref:   Pablo Coronado - 9th Grade
       Bolingbrook High School

Dear Mr. Coronado:

The School Board, Valley View Community Unit School District 365U, appointed the undersigned as Hearing Officer, for the School District.

This letter shall serve as Notice that the School Administration has recommended that your child be expelled from the School District and that you and your child are hereby requested to appear at a meeting with the undersigned on:

| | |
|---|---|
| Date: | February 19, 2008 |
| Time: | 11:00 a.m. |
| Location: | Bolingbrook High School, Bolingbrook, IL. |

to discuss your child's behavior and said expulsion. The School Administration has charged your child with the following:

1. Subversive Organizations

You, and your child, will be given the opportunity to review the charges made against your child. You may present evidence at the Hearing, and have counsel present, if you desire. Information germane to the question of expulsion, which you may wish to present is requested and will be taken into consideration.

If you have questions pertaining to said Hearing, or to the contents thereof, please contact me at [630] 759-1400. A written summary of the evidence presented at the Hearing shall be presented to the Board of Education, on Monday, February 25, 2008, at 6:30 p.m., at the District Administration Center, and the Board may take such action thereon as it finds appropriate.

Sincerely,

Steven J. Prodehl
District Hearing Officer
CC: Student's File



DEFENDANT'S EXHIBIT
E

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Rogelio Coronado_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

_R Coronado_    2/12/0

1. Article Addressed to:

Mr. Rogelio Coronado
213 Bedford
Bolingbrook, IL 60440

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type

☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7007 2680 0001 9713 6397

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

BOLINGBROOK IL 60440    AL    US

| | | |
|---|---|---|
| Postage | $ $0.41 | 0440 |
| Certified Fee | $2.65 | 06 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.21 | 02/11/2008 |

Sent To  Mr. Rogelio Coronado

Street, Apt. No.; or PO Box No.  213 Bedford

City, State, ZIP+4  Bolingbrook, IL 60440

PS Form 3800, August 2006    See Reverse for Instructions

7007 2680 0001 9713 6397

  


**Valley View Public Schools**
Office of the Superintendent
*Dr. Phillip W. Schoffstall*

755 Luther Drive
Romeoville, IL 60446
Phone: 815.886.2700 X241
E-mail: schoffstallpw@vvsd.org

February 25, 2008

Certified Mail

Mr. Rogelio Coronado
213 Bedford
Bolingbrook, IL. 60440

Re:    Roger Coronado - 9th Grade
       Bolingbrook High School

Dear Mr. Coronado:

At its regular meeting on Friday, February 22, 2008, the Board of Education reviewed, in executive session, the hearing report on your child's expulsion case as submitted by Mr. Steven Prodehl, Hearing Officer. Following this examination and review process, the Board took official action.

As President of the Board of Education, I hereby notify you that the Board approved the Hearing Officer's recommendation:

1. The Student is expelled for Two (2) Semesters, the Second Semester of the 2007-08 School Year and the First Semester of the 2008-09 School Year, including no summer school.

2. The Student is prohibited from entering upon the campus or buildings of the Valley View School District during the expulsion.

3. The Student, upon re-entry, shall be placed on a Disciplinary Probation Contract for a period not to exceed one semester.

4. The Student's expulsion is stayed on the condition that the Student attends Premier Academy for the period of this expulsion and complies with the program's requirements. **The School District will not provide bus transportation for the Student to or from Premier Academy.**

If you have any questions about the Board's actions in regards to your child's case, please feel free to contact the school principal or Michael Perrott, Assistant Superintendent, Educational Services, 6-12 (815/886/7246 x253).

Sincerely,

*Mark S. Cothon*

Mark S. Cothon
President, Board of Education
cc:    Superintendent, Asst. Superintendent, Principal, Dean, Hearing Officer, Enrollment



DEFENDANT'S
EXHIBIT
F