**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Coronado, Roger Jr.** | ) |
|     **Plaintiff,** | )**Civil Action: 08cv1254** |
| **v.** | )**Judge: St. Eve** |
| | )**Magistrate Judge: Schenkier** |
| **Valleyview Public School District, 365-U** | )**Evidentiary Hearing Judge:** |
| **Alan Hampton,** Bolingbrook Policeman,Off.-Ind. Cap. )     **John Darrah** | |
| **Don Laverty Off.-Indiv. Capacities** | ) |
| **T. Gavin Off.-Indiv. Capacities** | ) |
| **Steven Prodehl** | ) |
|     **Defendants.** | ) |

ADDENDUM TO PLAINTIFF'S CLOSING ARGUMENT
ORAL ARGUMENTS (EVIDENTIARY HEARING AS TO DUE PROCESS BY
DEFENDANTS IN IMPOSING EXPULSION), MARCH 12, 2007 BEFORE THE
HONORABLE JUDGE DARRAH

    Defendants' Exhibit 6 describes documents allegedly presented at the hearing: "Resume of Disciplinary Action" ; "a teachers report" and a "counselor's report." See Sections XV, XVI, XVII. I asked Mr. Prodehl what documents he presented to Mr. and Mrs. Coronado. The aforementioned were not mentioned by Mr. Prodehl.

    Plaintiff or his parents could not have objected or "Not" objected to the admission into the evidence of the aforementioned sections because the hearing officer, Defendant Steven Prodehl never showed or told Roger or his parents about Sections XV, XV1, XVII. The boy and his parents testified that the only document they were given was a document they thought to be a sign-in sheet; however, was actually, the coerced confession.

    Mr. Prodehl never showed these documents to Roger and his parents. The manner in which documents representing Sections XV, XV1, XVII were handled represents violations of Roger's Due Process rights guaranteed to him by the United States Constitution.

    I as the lawyer, have never seen these documents. Mr. Riordan, counsel for the Village and Mr. Prodehl, has not showed them to me. Certainly, the testimony of Steven Prodehl on March 12 indicates that the only documents used by him to decide that Roger should be expelled for one year represent Plaintiff's Exhibit 3, pages 1 and 2. Page one is the Complaint by Defendant Gavin that Roger was forced, by Bolingbrook Policeman Hampton, to sign while Roger was in police custody under Defendant Hampton's volatile watch; and Page 2 is the confession that Roger was coerced to write by Hampton, in police custody and that Roger's

parents were not present when their son Roger was forced to write a confession that should have been deemed by the hearing officer and school board to be inadmissible not just because the written confession was coerced, but as well because it was obtained from a 15 year-old boy (who turned 15 this past fall); a child who has a learning disability; and that the confession was obtained without his parents present; and that the boy was never read Miranda rights by the officer. Yet with the blessings of the Valley View School District and the Bolingbrook Police Department, the boy was charged with violations of Illinois compiled statutes: Mob Action (720 ILCS 5/25-1(a)(2); and [2] Disorderly Conduct (720 ILCS 5/26-1).

What if the report from the teacher and counselor were positive? We will never know because there isn't a Transcript or equivalent to let us know what went on in the hearing. Roger was not given Due Process. Mr. and Mrs. Coronado never had an opportunity to accept or address the reports (XV, XVI, XVII), first because he nor his parents were presented with the documents and if the parents had been (and they were not) they could NOT accept or deny the documents contents because they don't speak fluent English [and they certainly don't read English sufficiently to understand documents of this nature].

Note the journal article entitled: "BUT I DIDN'T DO IT: PROTECTING THE RIGHTS OF JUVENILES DURING INTERROGATION, Krzewinski in http://www.bc.edu/schools/law/lawreviews/meta-elements/journals/bctwj/22_2/03_FMS.htm, pages 255-388. "The juvenile court system is based on the premise that a juvenile is different physically, mentally, and intellectually from an adult.[1] In the 1966 case In re Gault, the bedrock upon which modern juvenile law is based, the United States Supreme Court commented"(Id. At 355-356):

> [i]f counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it [*PG356]was not the product of ignorance of rights or of adolescent fantasy, fright or despair.[2]

Cf. Mother v. Cassidy, No. 99 C 3259 , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2004 U.S. Dist. LEXIS

2

14037, July 20, 2004, Decided , July 21, 2004, in which two bys were coerced to make confessions concerning a crime.

The argument presented by Mr. Riordan that implied if Roger wanted his accusers to be present, he should have invited them to the hearing is preposterous. Roger was cited for two crimes:  (720 ILCS 5/25-1(a)(2); and [2] Disorderly Conduct (720 ILCS 5/26-1). Why, I ask is it okay for the security officer and policeman not to show to the hearing? Why is it okay for a boy who just turned 15 to be terrorized by an out-of-control 6'6, 250 pound Bolingbrook man in a Police uniform.  Even worse, fifteen year-old Roger lacked comfort and safety in the courtroom on March 12, 2008, in the federal courthouse because Officer Hampton chose to steer Roger down, to sneer at Roger because Roger chooses to exercise his Constitutional rights. Roger told me that because of what Officer Hampton did in the courtroom on March 12, he fears the Bolingbrook, Illinois, Police even more.  I don't blame him.

RESPECTFULLY SUBMITTED,
s\Christopher C. Cooper, ESQ, JD, PHD,   13 March 2008
Counsel for Plaintiff
3700 West 103rd St. Chicago, IL 60655 or PO Box 1225, Hammond, IN 46325
Tel: 312 371 6752,  219 228 4396 or 773 298 3555
FAX: 866 334 7458  E-mail: cooperlaw3234@gmail.com

CERTIFICATE OF SERVICE

Undersigned attorney swears that he filed the foregoing through ECF on March 13,  2008 and that all Defendants are registered E-filers.  s\Christopher Cooper,

3