CGP/429666                                                                                          6121-215

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER CORONADO, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 1254 |
| ) | |
| VALLEY VIEW PUBLIC SCHOOL DIST., ) | |
| 365-U, ) | Judge St. Eve |
| UNIDENTIFIED BOLINGBROOK ) | |
| POLICEMAN, (Official and individual ) | |
| Capacity), ) | |
| DON LAVERTY (Official and Individual ) | |
| Capacity), ) | |
| T. GAVIN (Official and Individual Capacity), ) | |
| STEVEN PRODEHL (Official and Individual ) | |
| Capacity), ) | |
| Defendants. | |

**MOTION OF "UNIDENTIFIED BOLINGBROOK POLICEMAN"
IN HIS "INDIVIDUAL AND OFFICIAL CAPACITY"
FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

**NOW COMES,** Defendants Unidentified Bolingbrook Policeman in his individual and official capacity, and pursuant to Fed. R. Civ. P. 12(b)(6) moves for dismissal of Counts I-V of Plaintiff's Complaint and in support thereof alleges as follows:

1.  On March 15, 2008, Roger Coronado, Jr, a 15-year-old minor, filed a six-count complaint against his school district, various school officials, and an "unidentified Village of Bolingbrook Policeman."[1]

2.  Plaintiff states that on February 4, 2008, he was in the cafeteria at Bolingbrook High School (Complaint ¶ 4, pg. 3). He claims that when "gang members stood up from their chairs, so did he" (Complaint ¶6, pg. 3). He claims three days latter he was summoned to a location in Bolingbrook High School and was "falsely imprisoned " by an "out of control

---

[1] On March 31, 2008, Plaintiff filed a motion to amend the complaint to name Bolingbrook Officer Alan Hampton as the "unidentified policeman." The motion did not contain a copy of the proposed complaint.

1

Bolingbrook police officer and he allegedly coerced the Plaintiff to make a 'confession'" (Complaint ¶ 8, pg. 4).

3.  Plaintiff later attended a school expulsion hearing with his parents and was ultimately suspended from school for two semesters (Complaint ¶¶11-13, pg. 4). Plaintiff claims he was not give adequate due process in that he had no opportunity to "prepare, gather witnesses, or cross examine witnesses." Even though he was expelled from Bolingbrook High School, Plaintiff admits that he was still allowed to attend a state alternative school in Joliet, Illinois, but he claims he does not want to go to that school (Complaint ¶ 15, pg. 4).

4.  As more fully explained in the accompanying Memorandum in Support of this Motion, Counts I-V must be dismissed. The Complaint, does not contain a proper "next friend" as Plaintiff and should be dismissed on those grounds. As to the Unidentified Police Officer and the Village of Bolingbrook, Counts I-V must still be dismissed regardless of the proper plaintiff issue.

5.  It is clear that the Complaint raises no recognizable First Amendment claim, or at least the officer would have had qualified immunity even if some how he violated that "right." Count II is a false imprisonment claim under § 1983, but that fails as a matter of law because the student was in school at the time, and there is no absolute "freedom of movement" about the school. Count III and IV concerning his expulsion fail because the officer had nothing to do with that process, and even if somehow he *could* have had some as yet undescribed involvement, there are no recognized constitutional rights that were violated. Count V is Title VI claim that cannot be made against an individual, so that fails against the officer and preempts Section 1983 in that regard anyway. Finally the Complaint vaguely claims "official capacity" claims (presumably as to all federal counts), but since the Complaint comes nowhere close to such type of *Monell* violation, those claims too must be dismissed. Counts I-V should be dismissed as to the Unidentified Officers in both his official and individual capacity.

WHEREFORE, Defendant unidentified Bolingbrook Policeman respectfully requests that Count I-V be dismissed against him in his official and individual capacity.

Respectfully submitted

By:  s/Craig G. Penrose

                                        One of Their Attorneys

Craig G. Penrose  
Tressler, Soderstrom, Maloney & Priess LLP  
233 South Wacker Drive  
Sears Tower, 22nd Floor  
Chicago, IL  60606  
(312) 627-4000, Attorney for Unidentified Bolingbrook Policeman

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 2, 2008, a copy of the foregoing document was served upon the counsel of record listed by:

- Electronically filing via court ECF system:

| **Counsel for Plaintiff**<br><br>Christopher Cooper<br>P.O. Box 1225<br>Hammond, In 46325<br>(317) 536-3197<br>(708) 425-8197 (facsimile<br>cooper@sxu.edu | **Counsel for Valleyview School District, Don Laverty, T. Gavin, and Steven Prodehl**<br><br>Brian Riordan<br>Clausen Miller<br>10 South LaSalle Street<br>Chicago, Il 60603-1098<br>(312) 855-1010<br>(312) 606-7777<br>briordan@clausen.com |
|---|---|

s/Craig G. Penrose<br>
Craig G. Penrose

Craig Penrose
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000