IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Coronado, Roger Jr.         )
     Plaintiff,        )Civil Action: 08cv1254
v.                   )Judge St. Eve
                   ) Magistrate Judge Schenkier
Valleyview Public School District, 365-U  )
Alan Hampton, Bollingbrook Police, Ind. & Off Cap.)
Don Laverty Off.-Indiv. Capacities   )
T. Gavin Off.-Indiv. Capacities    )
Steven Prodehl          )
     Defendants.       )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES

### NATURE OF THE COMPLAINT

(1)       This is an action for a TRO (injunctive[1] and declaratory relief) and for monetary damages in that the 15 year-old plaintiff was expelled from Bollingbrook High School, without Due Process, for one year, for allegedly violating a school policy prohibiting "Posturing"[2] and that School authorities (defendants) turned the child over to Bollingbrook [Illinois] Policeman Alan Hampton and that plaintiff was assaulted and cited by Bollingbrook Police Officer Alan Hampton for Mob Action and Disorderly Conduct under Illinois Compiled Statues.  Plaintiff seeks from the Court that it order Defendant Valleyview School District to rescind its unconstitutional expulsion of plaintiff from Bollingbrook [public] High School.  Plaintiff sets forth that there are monetary damages for violations by defendants and that such violations, under color of law to deprive plaintiff of his Constitutional rights, caused the expulsion of plaintiff from Bollingbrook High School. Specifically, defendants having intentionally violated the Americans with Disabilities Act, 42 U.S.C. 12111 et seq ["ADA"]; having intentionally violated Plaintiff's [U.S.]

---

[1] A Motion for Injunctive and Declaratory Relief followed the filing of the original complaint.
[2] And that Posturing seems to be defined as Mob Action and membership in subversive groups.

First Amendment, Fourth Amendment, Fifth Amendment and Fourteenth Amendment rights; violation of 42 USC sections 1983 & 1985; violation of Title VI of the Civil rights Act of 1964; violation of the State of Illinois Constitution, Article X; violation of 105 ILCS 5/10-22.6(a) & (b); and that Defendant Policeman assaulted Plaintiff. (Plaintiff sues all individuals in their official and individual capacities and specifies in prayer under each count which capacity applies).

PARTIES

(2)    Plaintiff Roger Coronado Jr. recently became 15 years old. He is a United States citizen, a natural person residing in Bollingbrook, Illinois [the 7th Circuit] and was a student at Bollingbrook High School during all relevant times of this action.

(3)    Defendant Valleyview Public School District, 365U is a public entity with more than 15 employees, headquartered at 755 Luther Drive, Romeoville, Illinois, 60446. Bollingbrook High School is managed by the Valleyview Public School District.

(4)    Defendant Don Laverty is employed by Valleyview Public School District as an assistant principal. He was the assistant principal at Bollingbrook High School at all relevant times of this action.

(5)    Defendant T. Gavin is a security guard and is employed by Valleyview Public School District. He was a security guard at Bollingbrook High School at all relevant times of this action.

(6)    Defendant Steven Prodehl is\was the Valleyview District hearing officer and it is believed that he is employed by Valleyview Public School District. It is believed that he was employed by the school district as a hearing officer at all relevant times of this action.

(7)    Defendant Alan Hampton is a policeman employed by the Bollingbrook, Illinois Police Department.

JURISDICTION & VENUE

(1)      Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and Title Vl of the 1964 Civil Rights Act.

(2)      Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

(3)       Pendant and Ancillary Jurisdiction is vested in this Court pursuant to Art. 6, Sec. 9, of the Illinois Constitution and 28 USC 1367.

FACTS

(1)      Plaintiff, a non-white, Mexican-American person, was a student at Bollingbrook High School until February 7, 2008.

(2)      While a student there, the 15 year-old plaintiff maintained a satisfactory[3] GPA and did not have a record of material discipline. Furthermore, plaintiff, a mere child, does not have a criminal or arrest record.

(3)      Plaintiff's tutor, Dr. Cappetta, has expressed that the Valley View School District has not recognized or acted on plaintiffs' learning disability, protected by the ADA.

(4)      Plaintiff has been treated with medication from a licensed physician for a condition related to his concentration on scholastic endeavors and that Valleyview School District was notified approximately 3 years ago.

(5)      Valleyview School District has been negligent in not affording plaintiff ADA protection.

(6)      Reports by teachers indicate that plaintiff is an excellent, stellar, well-behaved teenager without even a mere blemish of material discipline on his academic record.

---

[3] Satisfactorily sufficient to remain a student at Bollingbrook High School.

(7)     On Monday, February 4, plaintiff was in the school cafeteria having lunch during his scheduled lunch hour.

(8)     There were individuals in the cafeteria (also persons of color), not friends or acquaintances of the plaintiff, who have admitted their affiliation with a street gang; and that they were not authorized to be in the cafeteria since it was not their scheduled lunch hour.

(9)     When some of the gang members stood up from their chairs, plaintiff stood up at that same moment.

(10)    Three days later, on February 7, 2008, on Defendant Gavin's complaint, plaintiff was taken from his first period class and handed over to police--a violent, and out-of-control Alan Hampton.

(11)    In the Bollingbrook Police sub-station, within the High School, Officer Hampton, an adult--a man who has described himself as 250 pounds and 6'4 inches in height-- assaulted plaintiff and falsely imprisoned the boy (plaintiff could not get away); the officer shouted hysterically, assaulting plaintiff (a boy) with violent gestures and that the officer used violence against Michael Clinton interpreted as violent gestures toward plaintiff; and by the threat of violence, he coerced the boy-plaintiff to sign what amounted to a confession and to handwrite a confession.  And that all of the lawless and violent acts by the Bollingbrook Policeman were aided and abetted by defendants and the Valleyview District School Board.

(12)    Defendant Bollingbrook Police officer issued plaintiff a citation for the crime of "Mob Action" and Disorderly Conduct as per Illinois Compiled Statutes.

(13)    Plaintiff was suspended from school and this communicated to him from Officer Hampton. Plaintiff had to leave the building under threat of second police action (arrest) if he returned.

(14)    Plaintiff, accompanied by his parents, attended a School District hearing convened by Mr. Prodehl and Mr. Lathrop (as per authorization of Defendant Valleyview School Board).

(15)     The parents of plaintiff, who speak conversational English, requested a Spanish-speaking interpreter and were denied by Mr. Prodehl.

(16)     Hence, plaintiff did not have an opportunity to prepare or gather witnesses for his hearing.

(17)     Defendants Gavin and Hampton failed to show for the hearing, hence plaintiff could not confront or cross-examine his accusers.

(18)     A record (e.g., minutes) of the hearing was not kept.

(19)     Plaintiff was expelled from Bollingbrook High School for one year for Posturing. It appears that Posturing  includes allegations of gang membership; participating in a mob action and allegedly using gang symbols.

(20)     Plaintiff is permitted to attend an "Alternative" school in Joliet, Illinois; however, the school has a reputation for violence connected to its taking-in admitted gang members from mainstream schools.

(21)     If plaintiff is guilty of the allegations by Defendants Gavin and Hampton, then he is a gang member, then qualified for attendance at the school.

(22)     Second issue: The school is in Joliet, a geographical area not easily accessible by plaintiff (who is too young to drive) from Bollingbrook.

(23)     Plaintiff is being home-schooled.

(24)     Plaintiff is not and has never been associated with a gang.

(25)     Plaintiff has reasonable belief that he and other non-white students were expelled due to a policy (school discipline based on race, ethnicity and nationality) of racial-ethnic discrimination against Mexican students by defendants and other Valleyview Public School District administrators.

(26)     Defendant Gavin states that he has a "Frequent Flyer List." The list is suspected of being a compilation of names and private information of non-white students.

(27)     Plaintiff reasonably and rightly argues that his expulsion for exercising his 1st Amendment right to "stand" represents racism toward

Mexicans in the form of Disparate Treatment by Valley View School Districts and all other defendants.

(28)    Based upon reasonable information and belief, a white student has never been expelled (by Defendant school district) for having stood up.

(29)    Plaintiff reasonably believes that defendants willfully and maliciously assumed Plaintiff was in a gang, since members of gangs attend the High School and that some members of gangs are of noticeable Latino descent.

(30)    Plaintiff asks the Court to either order Defendant School District to rescind the expulsion and allow Plaintiff to attend classes immediately or that the Court hold an evidentiary hearing (regarding the expulsion) as quickly as possible (in order that Plaintiff does not miss more time from school).

## COUNT 1:  DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH VIOLATED UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1985, 1988

(1)    On February 4, 2008, Plaintiff (a boy who recently became 15), a Mexican American with an olive skin complexion, moved from a "sitting" to "standing" position while in the Bollingbrook High School Cafeteria.

(2)    In response to this bodily movement, defendants, Under Color of law, with intent to deprive plaintiff of his rights under Title VI; the Civil Rights Act of 1964 apart from Title I; and the 1st, 4th, 5th and 14th Amendment rights of the United States Constitution, did wrongly accuse the boy (plaintiff) of "Posturing" to include a Mob Action (school policy); membership in a subversive hate group( school policy); and Disorderly conduct and Mob Action under Illinois compiled statutes.

(3)    On February 7, 2008 Plaintiff was taken by school security from his first period class to a Bollingbrook, Illinois Police Station located on the High School's premises.

6

(4)    There, without his parents present or Miranda rights administered, the child was subjected to the following actions by Bollingbrook Police Officer Alan Hampton: falsely imprisoned; assaulted by threats of violence and a demonstration of violence on another student in his view; shouted at; coerced to sign an admission of wrongdoing, and suspended.

(5)    Plaintiff verbally expressed that he did nothing unlawful, hence should not be forced to write a confession.

(6)    Out of fear of physical attack by Officer Hampton, plaintiff signed a document and wrote a confession in spite of his 1st Amendment right to free speech.

(7)    Plaintiff suffered damages to include, primarily, <u>expulsion form school,</u> mental stress; damage to his reputation; and monetary losses for Plaintiff (a minor) and his family.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 2:  DEPRIVATION OF PLAINTIFF'S FOURTH AMEMNDMENT
RIGHT TO FREE FROM UNREASONABLE SEARCH AND SEIZURE,
UN DER COLOR OF LAW, 42 USC Sec.'s 1983 & 1985, 1988

(8)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(9)    On February 7, 2008, for having stood up, plaintiff was summoned to a Bollingbrook Police sub-station located within Bollingbrook High School, at which time, under color of law, with intent to deprive plaintiff of his Constitutional rights, Defendant Officer Hampton, without consent and with intent to cause a physical and mental effect on plaintiff, did falsely imprison Plaintiff.  Plaintiff knew that he was imprisoned and that he was unable to leave.

(10)    Defendant Bollingbrook Police officer did not have a warrant; did not have probable cause; and did not have an exigent circumstance as a basis for imprisoning the child (plaintiff).

(11)    Plaintiff suffered damages to include, primarily, <u>expulsion form school;</u> mental stress; damage to his reputation; and monetary losses for  Plaintiff (a minor) and his family.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 3:  DEPRIVATION OF PLAINTIFF'SFOURTEENTH AND FIFTH AMENDMENT  RIGHTS (Due Process and Equal Protection); UNDER COLOR OF LAW, 42 USC Sec.'s 1983, 1985, 1988

(12)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(13)    The Valleyview School District voted to expel plaintiff.  Mr. Prodehl and Mr. Lathrop convened the expulsion hearing.

(14)    Plaintiff was expelled without Due Process of Law: A hearing without Due Process safeguards did occur and that plaintiff was expelled from Bollingbrook High School for one year. (Defendants Gavin and Hampton failed to show for the hearing, hence plaintiff could not confront or cross-examine his accusers. A record [e.g., minutes] of the hearing was not kept; and plaintiffs parents were denied a Spanish speaking interpreter).

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 4:    DEPRIVATION OF PLAINTIFF'S DUE PROCESS RIGHTS AFFORDED BY  105 ILCS 5/10-22.6(a) & (b) & Article X, IL Constitution

(15)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(16)    Plaintiff was expelled from school on February 7, 2008 and that all Defendants engaged actions to prevent Plaintiff from Due Process entitled to him by way the Due Process and the Equal Protection clause of the 14th Amendment; and deprivation of Due Process guarantees required under Illinois law (105 ILCS 5/10-22.6(a) & (b)).

(17)    Plaintiff was singled out by all Defendants because he is Mexican and that his skin tone is not white. Conduct represents, in part, Disparate

9

Treatment based on race-ethnicity and nationality (discipline degree based on the foregoing).

(18)    Plaintiff was not provided ample due process to defend himself against expulsion.

(19)    Plaintiff suffered damages to include, primarily, <u>expulsion form school,</u> mental stress; damage to his reputation; and monetary losses for  Plaintiff (a minor) and his family.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

<u>COUNT 5: (APPLIES TO VALLEY VIEW SCHOOL DISTRICT):  Ethnic and Racial Discrimination against Plaintiff in contradiction to mandate of Title VI of the Civil rights Act of 1964 under color of law, 42 USC, 1983, 1985 1988;</u>

<u>COUNT 6:  (APPLIES TO VALLEY VIEW SCHOOL DISTRICT):  Ethnic and Racial Discrimination against Plaintiff and Article X of State of Illinois Constitution</u>

(20)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(21)    Defendant, Valleyview Public School District does receive federal funding.

(22)    Plaintiff's section 1983 and section 1985 claims are separate and distinct from his Title VI claim.

(23)    Plaintiff does not use USC 1983 and 1985 to assert rights based solely on violations of Title VI, rather violations of sections 1983 and 1985.

(24)    With the consent of the Valleyview School District,  plaintiff was signaled out because of his race and ethnicity; falsely imprisoned; assaulted by a policeman; cited for violations of Illinois law and deprived of Due Process at all stages of the foregoing violations.

(25)    In relation to Title Vl, Plaintiff has been subjected [by Defendant School District in particular, under color of law] to Racial-Ethnic harassment based on his skin complexion and Mexican heritage. The harassment is sufficiently severe and pervasive to limit Plaintiff's opportunity to benefit from the Bollingbrook High school program and activities provided by Valleyview Public Schools (District 365-U) and that such program (and activities) is to be delivered to Plaintiff pursuant to Title X of the Illinois Constitution. And that in violation of Title X, Plaintiff is not receiving an education at Bollingbrook High School.

(26)    Plaintiff was expelled because of his non-white skin complexion and that he is Mexican-American [in addition to exercising his US Constitutional right to move from a sitting to a standing position; and such bodily movement absolutely, does not mean that he is gang member because other students of color (who resemble Plaintiff) also happen to be on their feet; Plaintiff, a person of color is entitled NOT to be assumed by Valleyview District school administrators to a be gang member when Plaintiff is nearby to other people of color who are gang members].

(27)    Plaintiff and other Mexican students were singled out because of Mexican race and ethnicity.

(28)    Plaintiffs clearly tan skin pigmentation makes known to the Defendants that Plaintiff is a person of color.

(29)    Defendant has knowledge of its violations of Title Vl against Plaintiff and has not taken preventive actions.

(30)    Plaintiff was seized, assaulted, falsely imprisoned, cited, suspended and expelled from school for two semesters because he stood up; and that based upon reasonable belief and information, a white student has not suffered the aforementioned consequences for shifting from a "sitting" to a "stand-up" position.

(31)    Plaintiff suffered damages to include expulsion and damage to his reputation.

WHEREFORE (as to COUNT 5), Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

WHEREFORE (as to COUNT 6), Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 7:  Ethnic and Racial Discrimination against Plaintiff, violation of Civil rights Act of 1964 and under color of law, 42 USC, 1983, 1985 1988;

(32)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(33)    Defendant Gavin testified that he believes plaintiff is Mexican.

(34)    Plaintiff was singled out by all Defendants because he is Mexican and that his skin tone is not white. Conduct represents, in part, Disparate Treatment based on race-ethnicity.

(35)    Plaintiff was expelled and falsely accused of posturing, mob action and being a member of a gang in violation of school policies because he is Mexican and appears as a non-white person.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 8: ASSAULT (Illinois law)

(36)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(37)    Under Color of law, with intent to deprive plaintiff of his rights Illinois Common Law and its compiled statutes, Defendant Policeman Alan Hampton did engage behavior that caused child plaintiff to reasonably believe that he was in imminent danger of being struck by Defendant Hampton.

(38)    Plaintiff was in apprehension of a battery by Defendant Hampton .

(39)    Defendant did shout hysterically, acted violently, to include using a door to strike student Michael Clinton, but that the door struck a chair and that Plaintiff having watched this violent act was in further apprehension of being physically struck, imminently [by Defendant policeman], hence

13

immediately signed a document and wrote a confession as ordered by the out-of-control policeman.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 9: ASSAULT; 42 USC 1983, 1985, 1988 (APPLIES TO DEFENDANT HAMPTON)

(40)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(41)    [See Count 8 for elements]. Under Color of law, with intent to deprive plaintiff of his rights under the United States Constitution, Defendant policeman, did engage behavior that caused child plaintiff to reasonably believe that he was in imminent danger of being struck by Defendant Hampton.

(42)    Plaintiff was in apprehension of a battery by Defendant Hampton .

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and

severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 10: DEPRIVATION OF RIGHT TO COUNSEL UNDER COLOR OF LAW, 42 USC SECTIONS 1983, 1985

(43)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(44)    Under Color of law, in a police station within Bollingbrook High School, with intent to deprive plaintiff of his right to counsel under the United States Constitution, for reasons that include, because plaintiff is Mexican American, Defendant Policeman Alan Hampton, did not allow plaintiff a lawyer.

(45)    Defendant Bollingbrook Policeman was, at the moment of denying counsel to plaintiff, unlawfully confining the plaintiff; threatening the Plaintiff with violence and gestures of violence in the furtherance of ordering plaintiff to make admissions of guilt (forcing plaintiff to sign and write a confession).

(46)    Plaintiff complied with the former and latter demands.

(47)    Damages resulted:  The confession and other signed form (that is tantamount to a confession) were used (along with allegations by T. Gavin) by Valleyview School District, its Board President, Mark Cothron; Mr. Dettman; Don Laverty; Steven Prodehl; and Mr. Lathrop, in causing expulsion proceedings and that plaintiff was expelled from school for one year under authority of all named above and all defendants except Alan Hampton.

(48)    As an agent of Valley View School District, Alan Hampton did initiate (hand-down) suspension (as opposed to expel) of plaintiff on April 7, 2008 (although Officer Hampton should not have authority to suspend a student).

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 11: DEPRIVATION OF FIFTH AND FOURTEENTH AMENDMENT PROPERTY RIGHT TO A PUBLIC EDUCATION UNDER COLOR OF LAW, 42 USC SECTIONS 1983, 1985

(49)    A right to a public education is a property right under the United States Constitution.

(50)    Plaintiff is entitled to an equal education.

(51)    Plaintiff has been deprived of his property right since the Alternative school does not offer an education equal to that of Bollingbrook High School.

(52)    Valleyview  School District's referral of plaintiff to the Alternative school is a continuing violation of  Section 504 of the Rehabiltation Act of 1973 that exacerbates Count 11 claims.

(53)    Placement in the Alternative school is a violation of the Americans with Disabilities Act, 42 U.S.C. 12111 et seq ["ADA"];

(54)    Plaintiff was deprived his property right when he was unlawfully expelled for one year from Bollingbrook High School.

(55)    Plaintiff was deprived of his property right because of his race\ethnicity.

(56)    Plaintiff's race became an issue when Defendant Gavin [implied in his testimony (before Judge Darrah)  that he] assumed that plaintiff is of Mexican descent.

(57)    Plaintiff is\was deprived of his Constitutionally protected property right since the "Alternative" school to which he has been assigned is not a mainstream school, rather, is a place where students serve punishments after having been afforded Due Process and lost their cases.

(58)    Plaintiff was never afforded Due Process, hence plaintiff should not have been sentenced the Alternative school.

(59)    Alternative school is not accessible to plaintiff because of transportation limitations.

(60)    Plaintiff was deprived of his property right since he is not qualified for attendance at the Alternative school, since it is for gang members and other students with behavioral problems.

(61)    Plaintiff is not a gang member.

(62)    Plaintiff's attendance at the Alternative school is punishment, which includes that he is deprived of opportunities and extra-curricular activities not offered at the Alternative school, but offered at Bollingbrook High School.

(63)    As a result of defendants' actions, plaintiff, who just turned 15 years old is unable to attend school or to attend a mainstream school (this phenomenon represents damage).

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 12: (AS TO DEFENDANT HAMPTON) DEPRIVATION OF FIFTH
AND FOURTEENTH AMENDMENT RIGHT TO REMAIN SILENT & NOT
TO INCRIMINATE ONES-SELF, UNDER COLOR OF LAW, 42 USC SEC.
1983, 1985, 1988

(64)    Plaintiff repeats, re-alleges and incorporates by reference, the
allegations in aforementioned paragraphs with the same force and effect as if
herein set forth.

(65)    Under Color of law, with intent to deprive plaintiff of his
Constitutional right to remain silent and not to incriminate himself,
Defendant Policeman Alan Hampton did not administer Miranda rights to
the plaintiff; however, did imprison, assault and threaten the Plaintiff with
shouting, violence and gestures of violence in the furtherance of ordering
plaintiff to sign a document, tantamount to a confession (on the document, he
placed one of his hands to prevent the plaintiff from reading it) and that
defendant officer demanded and ordered plaintiff to write a confession and
that Plaintiff complied with the former and latter demands out of fear of
violence (and that the officer had moments earlier used violence on Michael
Clinton).

(66)    Damages resulted:  The confession and other signed form (that is
tantamount to a confession) were used (along with allegations by T. Gavin) by
Valleyview School District, its Board President, Mark Cothron; Mr. Dettman;
Don Laverty; Steven Prodehl; and Mr. Lathrop, in causing expulsion
proceedings and that plaintiff was expelled from school for one year under
authority of all those named above and all defendants except Alan Hampton.

(67)    As an agent of Valley View District, Alan Hampton did initiate
suspension (as opposed to expel) of plaintiff on April 7, 2008 (although Officer
Hampton should not have authority to suspend a student).

(68)

        WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in
their official capacities, must rescind the expulsion and allow plaintiff to
attend Bollingbrook High School; and that there is sought, judgment against

all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 13:  DEFAMATION (Illinois Law)

(69)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(70)    There were defamatory statements by defendants and that such statements include that Roger Coronado is in a [criminal] gang.

(71)    The statements were published to third parties; and that the defendants knew or should have known the statements were false.

(72)    Each of the above elements have generated controversy.

(73)    The statements have exposed Roger Coronado to public hatred, contempt, ridicule, or degradation not just in the Chicago area, but also throughout the US as indicated by National News coverage and Internet blogs, etc.

(74)    The statements of the defendants have injured the plaintiff's reputation.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 14:  DEFAMATION DONE UNDER COLOR OF LAW, 42 USC 1983,
1985, 1988

(75)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(76)    Under Color of law, with intent to deprive plaintiff of his rights under Title VI; the Civil Rights Act of 1964 apart from Title I; and the 1st, 4th, 5th and 14th Amendment rights of the United States Constitution, there were defamatory statements by defendants and that such statements include that Roger Coronado is in a [criminal] gang.

(77)    The statements were published to third parties; and that the defendants knew or should have known the statements were false.

(78)    Each of the above elements have generated controversy.

(79)    The statements have exposed Roger Coronado to public hatred, contempt, ridicule, or degradation not just in the Chicago area, but throughout the US as indicated by Internet blogs, etc.

(80)    The statements of the defendants have injured the plaintiff's reputation.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 15:  VIOLATION OF SECTION 504 OF THE REHABILITATION
ACT OF 1973[4] UNDER COLOR OF LAW, 42 USC 1983, 1985

(81)     Plaintiff repeats, re-alleges and incorporates by reference, the
allegations in aforementioned paragraphs with the same force and effect as if
herein set forth.

(82)     Section 504 prohibits discrimination against individuals with
disabilities.

(83)     Section 504's purpose is to insure and ensure that a child with a
disability has equal access to an education.

(84)     Plaintiff has a learning disability and that it is a mental impairment
that substantially limits his learning abilities and that he has a record of
such an impairment and is regarded by teachers as having such an
impairment and that plaintiff has received medical treatment for the
learning impairment.

(85)     Valleyview is well aware of the impairment and the medical
treatment.

(86)     And that Valleyview School District has discriminated against plaintiff
by not accommodating his disability to include using his disability and his
parent's limited knowledge of the English language to deprive him of an
expulsion hearing with Due Process safeguards; to deprive him of a public
education; and to deprive him of other Constitutional rights (listed in this
Amended Complaint) in the furtherance of expelling him for one year.

(87)     IDEA requires the development of an Individualized Education
Program (IEP) document with specific content and a required number of
specific participants at an IEP meeting and that the Valleyview School
District has not adhered to IDEA as to plaintiff.

(88)     Plaintiff has reasonable belief that white students in the Valleyview
School District with a disability are properly accommodated.

---

[4] A claim under the Americans with Disabilities Act, 42 U.S.C. 12111 et seq ["ADA"].

(89)    Plaintiff believes that he has been treated differently (expelled and not afforded IDEA) because he is non-white and of Mexican descent.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $30,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $60,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Plaintiff Roger Coronado Jr., by his signature below, swears that he has read the foregoing Complaint; has understood it to the best of his ability. He states that she is not a lawyer—and that he agrees as best a 15 year-old boy can understand this Amended Complaint, that the Complaint as written is truthful, accurate and based on his best recollection of the events described. Parent's by their signature state that they speak only conversational English and were unable to read the Amended Complaint, hence sign as legal adults on behalf of their child.

Plaintiffs' Signature: see attached, signature sheet signed and scanned.

Signature of Father of Plaintiff, see attached signature sheet signed and scanned

Signature of Mother of Plaintiff, see attached signature sheet signed and scanned

s\Christopher Cooper, ESQ., PHD. 6 April 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
PO Box 1225, Hammond, IN 46325 or
3700 W. 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458;  E-Mail:
cooperlaw3234@gmail.com

/,.