(83) Section 504's purpose is to insure and ensure that a child with a disability has equal access to an education.

(84) Plaintiff has a learning disability and that it is a mental impairment that substantially limits his learning abilities and that he has a record of such an impairment and is regarded by teachers as having such an impairment and that plaintiff has received medical treatment for the learning impairment.

(85) Valleyview is well aware of the impairment and the medical treatment.

(86) And that Valleyview School District has discriminated against plaintiff by not accommodating his disability to include using his disability and his parent's limited knowledge of the English language to deprive him of an expulsion hearing with Due Process safeguards; to deprive him of a public education; and to deprive him of other Constitutional rights (listed in this Amended Complaint) in the furtherance of expelling him for one year.

(87) IDEA requires the development of an Individualized Education Program (IEP) document with specific content and a required number of specific participants at an IEP meeting and that the Valleyview School District has not adhered to IDEA as to plaintiff.

(88) Plaintiff has reasonable belief that white students in the Valleyview School District with a disability are properly accommodated.

(89) Plaintiff believes that he has been treated differently (expelled and not afforded IDEA) because he is non-white and of Mexican descent.

WHEREFORE, Plaintiff seeks (injunctive relief), in that defendants in their official capacities, must rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that there is sought, judgment against all of the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $30,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $60,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Plaintiff Roger Coronado Jr., by his signature below, swears that he has read the foregoing Complaint; has understood it to the best of his ability. He states that she is not a lawyer—and that he agrees as best a 15 year-old boy can understand this Amended Complaint, that the Complaint as written is truthful, accurate and based on his best recollection of the events described. Parent's by their signature state that they speak only conversational English and were unable to read the Amended Complaint,

hence sign as legal adults on behalf of their child.

Plaintiffs' Signature: _*Rogr Coronado*_   Date _4/6/08_

Signature of Father of Plaintiff _*Rogelio Coronado*_ Date _4/6/08_

Signature of Mother of Plaintiff _*Blanca Coronado*_ Date _4/6/08_

s\Christopher Cooper, ESQ., PHD. 6 April 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
PO Box 1225, Hammond, IN 46325 or
3700 W. 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458;  E-Mail: cooperlaw3234 @gmail.com