NO. 08-_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| Coronado, Roger Jr. | ) |
|     Plaintiff-Appellant, | )Civil Action: 08cv1254 |
| v. | )Judge St. Eve |
| | ) Magistrate Judge Schenkier |
| Valleyview Public School District, 365-U | ) |
| Alan Hampton, Bollingbrook Police, Ind. & Off Cap. | ) |
| Don Laverty Off.-Indiv. Capacities | ) |
| T. Gavin Off.-Indiv. Capacities | ) |
| Steven Prodehl | ) |
|     Defendants-Appellees. | ) |

MEMORANDUM IN SUPPORT OF MOTION
EMERGENCY MOTION TO EXPIDITE APPEAL OF DISTRICT COURT'S
DENIAL OF INJUCTIVE RELIEF

NOW COMES Plaintiff Roger Coronado Jr., and moves the Court of

Appeals, pursuant to 28 U.S.C. 1292(a) and 1292(b); F.R.C.P. 65;

*Colquitt v. Rich Township High School District,* 1998 WL 476734 (Ill. App.

1st Dist. 1998); G*oss v. Lopez,* 419 U.S. 566 (1975)); and Section 504 of

the ADA. Plaintiff-child respectfully asks that this Court expedite its

review of the District Court's decision upholding his one-year expulsion

from Bollingbrook [Illinois] High School, since immediate harm to the

child-Plaintiff will occur otherwise. Through Counsel, Christopher C.

Cooper, Plaintiff states as follows:

(1)    On March 1, 2008, Plaintiff filed a Complaint (Doc. 1) for

injunctive-declaratory relief and [complaint] for monetary damages

(08cv1254). In the Complaint, he asked that the Court to declare the one

1

year expulsion of  Plaintiff as illegal or to convene an Evidentiary

Hearing.

(2)    Judge Darrah convened the March 12, 2008 evidentiary hearing.

(3)    Judge Darrah required counsel to submit Closing Arguments in

writing.

(4)    On April 8, 2008, Judge Darrah filed his Opinion and Order (Doc.

43) attached.

(5)    The Opinion/Order states: *"For the reasons stated in the attached*

*memorandum opinion and order, plaintiff has not shown any violation of*

*his due process, rights and has, therefore, failed to show any reasonable*

*likelihood of success on the merits. Furthermore, defendants have shown*

*that granting plaintiff's motion for injunctive relief would harm the public*

*interest. Therefore, plaintiff's motion for injunctive relief [5] is denied…"*.

(6)    Roger Coronado Jr., the fifteen-year-old Mexican-American

Plaintiff, through counsel, contends that the District Court erred in not

finding that Defendants deprived him of Due Process (especially where

the parents of the child were denied a Spanish speaking interpreter; the

child's accusers [Gavin and Hampton] failed to show for the hearing,

hence no opportunity to confront accusers;  a Bollingbrook Policeman,

Alan Hampton, with the child and that the child's parents were not

present, the officer assaulted and forced the child, by threat of physical

violence, to write a confession; and that there is not a transcript or

record of the hearing; all of the foregoing in contravention to the

mandates of *Colquitt v. Rich Township High School District,* 1998 WL

476734 (Ill. App. 1st Dist. 1998); and G*oss v. Lopez,* 419 U.S. 566

(1975)).

(7)     Plaintiff, through counsel, contends that the District Court erred in

not reversing Plaintiff's one-year expulsion, imposed on him for having

shifted from a sitting to standing position and that Defendant-Security

Guard Gavin stated that plaintiff was "posturing" and is a gang member.

(8)     Plaintiff states that Security Officer Gavin holds that Plaintiff is a

gang member, since Plaintiff is of noticeable Mexican American descent

(9)     Plaintiff is not and has never been a gang member.

(10)    Defendant Gavin describes plaintiff as having been with Mexican

American students in the school cafeteria.

(11)    That a person is of Mexican descent is not grounds to hold that he

is gang member.

(12)    That a person is of Mexican descent, standing with two or more

people is not grounds to hold that he is part of a Mob Action in violation

of Illinois law.

(13)    On February 7, 2008, Plaintiff was cited by the Bollingbrook Police

for a Mob Action and Disorderly Conduct under Illinois Compiled

statutes.

(14)    The District Court decision leaves a huge gap: "How did Plaintiff

write a confession when defendants testified that they did not give him a

standardized form or piece of paper on which to write a confession?"

(15)    Plaintiff has not attended school since February 7, 2008. He needs injunctive relief in order that he can return to Bollingbrook High School.

(16)    The District Court decision of April 8, 2008 upholds the  Valleyview School District policy of imposition of a 1 year suspension for Posturing, etc. and that this policy targets Mexican American boys and is unconstitutional per the U.S. Supreme Court's holding in Chicago v. Morales, 527 U.S. 41 (1999).

(17)    Placement of plaintiff in an "Alternative" school is a violation of Goss v.  Lopez, 419 U.S. 566 (1975), as well as  [the] ADA, section 504 of the Rehabilitation Act of 1973.

(18)    Plaintiff will likely suffer an irreparable injury (unable to learn and subsequently held back a grade) if the expulsion from Bollingbrook High School for 1 year is not rescinded, since the Plaintiff and his family lack financial resources to enable Plaintiff to receive an education at a place other than a public institution.

(19)     Remedies available at law are inadequate to compensate Plaintiff for the injury that will occur if he is unable to acquire knowledge of the type provided in a high school for 15 year-old boys (since he is not permitted to attend Bollingbrook High School).

(20)    This appeal involves a "controlling question of law."

(21)    There is a "difference of opinion" between Plaintiffs' counsel and the District Court about the controlling question of law.

(22)    An immediate appeal "may materially advance the ultimate

termination of the litigation."

(23)    This appeal carries the potential of avoiding litigation altogether.

WHEREFORE, Plaintiff asks that this Court order that Appeal's

process is expedited; that the Court of Appeals convene an emergency

hearing as soon as possible in order to hear oral arguments; and that the

Court rule as soon as possible.

RESPECTFULLY SUBMITTED,


s\Christopher Cooper, ESQ., PHD., 8 April 2008
Counsel for Plaintiff-Appellant
US District for Northern Illinois Bar Number: 2123245
PO Box 1225, Hammond, IN 46325 or
3700 W. 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458;  E-Mail:
cooperlaw3234@gmail.com


CERTIFICATE OF SERVICE
The undersigned attorney swears that on April 8, 2007, he filed the
foregoing on ECF and that all defendants are registered e-filers.  On April
9, 2008, he will provide hard copies to the Court of Appeals.
s\Christopher Cooper,  April 8, 2008