NO. 08-1850

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| Coronado, Roger Jr. | ) |
|     Plaintiff-Appellant, | )Civil Action: 08cv1254 |
| v. | )Judge St. Eve |
| | )Magistrate Judge Schenkier |
| Valleyview Public School District, 365-U | ) |
| Alan Hampton, Bollingbrook Police, Ind. & Off Cap. | ) |
| Don Laverty Off.-Indiv. Capacities | ) |
| T. Gavin Off.-Indiv. Capacities | ) |
| Steven Prodehl | ) |
|     Defendants-Appellees. | ) |

## PLAINTIFF'S DOCKETING STATEMENT

**-NATURE OF CASE:** EMERGENCY. Action for Injunctive Relief: Review of District Court's Denial of Injunctive Relief & its holding that child-plaintiff was afforded Due Process by Valleyview School District and the Bollingbrook, Illinois Police Department. The objective of 15 year-old plaintiff is to return to school; therefore to have his one-year expulsion for Posturing (Mob action, etc.) rescinded. This appeal does not involve a Motion to Dismiss, Grant/ Vacate of Default Judgment.

**Appeal filed:** April 8, 2008 (Appeal of Denial of Injunctive Relief & holding that Due Process was had).

**Transcript of proceedings (Evidentiary hearing before Judge Darrah):** ordered and 700.00 deposit by plaintiff to court reporter on April 14, 2008.

**Oral Argument Requested**: Yes

**Must this case be expedited:** Yes. EMERGENCY. Plaintiff is a 15 year-old Mexican-American child expelled from school for one year for Posturing . He has not attended school since February 7, 2008. He must return to school. Should he not be able to return to Bollingbrook High School or other mainstream high school, irreparable harm

1

could occur to the child (e.g., stunted academic growth and held back one grade, etc.).

**Claims:** The Court has not disposed of all claims by and against all parties. To the knowledge of Plaintiff's counsel, the District Court has not made a determination as to an express determination that there is "no just reason for delay."

**Right to Appeal**: Plaintiff's counsel believes that the Order for which this appeal occurs is final as to injunctive relief, hence he interprets the Court rules to mean that the Order is not subject to interlocutory appeal. He believes that the right to appeal arises from 28 U.S.C. 1292(a) and 1292(b).

**-Parties in a previous appeal:** Plaintiff has not been a party in a previous appeal. To the knowledge of plaintiff's counsel, defendants have not been parties to a previous appeal filed in this Court.

**-Cases recently decided by this Court that are related are listed below:** Plaintiff's counsel is of the opinion that there has not been a recent case (e.g. within one year).

SUMMARY PROBABLE ISSUES FOR REVIEW

(1) The legality and validity of Posturing and Mob Action "policies" enacted and maintained by the Valleyview School District, yet illegal says the US Supreme Court in Chicago v. Morales, No. 97-1121 (1999).

(2) The legality and validity of enforcement by the Bollingbrook, Illinois Police of the illegal Posturing and Mob Action policies of the Valley View School District when the US Supreme Court in Chicago v. Morales, No. 97-1121 (1999) holds that the Valleyview School District policies are illegal.

(3) The legality and Validity of enforcement of the Illinois Mob Action statute in such a way by the Bollingbrook, Illinois Police Department that the enforcement method violates Chicago v. Morales, No. 97-1121 (1999).

(4) Denial by the US District Court of injunctive relief for plaintiff.

(5) Was it proper for the School Board to deny plaintiff an opportunity to cross-examine his accusers (Officer Hampton and Mr. Gavin).

(6)     Whether or not a student's entitlement to a public education is a property interest which is protected by due process guarantees; therefore, it may not be taken away without adherence to minimal procedural safeguards.

(7)     Whether or not a "[a] basic tenet of our jurisprudence as to school expulsion hearings, is that a child should receive a fair and impartial hearing, with an opportunity to offer evidence and cross-examine witnesses.

(8)     Whether or not when a person of Mexican descent is standing with two or more Mexican people, these are grounds to arrest him\her for a Mob Action in violation of Illinois law.

(9)     Whether or not the Valleyview School Board has a legal obligation pursuant to ADA and Section 504 to provide a public education to plaintiff.

(10)    Whether placement of plaintiff in Premier Academy is a violation of Goss v. Lopez, 419 U.S. 566 (1975), as well as [the] ADA (to include "IDEA") , section 504 of the Rehabilitation Act of 1973.

(11)    Whether or not it is was legal for Bollingbrook Policeman Alan Hampton to interrogate child-plaintiff without his parents present or Miranda rights administered.

(12)    Whether it is legal to use threats of violence to coerce a child to write a confession.

(13)    Whether or not it was legal for the Bollingbrook, Illinois Police to order the child-plaintiff (a minor) to sign admissions of guilt without first being afforded an opportunity for a lawyer or to have his parents present.

(14)    Was it proper for Hearing Examiner Prodehl to allow the admissibility of a coerced confession (coerced by Officer Hampton and that he used threats of violence) at the expulsion hearing.

(15)    Whether a child is denied due process when his parents are unable to understand the expulsion proceedings concerning their child, since they (parents) have been denied a Spanish-speaking interpreter.   (The parents of plaintiff speak conversational English. They requested an interpreter of Mr. Prodehl and were denied).

(16)    Is it necessary that there is a "Record" of an expulsion hearing. (No record was kept, Mr. Prodehl's note are not a Record).

3

**Does the appeal turn on an interpretation or application of a particular case(s) or statute(s)?** YES.

*Colquitt v. Rich Township High School District, 1998 WL 476734 (Ill. App. 1st Dist. 1998);

*G*oss v. Lopez*, 419 U.S. 566 (1975);

*Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985); Goldberg v. Kelly, 397 U.S. 254, 267-68, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970)

*Goldberg v. Kelly, 397 U.S.

*Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 168, 95 L. Ed. 817, 71 S. Ct. 624 (1951)

*Stratton v. Wenona Community Unit District No. 1, 133 Ill. 2d 413, 432, 551 N.E.2d 640, 141 Ill. Dec. 453 (1990)

- Rule 701. Opinion Testimony by Lay Witnesses
- Rule 702. Testimony by Experts
- Rule 703. Bases of Opinion Testimony by Experts
- Rule 704. Opinion on Ultimate Issue

*42 U.S.C. 12111 et seq ["ADA"]; Section 504 of the ADA;

*105 ILCS 5/10-22.6(a) & (b);

*720 ILCS 5/25-1(a)(2)

*Title VI of the Civil rights Act of 1964.

## LEAD COUNSEL

**Christopher C. Cooper, ESQ., PhD.**
Law Office of Christopher Cooper
Mailing: 3700 W. 103rd St.
Chicago, IL 60655
(312)371-6752
cooper@sxu.edu
cooperlaw3234@gmail.com
  *Assigned: 03/01/2008*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing **Roger Coronado, Jr** *(Plaintiff)*

representing

4

| | | |
|---|---|---|
| **Craig G. Penrose**<br>Tressler, Soderstrom, Maloney & Priess 233 South Wacker Drive, 22nd Floor<br>Chicago, IL 60606-6308<br>(312) 627-4000<br>cpenrose@tsmp.com<br>  *Assigned: 03/06/2008*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | | **Bollingbrook Policeman**<br>*(Defendant)* |
| **Brian James Riordan**<br>Clausen Miller P.C.<br>10 South LaSalle Street<br>Suite 1600 Chicago, IL 60603<br>(312) 855-1010<br>briordan@clausen.com<br>  *Assigned: 03/05/2008*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **Valleyview Public School District, 365-U**<br>*(Defendant)* |
| | | **Don Laverty**<br>*(Defendant)* |
| | | **T. Gavin**<br>*(Defendant)* |

CERTIFICATION:  I certify that the information provided on this docketing statement is accurate to the best of my knowledge.

s\Christopher Cooper. Counsel for Plaintiff,  14 April 2008

CERTIFICATE OF SERVICE: I certify that the foregoing was filed on ECF on April 14, 2008 and that all attorneys of record are registered e-filers.  Plaintiff's counsel will file a hard copy with the Appeals Court on Thursday, April 17, 2008.
s\Christopher Cooper. Counsel for Plaintiff,  14 April 2008