CGP/431079                                                                                           6121-215

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Coronado, Roger Jr. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 08cv 1254 |
| Valleyview Public School District, 365-U Alan | ) Judge St. Eve |
| Hampton, [sic] Bollingbrook Police, Ind. & | ) Magistrate Judge Schenkier |
| Off Cap. Don Laverty Off.-Indiv. Capacities T. | ) |
| Gavin Off.-Indiv. Capacities Steven Prodehl | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ALAN HAMPTON'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now Comes Officer Alan Hampton in his "individual and official capacity," by and through counsel, and for his answer and affirmative defenses to Plaintiff's First Amended Complaint states as follows:

NATURE OF THE COMPLAINT

(1)     This is an action for a TRO (injunctive[1] and declaratory relief) and for monetary damages in that the 15 year-old plaintiff was expelled from [sic] Bollingbrook High School, without Due Process, for one year, for allegedly violating a school policy prohibiting "Posturing"[2] and that School authorities (defendants) turned the child over to [sic] Bollingbrook [Illinois] Policeman Alan Hampton and that plaintiff was assaulted and cited by [sic] Bollingbrook Police Officer Alan Hampton for Mob Action and Disorderly Conduct under Illinois Compiled Statues. Plaintiff seeks from the Court that it order Defendant Valleyview School District to rescind its unconstitutional expulsion of plaintiff from [sic] Bollingbrook [public] High School. Plaintiff sets forth that there are monetary damages for violations by defendants and that such violations, under color of law to deprive plaintiff of his Constitutional rights, caused the expulsion of plaintiff from [sic] Bollingbrook High School. Specifically, defendants having intentionally violated the Americans with Disabilities Act, 42 U.S.C. 12111 et seq ["ADA"]; having intentionally violated Plaintiff's [U.S.] First Amendment, Fourth

---

[1] A Motion for Injunctive and Declaratory Relief followed the filing of the original complaint.
[2] And that Posturing seems to be defined as Mob Action and membership in subversive groups.

Amendment, Fifth Amendment and Fourteenth Amendment rights; violation of 42 USC sections 1983 & 1985; violation of Title VI of the Civil rights Act of 1964; violation of the State of Illinois Constitution, Article X; violation of 105 ILCS 5/10-22.6(a) & (b); and that Defendant Policeman assaulted Plaintiff. (Plaintiff sues all individuals in their official and individual capacities and specifies in prayer under each count which capacity applies).

**ANSWER:   Defendant Hampton denies this paragraph as it violates Fed. R. of Civ. P. 8 for a short and plain statement.  If an answer is required, Defendant Hampton denies the allegations in paragraph 1.**

PARTIES

(2)   Plaintiff Roger Coronado Jr. recently became 15 years old.  He is a United States citizen, a natural person residing in [sic] Bollingbrook, Illinois [the 7th Circuit] and was a student at [sic] Bollingbrook High School during all relevant times of this action.

**ANSWER:   Admit that Plaintiff is 15 years old and he was a student at Bolingbrook until expelled.**

(3)   Defendant Valleyview Public School District, 365U is a public entity with more than 15 employees, headquartered at 755 Luther Drive, Romeoville, Illinois, 60446. [sic] Bollingbrook High School is managed by he Valleyview Public School District.

**ANSWER:   Defendant Hampton admits on information and belief**

(4)   Defendant Don Laverty is employed by Valleyview Public School District as an assistant principal. He was the assistant principal at [sic] Bollingbrook High School at all relevant times of this action.

**ANSWER:   Defendant Hampton admits on information and belief**

(5)   Defendant T. Gavin is a security guard and is employed by Valleyview Public School District. He was a security guard at [sic] Bollingbrook High school at all relevant times of this action.

**ANSWER:   Defendant Hampton admits on information and belief**

(6)   Defendant Steven Prodehl is\was the Valleyview District hearing officer and it is believed that he is employed by Valleyview Public School District. It is believed that he was employed by the school district as a hearing officer at all relevant times of this action.

**ANSWER:   Defendant Hampton admits on information and belief**

(7)     Defendant Alan Hampton is a policeman employed by the [sic] Bollingbrook, Illinois Police Department.

**ANSWER:**    **Admit.**

## JURISDICTION & VENUE

(1)     Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and "Title V1 of the 1964 Civil Rights Act.

**ANSWER:     Defendant Hampton admits that Plaintiff has made claims arising under Section 1331 and 1983 giving this court subject matter jurisdiction, but denies that Plaintiff is entitled to recover.**

(2)     Jurisdiction of this court for the pendent claims is authorize by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**ANSWER:     Denied.**

(3)     Pendant and Ancillary Jurisdiction is vested in this Court pursuant to Art. 6, Sec. 9, of the Illinois Constitution and 28 USC 1367.

**ANSWER:     Admit that the state law claims alleged are alleged to arise from the same common nucleus of facts as the federal claims, giving this court subject matter jurisdiction as to those claims under 28 U.S.C. § 1367, but deny that Plaintiff is entitled to recover.**

## FACTS

(1)     Plaintiff, a non-white, Mexican-American person, was a student at [sic] Bollingbrook High School until February 7, 2008.

**ANSWER:     Admit.**

(2)     While a student there, the 15 year-old plaintiff maintained a satisfactory[3] GPA and did not have a record of material discipline. Furthermore, plaintiff, a mere child, does not have a criminal or arrest record.

**ANSWER:     Defendant Hampton can neither admit nor deny the allegations of this paragraph, so they are deemed denied.**

(3) Plaintiff's tutor, Dr. Cappetta, has expressed that the Valley View School District has not recognized or acted on plaintiffs' learning disability, protected by the ADA.

**ANSWER: Defendant Hampton can neither admit nor deny the allegations of this paragraph, so they are deemed denied.**

(4) Plaintiff has been treated with medication from a licensed physician for a condition related to his concentration on scholastic endeavors and that Valleyview School District was notified approximately 3 years ago.

**ANSWER: Defendant Hampton can neither admit nor deny the allegations of this paragraph, so they are deemed denied.**

(5) Valleyview School District has been negligent in not affording plaintiff ADA protection.

**ANSWER: Defendant Hampton can neither admit nor deny the allegations of this paragraph so they are deemed denied.**

(6) Reports by teachers indicate that plaintiff is an excellent, stellar, well-behaved teenager without even a mere blemish of material discipline on his academic record.

**ANSWER: Defendant Hampton can neither admit nor deny the allegations of this paragraph so they are deemed denied.**

(7) On Monday, February 4, plaintiff was in the school cafeteria having lunch during his scheduled lunch hour.

**ANSWER: Admit on information and belief.**

(8) There were individuals in the cafeteria (also persons of color), not friends or acquaintances of the plaintiff, who have admitted their affiliation with a street gang; and that they were not authorized to be in the cafeteria since it was not their scheduled lunch hour.

**ANSWER: Defendant Hampton can neither admit nor deny the allegations of this paragraph because they are too vague, so they are deemed denied.**

(9) When some of the gang members stood up from their chairs, plaintiff stood up at that same moment.

---

[3] Satisfactorily sufficient to remain a student at [sic] Bollingbrook High School.

4

**ANSWER:** **Defendant Hampton can neither admit nor deny the allegations of this paragraph so they are deemed denied.**

(10) Three days later, on February 7, 2008, on Defendant Gavin's complaint, plaintiff was taken from his first period class and handed over to police--a violent, and out-of-control Alan Hampton.

**ANSWER:** **Denied.**

(11) In the [sic] Bollingbrook Police sub-station, within the High School, Officer Hampton, an adult--a man who has described himself as 250 pounds and 6'4 inches in height--assaulted plaintiff and falsely imprisoned the boy (plaintiff could not get away); the officer shouted hysterically, assaulting plaintiff (a boy) with violent gestures and that the officer used violence against Michael Clinton interpreted as violent gestures toward plaintiff; and by the threat of violence, he coerced the boy-plaintiff to sign what amounted to a confession and to handwrite a confession. And that all of the lawless and violent acts by the Bollingbrook Policeman were aided and abetted by defendants an the Valleyview District School Board.

**ANSWER:** **Defendant Hampton denies this paragraph as it violates Fed. R. of Civ. P. 8 for a short and plain statement. If an answer is required, Defendant Hampton denies there is a "sub station," admit Defendant Hampton had previously indicated his height and weight. Deny all other allegations in this paragraph.**

(12) Defendant [sic] Bollingbrook Police officer issued plaintiff a citation for the crime of "Mob Action" and Disorderly Conduct as per Illinois Compiled Statutes.

**ANSWER:** **Denied.**

(13) Plaintiff was suspended from school and this communicated to him from Officer Hampton. Plaintiff had to leave the building under threat of second police action (arrest) if he returned.

**ANSWER:** **Denied that Officer Hampton communicated Plaintiff's suspension to him, or that he had to "leave the building.**

(14) Plaintiff, accompanied by his parents, attended a School District hearing convened by Mr. Prodehl and Mr. Lathrop (as per authorization of Defendant Valleyview School Board).

**ANSWER:** **Admit.**

(15)  The parents of plaintiff, who speak conversational English, requested a Spanish-speaking interpreter and were denied by Mr. Prodehl.

**ANSWER:  Defendant Hampton can neither admit nor deny the allegations of this paragraph because they are too vague, so they are deemed denied.**

(16)  Hence, plaintiff did not have an opportunity to prepare or gather witnesses for his hearing.

**ANSWER:  Denied.**

(17)  Defendants Gavin and Hampton failed to show for the hearing, hence plaintiff could not confront or cross-examine his accusers.

**ANSWER:  Admit that Officer Hampton was not at the hearing, but deny that he "failed to show" as no party requested he appear or that any rule requires such attendance.**

(18)  A record (e.g., minutes) of the hearing was not kept.

**ANSWER:  Denied.**

(19)  Plaintiff was expelled from [sic] Bollingbrook High School for one year for Posturing. It appears that Posturing includes allegations of gang membership; participating in a mob action and allegedly using gang symbols.

**ANSWER:  Admit that Plaintiff was expelled for one year, however, the Complaint itself indicates he could continue studies at an alternative school.  Defendant Hampton can neither admit not deny what infraction of the school code required Plaintiff's expulsion, so the remaining allegations in this paragraph are deemed denied.**

(20)  Plaintiff is permitted to attend an "Alternative" school in Joliet Illinois; however, the school has a reputation for violence connected to its taking-in admitted gang members from mainstream schools.

**ANSWER:  Admit Plaintiff is permitted to attend an alternative school, deny the remaining allegations in this count.**

(21)  If plaintiff is guilty of the allegations by Defendants Gavin and Hampton, then he is a gang member, then qualified for attendance at the school.

**ANSWER:  Denied.**

6

(22)    Second issue: The school is in Joliet, a geographical area not easily accessible by plaintiff (who is too young to drive) from [sic] Bollingbrook.

**ANSWER:    Defendant Hampton can neither admit nor deny the allegations of this paragraph because they are too vague, so they are deemed denied.**

(23)    Plaintiff is being home-schooled.

**ANSWER:    Defendant Hampton can neither admit nor deny the allegations of this paragraph because they are too vague, so they are deemed denied.**

(24)    Plaintiff is not and has never been associated with a gang.

**ANSWER:    Defendant Hampton can neither admit nor deny the allegations of this paragraph because they are too vague, so they are deemed denied.**

(25)    Plaintiff has reasonable belief that he and other non-white students were expelled due to a policy (school discipline based on race, ethnicity and nationality) of racial-ethnic discrimination against Mexican students by defendants and other Valleyview Public School District administrator

**ANSWER:    Denied.**

(26)    Defendant Gavin states that he has a "Frequent Flyer List." The list is suspected of being a compilation of names and private information of non-white students.

**ANSWER:    Denied.**

(27)    Plaintiff reasonably and rightly argues that his expulsion for exercising his 1st Amendment right to "stand" represents racism toward Mexicans in the form of Disparate Treatment by Valley View School Districts and all other defendants.

**ANSWER:    Denied.**

(28)    Based upon reasonable information and belief, a white student has never been expelled (by Defendant school district) for having stood up.

**ANSWER:    Defendant Hampton can neither admit nor deny the allegations of this paragraph because they are too vague, so they are deemed denied.**

(29) Plaintiff reasonably believes that defendants willfully and maliciously assumed Plaintiff was in a gang, since members of gangs attend the High School and that some members of gangs are of noticeable Latino descent.

**ANSWER:** **Denied.**

(30) Plaintiff asks the Court to either order Defendant School District to rescind the expulsion and allow Plaintiff to attend classes immediately or that the Court hold an evidentiary hearing (regarding the expulsion) s quickly as possible (in order that Plaintiff does not miss more time fro n school).

**ANSWER:** **Denied.**

### COUNT 1: DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH VIOLATED UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1985, 1988

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 2: DEPRIVATION OF PLAINTIFF'S FOURTH AMEMNDMIENT RIGHT TO FREE FROM UNREASONABLE SEARCH AND SEIZURE, UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1985, 1988

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 3: DEPRIVATION OF PLAINTIFF'S FOURTEENTH AND FIFTH AMENDMENT RIGHTS (Due Process and Equal Protection); UNDER COLOR OF LAW, 42 USC Sec.'s 1983, 1985, 1988

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

.

### COUNT 4: DEPRIVATION OF PLAINTIFF'S DUE PROCESS RIGHTS AFFORDED BY 105 ILCS 5/10-22.6(a) & (b) & Article X, IL Constitution

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 5: (APPLIES TO VALLEY VIEW SCHOOL DISTRICT): Ethnic and Racial Discrimination against Plaintiff in contradiction to mandate )f Title VI of the Civil rights Act of 1964 under color of law, 42 USC, 1983, 19 35 1988;

<u>COUNT 6: (APPLIES TO VALLEY VIEW SCHOOL DISTRICT): Ethnic and Racial Discrimination against Plaintiff and Article X of State of Illinois Constitution</u>

**Defendant Hampton has moved to dismiss these counts so no answer is needed. However, if such answer is needed, the allegations are denied.**

<u>COUNT 7: Ethnic and Racial Discrimination against Plaintiff, violation of Civil rights Act of 1964 and under color of law, 42 USC, 1983, 1985 1988;</u>

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

<u>COUNT 8: ASSAULT (Illinois law)</u>

(36) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

**<u>ANSWER:</u> Defendant Hampton re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.**

(37) Under Color of law, with intent to deprive plaintiff of his rights Illinois Common Law and its compiled statutes, Defendant Policeman Alan Hampton did engage behavior that caused child plaintiff to reasonably believe that he was in imminent danger of being struck by Defendant Hampton.

**<u>ANSWER:</u> Denied.**

(38) Plaintiff was in apprehension of a battery by Defendant Hampton.

**<u>ANSWER:</u> Denied.**

(39) Defendant did shout hysterically, acted violently, to include using a door to strike student Michael Clinton, but that the door struck a cha:r and that Plaintiff having watched this violent act was in further apprehension of being physically struck, imminently [by Defendant policeman], hence immediately signed a document and wrote a confession as ordered by the out-of-control policeman.

**<u>ANSWER:</u> Denied.**

### COUNT 9: ASSAULT; 42 USC 1983, 1985, 1988 (APPLIES TO DEFE NTDANT HAMPTON)

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 10: DEPRIVATION OF RIGHT TO COUNSEL UNDER COLOR OF LAW, 42 USC SECTIONS 1983, 1985

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 11: DEPRIVATION OF FIFTH AND FOURTEENTH AMENDMENT PROPERTY RIGHT TO A PUBLIC EDUCATION UNDER COLOR OF LAW, 42 USC SECTIONS 1983, 1985

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 12: (AS TO DEFENDANT HAMPTON) DEPRIVATION OF FIFTH AND FOURTEENTH AMENDMENT RIGHT TO REMAIN SILENT & NOT TO INCRIMINATE ONES-SELF, UNDER COLOR OF LAW, 42 USC SEC. 1983, 1985, 1988

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 13: DEFAMATION (Illinois Law)

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is need the allegations are denied.**

### COUNT 14: DEFAMATION DONE UNDER COLOR OF LAW, 42 USC 1983, 1985, 1988

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

### COUNT 15: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973[4] UNDER COLOR OF LAW, 42 USC 1983, 1985

**Defendant Hampton has moved to dismiss this count so no answer is needed. However, if such answer is needed, the allegations are denied.**

---

[4] A claim under the Americans with Disabilities Act, 42 U.S.C. 12111 et seq ["ADA"].

## AFFIRMATIVE DEFENSES

**State Tort Immunities.**

1. Pursuant to 720 ILCS 5/7-5, Police Officers are permitted to use reasonable force. As referenced above, all of the actions by the Officers were reasonable, and there can be no assault.

2. Pursuant to 745 ILCS 2-202, all actions alleged were in the performance and the execution or enforcement of a law and were not committed with willful and wanton conduct, thus Defendants cannot be liable.

3. Pursuant to 745 ILCS 2-102, actions of the officers as referenced above were in acting in an executive capacity, so no punitive damages can be assessed under state law claims.

4. Pursuant 745 ILCS 2-109 a municipality cannot be liable for state law claims unless an employee is liable. Because there is no individual liability for state law claims as referenced above, there can be no municipal liability.

WHEREFORE, , Defendants seek dismissal of the Complaint, as well as any other relief this Court deems just and appropriate.

By: s/Craig G. Penrose
One of Their Attorneys

Craig G. Penrose

Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 (Fax)
E-mail:
**cpenrose@tsmp.com**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 22, 2008, a copy of the foregoing document was served upon the counsel of record listed by:

- Electronically filing via court ECF system:

| **Counsel for Plaintiff** | **Counsel for Valleyview School District, Don Laverty, T. Gavin, and Steven Prodehl** |
|---|---|
| Christopher Cooper<br>P.O. Box 1225<br>Hammond, In 46325<br>(317) 536-3197<br>(708) 425-8197 (facsimile<br>cooper@sxu.edu | Brian Riordan<br>Anthony Ulm<br>Clausen Miller<br>10 South LaSalle Street<br>Chicago, Il 60603-1098<br>(312) 855-1010<br>(312) 606-7777<br>briordan@clausen.com |

s/Craig G. Penrose<br>
Craig G. Penrose

Craig Penrose
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000