UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER CORONADO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1254 |
| v. ) | |
| ) | Judge John W. Darrah |
| VALLEYVIEW PUBLIC SCHOOL ) | |
| DISTRICT, 365-U; UNIDENTIFIED ) | |
| BOLINGBROOK POLICEMAN; ) | |
| DON LAVERTY; T. GAVIN; and ) | |
| STEVEN PRODEHL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Currently pending is Plaintiff Roger Coronado Jr.'s motion for injunctive relief. Plaintiff was expelled from Bolingbrook High School after a hearing, based on his participation in a confrontation between several black and Hispanic male students in the school cafeteria during a lunch period. Plaintiff seeks a Court Order requiring Defendant Valleyview Public School District to convene a second hearing regarding Plaintiff's expulsion and to lift the expulsion order until that hearing takes place. On March 13, 2008, the parties appeared before this Court at an evidentiary hearing, at which Plaintiff and Defendants called several witnesses who testified regarding the events leading up to Plaintiff's expulsion. Both sides have submitted written closing arguments.

A party seeking a preliminary injunction must show: "(1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village*


EXHIBIT D

*of Washington Park*, 378 F.3d 613, 619 (7th Cir. 2004). Here, Plaintiff's motion for injunctive relief must be denied because (1) Plaintiff can show no reasonable likelihood of success on the merits and (2) the injunction would harm the public interest.

The pre-expulsion hearing was conducted by the board before an independent hearing officer. The Plaintiff and his parents were present, and the written charges forming the basis for the expulsion were presented to the Plaintiff and his parents. Plaintiff argues that Defendants violated his due process right to an expulsion hearing in that he was not permitted to confront his accusers, no interpreter was provided for his parents – who Plaintiff claims speak limited English – and Defendants did not keep an adequate record of the hearing.

The Seventh Circuit addressed the due process requirements for expelling a student in *Remer v. Burlington Area School District*, 286 F.3d 1007 (7th Cir. 2002) (*Remer*). In *Remer*, the court summarized the due process requirements for expulsion procedures: "To comport with due process, expulsion procedures must provide students with an opportunity to be heard." *Remer*, 286 F.3d at 1010 (citing *Linwood v. Board of Educ. of the City of Peoria*, 463 F.2d 763 (7th Cir. 1972) (*Linwood*)). However, the proceedings need not "take the form of a judicial or quasi-judicial trial." *Remer*, 286 F.3d at 1010 (quoting *Linwood*, 463 F.3d 770). "As long as the student is given notice of the charges against him, notice of the time of the hearing and a full opportunity to be heard, the expulsion procedures do not offend due process requirements." *Remer*, 286 F.3d at 1010-11 (citing *Betts v. Board of Educ. of the City of Chicago*, 466 F.2d 629 (7th Cir. 1972) (*Betts*)).

2

Plaintiff first argues that Defendants were required to afford him the opportunity to confront his accusers at the expulsion hearing. Plaintiff cites *Colquitt v. Rich Township High School District*, 1998 WL 476734 (Ill. App. 1st Dist. 1998), in support of his contention. However, the overwhelming majority of courts that have addressed the question have held that a student facing expulsion does not have such a right. *See e.g. Witvoet v. Hersher Community Unit School Dist. No. 2*, 1998 WL 156916 (C.D. Ill. 1998); *Wagner v. Fort Wayne Community Schools*, 255 F.Supp.2d 915, 926 (N.D. Ind. 2003); *B.S. v. Board of Trustees, Fort Wayne Community Schools*, 255 F.Supp.2d 891, 900 (N.D. Ind. 2003). Furthermore, the evidence presented by Defendants at the evidentiary hearing shows that, during the hearing, Plaintiff did not dispute that he had engaged in the alleged conduct. Steven Prodehl, the hearing officer, testified that Plaintiff admitted to the alleged conduct. Prodehl's written report also indicates that Plaintiff admitted to the alleged conduct. Where the student admits the conduct with which he or she is charged, "the function of procedural protections in insuring a fair and reliable determination of the retrospective factual question . . . is not essential." *Betts*, 466 F.2d at 633. Thus, there was no violation of due process on account of any lack of opportunity to cross-examine.

Plaintiff next argues that Defendants should have provided an interpreter for his parents, who he claims speak limited English. However, the evidence in this case shows that an interpreter was not needed. Prodehl testified that, at the hearing, Rob Lathrope, Dean of Bolingbrook High School, asked Plaintiff's parents if they needed an interpreter and that Plaintiff's father said that they did not. Prodehl also testified that Plaintiff's parents asked questions at the hearing. Furthermore, Prodehl's report indicates that Plaintiff's father made a

3

statement at the hearing regarding Plaintiff's education, activities and future plans as well as his own views of the school's efforts to combat gang activity. Thus, the Court finds that an interpreter was not necessary in this case.

Finally, Plaintiff argues that Defendants did not keep adequate records of the hearing. Illinois law requires that the hearing officer "report to the board a written summary of the evidence heard at the meeting." 105 ILCS 5/10 - 22.6. Here, Prodehl created a six-page report summarizing the events at the hearing. Plaintiff has not offered any support for his view that a more extensive written record was required.

The injunction Plaintiff seeks would harm the public interest. Defendants have a clear interest in protecting the ability to maintain order in the school through the use of suspensions and expulsions. James Mitchell, the principal of Bolingbrook High School, testified that there are presently 3,700 students in the school, that approximately one third is black, one third is Hispanic and one third is white, and that there are between seven to nine street gangs active in the school. Mitchell related the danger to students posed by altercations between large numbers of students and the importance of preventing small-scale confrontations between students from growing into these more serious events. Because of this, Mitchell testified, it is necessary to deter students from backing or lending support to students who are threatening or preparing to fight. Considering Mitchell's testimony, it is clear that Defendants require the authority to punish conduct such as that of Plaintiff if they are to provide a safe school environment. To order Defendants to readmit Plaintiff would diminish that authority and could threaten the safety of students.

4

For the reasons stated above, Plaintiff has not shown any violation of his due process rights and has, therefore, failed to show any reasonable likelihood of success on the merits. Furthermore, Defendants have shown that granting Plaintiff's motion for injunctive relief would harm the public interest. Therefore, Plaintiff's motion for injunctive relief is denied.

Dated: April 3, 2008

JOHN W. DARRAH
United States District Court Judge