CGP/430748                                                                                                6121-215

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER CORONADO, JR, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 08 CV 1254 |
| VALLEY VIEW PUBLIC SCHOOL DIST., ) | |
| 365-U, ) | Judge St. Eve |
| ALAN HAMPTON, BOLINGBROOK ) | |
| POLICEMAN, (Official and individual ) | |
| Capacity), ) | |
| DON LAVERTY (Official and Individual ) | |
| Capacity), ) | |
| T. GAVIN (Official and Individual Capacity), ) | |
| STEVEN PRODEHL (Official and Individual ) | |
| Capacity), | |
| | |
|        Defendants. | |

**INITIAL STATUS REPORT**

I. **NATURE OF THE CASE**

    A. **Attorneys of Record**

        Plaintiff Roger Coronado Jr.,:

        Dr. Christopher Cooper, ESQ., JD, PhD
        Saint Xavier University
        3700 West 103rd Street
        Chicago, IL 60655
        Tel: 312 371 6752 or 773 298 3555
        Fax: 866 334 7458
        Secretary: 773 298 3281
        E-mail: cooper@sxu.edu

        PO Box 1225
        Hammond, Indiana 46325
        Tel: 312 371 6752 or 219 228 4396

Fax: 866 334 7458
E-mail: cooperlaw3234@gmail.com

Defendant Alan Hampton:

Craig G. Penrose
Tressler, Soderstrom, Maloney & Priess LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL  60606
(312) 627-4000
(312) 627-1717 (facsimile)
cpenrose@tsmp.com


Defendants Valley View School District, Don Laverty, T. Gavin:

Brian Riordan
Anthony Ulm
Clausen Miller P.C.
10 South LaSalle Street
Suite 1600
Chicago, IL 60603
(312) 855-1010; (312) 606-7777(facsimile)
Email: aulm@clausen.com; briordan@clausen.com

Defendant Steve Prodehl:

No attorney appearance.

**B.**     **Basis for Federal Jurisdiction**

Plaintiff states in his Amended Complaint that jurisdiction arises under 28 U.S.C. secs 1331, 1337, 1342(a) and 1367(a); 42 U.S.C. secs 1983, 1985, 1986, and 1988, and Title VI of the 1964 Civil Rights Act.  Plaintiff claims that the jurisdiction for the pendent claims is authorized by F.R.Civ. P. 18(a) and arises under the doctrine of pendent jurisdiction as forth in *United Mine Workers v. Gibbs,* 383 U.S. 715 91966), and that Pendant and Ancillary Jurisdiction is vested in this Court pursuant to Art. 6, Sec. 9, of the Illinois Constitution and 28 U.S.C. 1367.

Without admitting the substance of these allegations, Defendants state that subject matter jurisdiction is proper in this court because Plaintiff made claims arising under federal law and claims arising under state law arising from the same nucleus of facts.

C.  **Nature of the Claims**

Defendants' attorneys state that Plaintiff was expelled from Bolingbrook High School on or about February 8, 2008 for two school semesters, but was given the opportunity to enroll and continue his secondary education in an Alternative school in Joliet. Plaintiff declined that opportunity.

Plaintiff's counsel states that Plaintiff was expelled from Bolingbrook High School for one school year and that he is not qualified to attend Premier Academy in Joliet. The ADA requires that Defendant Valleyview school district establish an IEP in conformance with [the] IDEA [Individuals with Disability Act). Additionally, that the school district assign plaintiff to a site that caters to children with disabilities.

Plaintiff believes as a result of that expulsion that the Defendants violated his First Amendment Rights; his Illinois Constitutional Rights; that he was denied due process (under Illinois and federal law) in the expulsion proceeding; that the Defendant Valleyview School District

violated Title VI based on race in the expulsion, and the Defendants violated the ADA and Section 504 of the Rehabilitation Act

Plaintiff brought this complaint seeking money damages against all Defendants and also for injunctive relief for immediate reinstatement back in Bolingbrook High School.

Plaintiff also brought unlawful seizure and assault claims against the Bolingbrook Police Officer, Alan Hampton.

Plaintiff also brought claims of a right to counsel, right to remain silent, a claim of a fifth amendment property right to education, and claims of defamation.

**D.     Major Legal and Factual Issues**

1.      Whether Plaintiff's First Amendment Rights were violated when he "stood" in the school cafeteria at the same time as purported gang members.

2.      Whether in giving proper deference to the School District, that it had a proper basis for the expulsion.

3.      Whether proper due process was affording during the school expulsion proceedings.

4.      Whether Officer Hampton assaulted Plaintiff or unreasonable seized Plaintiff.

5.      Whether Plaintiff's claimed rights to remain silent, and his claimed right to counsel were violated by any Defendant.
6.      The admissibility of a coerced confession.
7.      Whether Plaintiff had a recognized constitutional property right that was violated.
8.      Whether Plaintiff was defamed.
9.      Whether Plaintiff was discriminated on based on race, ethnicity and or disability in his expulsion.
10.     Whether the Defendants have a defense of qualified immunity for any constitutional claims made. (Foregoing authored by defendants' attorneys).
11.     Whether the Defendants have any governmental tort immunity for any state law claims made. (Foregoing authored by defendants' attorneys).
12.     .Whether any official policy was the moving force behind any constitutional violations giving rise to *Monell* a/k/a Official Capacity Claims. (Foregoing authored by defendants' attorneys).
13.      Whether plaintiff was deprived of his Constitutional and state law rights when he was not able to confront or cross-examine his accusers. (Foregoing authored by plaintiff's attorney).

14. Whether a record must be kept of an expulsion hearing. (Foregoing authored by plaintiff's attorney).

15. Whether plaintiff was deprived due process when his parents did not have a Spanish Speaking Interpreter at the Expulsion hearing. (Foregoing authored by plaintiff's attorney).

16.

E. **Relief Sought By Plaintiffs**

Plaintiff seeks to be permitted to attend Bolingbrook High School; an IEP pursuant to IDEA; and monetary damages. (Paragraph added by Plaintiff's counsel and is not intended as a representation by opposing attorneys).

II. **PENDING MOTIONS AND CASE PLAN**

A. **Pending Motions**

Plaintiff brought a motion for a TRO and preliminary injunction against the School District for immediate reinstatement in School. After a hearing held before Judge Darrah with witness testimony, a written decision was issued on April 3, 2008 denying the TRO and the preliminary injunction. On April 8, 2008, Plaintiff filed an Appeal to the Seventh Circuit Court of Appeal from this decision. Appellants brief is due May 12. Appellees brief approximately 30 thereafter and Oral arguments on July 7, 2008.

Today, April 23, the Court granted dismissal of Officer Alan Hampton. Court wrote: "The Court grants Defendant Alan Hampton's motion to dismiss [53] based on Plaintiff's lack of capacity to sue. The Court grants Plaintiff leave to file a Second Amended Complaint to add a next friend to represent the minor Plaintiff. Plaintiffs Second Amended Complaint is due on or before 5/01/08."

Plaintiff's counsel [writing in this document], states that he will comply with the Court's order. He will file an amended Complaint and present a Guardian ad litem by May 1, 2008.

### B. <u>Proposed Discovery Plan</u>

#### i. **Type of Discovery Needed**

Written and oral discovery concerning the factual allegations and any damages alleged. Depositions will likely be needed of all parties and any occurrence witnesses. If plaintiffs allege any physical or emotional damages, possible depositions of medical professionals or experts.

#### ii. **Date for Rule 26(a)(1) Disclosures**

May 15, 2008

#### iii. **Fact & Oral Discovery Completion Date**

Plaintiff asks that fact Discovery close on July 1, 2008, and Oral Discovery to close on August 1, since plaintiff has not attended school since February 7, 2008. By law (ADA), plaintiff is entitled to attend school and that issues should be expedited in order that plaintiff can return to school. (Paragraph added by Plaintiff's counsel and is not intended as a representation by opposing attorneys).

Defendants ask for Nov 30, 2008.

#### iv. **Expert Discovery Dates (If Needed)**

Plaintiff asks that Expert Discovery close by August 1, 2008. The defendants request that any expert report deadlines be set at a later time.

#### v. **Deadline for filing Dispositive Motions**

Plaintiff asks for August 15, 2008. Defendants ask for December 30, 2008.

#### vi. **Deadline for filing Final Pre Trial Order**

The plaintiff's request that the pre-trial order is due August 30, 2008 due to the urgency of returning plaintiff to school. The defendants request that a deadline for any final pre trial order be set after any dispositive motions have been ruled upon by the Court

    **C.**    **Trial Matters**

        Plaintiff has made a jury demand. Plaintiff's counsel believes that trial will take 14 to 16 days.

Defendants wrote:
    i.    At this time no jury has been requested.
    ii.    Length of Trial- One Week
    iii.

## III.    CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Defendants wrote: There is not unanimous consent to proceed before a magistrate judge

Plaintiff states that there has never been between himself and opposing attorneys on the issue.

## IV.    SETTLEMENT DISCUSSION

There have been no settlement discussions. Defendants' do not request a settlement conference at this time. The defendants state that they will examine settlement possibilities after discovery has substantially taken place.

Plaintiff states that Pursuant to [the] Seventh Circuit Court or Appeals, Rule 33, a settlement conference as to issues on appeal (perhaps other issues that the parties may select) is to occur on April 29, 2008.

Respectfully submitted:

s/Christopher Cooper
Christopher Cooper, Attorney for Plaintiff

s/Craig G. Penrose
Craig G. Penrose, Attorney for Alan Hampton

s/Brian Riordan
Brian Riordan, Attorney for the School District, Laverty, and Gavin

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 23, 2008, a copy of the foregoing document was filed on ECF and that all defendants are registered e-filers.

s\Christopher Cooper

| **Counsel for Plaintiff** | **Counsel for Valleyview School District, Don Laverty, T. Gavin,** |
|---|---|
| Christopher Cooper<br>P.O. Box 1225<br>Hammond, In 46325<br>(317) 536-3197<br>(708) 425-8197 (facsimile<br>cooper@sxu.edu | Brian Riordan<br>Anthony Ulm<br>Clausen Miller<br>10 South LaSalle Street<br>Chicago, Il 60603-1098<br>(312) 855-1010<br>(312) 606-7777<br>briordan@clausen.com |

                                            s/Craig G. Penrose
                                            Craig G. Penrose

Craig Penrose
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000

with

Christopher Cooper
3700 W. 103rd Street
Chicago, IL 60655
(312) 371 6752