CGP/431507

6121-215

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROGER CORONADO, JR, by and through his next friend, SHELLEY GILBERT

Plaintiff,

v.

VALLEY VIEW PUBLIC SCHOOL DIST., 365-U,
ALAN HAMPTON, BOLINGBROOK POLICEMAN, (Official and individual Capacity),
DON LAVERTY (Official and Individual Capacity),
T. GAVIN (Official and Individual Capacity),
STEVEN PRODEHL (Official and Individual Capacity),

Defendants.

No. 08 CV 1254

Judge St. Eve

**MOTION OF ALAN HAMPTON**
**IN HIS "INDIVIDUAL AND OFFICIAL CAPACITY"**
**FOR PARTIAL DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

**NOW COMES,** Defendant Alan Hampton s in his individual and official capacity, and pursuant to Fed. R. Civ. P. 12(b)(6) moves for dismissal of Counts I-VII and IX-XV of Plaintiff's Second Amended Complaint and in support thereof alleges as follows:

1. On March 15, 2008, Roger Coronado, Jr, a 15-year-old minor, filed a six-count complaint against his school district, various school officials, and an "unidentified Village of Bolingbrook Policeman."

2. On April 6, 2008, Plaintiff filed an Amended Complaint naming Defendant Alan Hampton (instead of the "unidentified officer"), and adding nine additional counts against the various defendants.

3. On April 22, 2008, Defendant Alan Hampton filed a motion and memo to dismiss all but Count 8 of the complaint (Docket # # 53, 54, 55).

4. On April 23, 3008, this Court granted the motion only as to the first grounds asserted that plaintiff did not have a proper "next friend" as plaintiff (Docket # 56). This Court did not rule on the other substantive arguments asserted by Defendant Hampton for dismissal.

5. On April 27, 2008, Plaintiff filed a Second Amended Complaint adding Shelly Gilbert as next friend (Docket #63).[1] However, other than asserting a "next friend," the Second Amended Complaint appears identical to the First Amended Complaint. Thus it suffers from all the same flaws pointed out initially by Defendant Hampton. Accordingly, all counts but Count 8 must still be dismissed.

6. As more fully explained in the accompanying Memorandum in Support of this Motion, Counts I-VII and IX-XV must be dismissed.

7. Finally, the Second Amended Complaint vaguely claims "official capacity" claims (presumably as to all federal counts), but since the Second Amended Complaint comes nowhere close to such type of *Monell* violation against the Village of Bolingbrook, all those claims too must be dismissed.

WHEREFORE, Defendant Alan Hampton in his "individual capacity" request that Counts I-VII and IX –XV be dismissed and all counts be dismissed in his "official capacity."

Respectfully submitted

By: s/Craig G. Penrose
One of His Attorneys

Craig G. Penrose
Tressler, Soderstrom, Maloney & Priess LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606
(312) 627-4000, Attorney for Defendant Alan Hampton

[1] Defendant has no idea who Shelley Gilbert is, and whether she could be a competent next friend, and the Second Amended Complaint does not explain it either.

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 28, 2008, a copy of the foregoing document was served upon the counsel of record listed by:

- Electronically filing via court ECF system:

| **Counsel for Plaintiff** | **Counsel for Valleyview School District, Don Laverty, T. Gavin, and Steven Prodehl** |
|---|---|
| Christopher Cooper<br>P.O. Box 1225<br>Hammond, In 46325<br>(317) 536-3197<br>(708) 425-8197 (facsimile<br>cooper@sxu.edu | Brian Riordan<br>Clausen Miller<br>10 South LaSalle Street<br>Chicago, Il 60603-1098<br>(312) 855-1010<br>(312) 606-7777<br>briordan@clausen.com |

s/Craig G. Penrose
Craig G. Penrose

Craig Penrose
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000