IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER CORONADO, JR., by and through his next friend, SHELLEY GILBERT, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 08 C 1254 |
| v. | ) ) | Judge St. Eve |
| VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, et al., | ) ) ) ) | |
| Defendants. | | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES**

NOW COME Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U ("Valley View"), DAN LAVERTY ("Laverty"), TIMOTHY GAVIN ("Gavin"), and STEVEN PRODEHL ("Prodehl"), by and through their attorneys, BRIAN J. RIORDAN, ANTHONY P. ULM, and CLAUSEN MILLER P.C., and for their Memorandum of Law in Support of their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief and for Monetary Damages, state as follows:

## INTRODUCTION

**I.    Statement of Facts**

Plaintiff was charged with participating in "mob action" and "subversive activity and organization" pursuant to the Bolingbrook School Code which he and his parents received in the beginning of the school year. He was one of many students expelled for this incident on February 8, 2004, and the Valley View School District's decision had absolutely nothing to do with the fact that he is of Mexican descent.

1180234.1

Plaintiff, among many others, was seen in the cafeteria by Valley View District personnel participating in a mob action during the lunch hour on February 4, 2008. (See Incident Report of Timothy Gavin, attached hereto as Exhibit "A"). Plaintiff even admitted on two separate occasions by way of signed statements as well as to the Valley View District Disciplinary Hearing Officer at his hearing that he did walk over to lend support to the group of students that were about to start a large scale fight, throwing gang signs and yelling at each other and being subversive and responding to the security guard's order to disperse. Plaintiff testified fully at the disciplinary hearing that he lent his support to his friends and people at his table in what was turning into a mob scene and that he knew some of these students to be gang members. (See Plaintiff's signed statement, attached hereto as Exhibit "B", and Hearing Officer's Prodehl's Report, attached hereto as Exhibit "C").

In addition to Valley View School District, Plaintiff is also bringing this cause of action against three employees of Valley View who were all working in their official capacities and assisting with the furtherance of the administration of the School District in connection with the allegations in Plaintiff's Amended Complaint. These employees are Laverty, Gavin, and Prodehl. For the reasons set forth below, Defendants Valley View, Laverty, Gavin, and Prodehl ask this Court to Dismiss Plaintiff's entire Amended Complaint.

## II. Standard for Motion to Dismiss

Defendants' Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. The courts have held that a plaintiff fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff cannot prove any facts to support his claim, which would entitle him to relief. *Coleman Cable Systems, Inc. v. Shell Oil Company*, 847 F.Supp. 93 (N.D. Ill. 1994).

# ARGUMENT

I. **Arguments Against Plaintiff's Amended Complaint as a Whole**

   A. *Plaintiff's Amended Complaint as a Whole is Insufficiently Vague and Therefore Should be Dismissed in its Entirety*

Fed. R. Civ. Pro. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must always allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1974 (2007). Furthermore, while the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail all of the facts upon which a claim is based, the plaintiff must allege sufficient facts, and a complaint will not avoid dismissal if it contains only bare legal conclusions. *Perkins v. Silverstein*, 939 F.2d 463 (7th Cir. 1991), *Benson v. Cady*, 761 F.2d 335 (7th Cir. 1985).

In the present case, despite the length of Plaintiff's Amended Complaint, the Counts directed against Defendants Valley View, Laverty, Gavin, and Prodehl do not meet the minimum pleading requirements of Rule 8(a) and *Bell Atlantic*. That is, the allegations consist of only bare conclusions, and clearly do not contain sufficient information to "state a claim to relief that is plausible on its face." Therefore, all of the Counts directed against these four Defendants should be dismissed with prejudice. These Defendants further note that they will address each of the Counts individually below and describe in more detail as to why each Count does not meet the pleading requirements of Rule 8(a).

   B. *Each of Plaintiff's Counts Brought Pursuant to § 1985 Should be Dismissed*

Section 1985(3) creates a cause of action to address "conspiracies" (i.e., actions of two or more citizens) to deprive a person of rights or privileges guaranteed by the Constitution to all citizens. Under § 1985(3) a plaintiff must allege four elements to constitute a valid cause of action: (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or

class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property or a deprivation of any right or privilege of a citizen of the United States. See *Trautvetter v. Quick*, 916 F.2d 1140, 1153 (7th Cir. 1990).

Here, Plaintiff clearly has not pled, and he certainly cannot demonstrate, a "conspiracy" on the part of Defendants Valley View, Laverty, Gavin, or Prodehl. Therefore, since the critical initial element is not pled, all of Plaintiff's § 1985 claims (which are included in every Count except for Counts IV, VI, VIII, and XIII) should be dismissed with prejudice.

### C. *School Administrators Such as Defendants Laverty, Gavin, and Prodehl are Protected by Qualified Immunity*

Individuals who are sued under § 1983 may assert a qualified immunity from liability for damages. See *Wood v. Strickland*, 120 U.S. 308 (1975). "Qualified immunity" from a civil rights action is an entitlement not to stand trial or face the other burdens of litigation. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if the case is erroneously permitted to go to trial." *Id.* (Quoting *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985)). As a result, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* at 201. (Quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Individual defendants have qualified immunity to perform school functions, such as maintaining order and discipline within the school. *Wood* at 318. Governmental officials, such as school administrators, are immune from liability if their conduct does not violate clearly established constitutional or federal statutory rights of which a reasonable person would have known, even if a constitutional violation is found. *Anderson v. Creighton*, 483 U.S. 635, 640-41

4

(1987). Further, a defense of qualified immunity cannot be overcome by evidence that the defendant's conduct was malicious or otherwise improperly motivated, because motivation is irrelevant to this defense. See generally *Crawford-El v. Britton*, 523 U.S. 574 (1998). To determine whether an official is entitled to qualified immunity, courts must consider: (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation could be established, the question is whether the right was so clearly established in light of the specific context of the case. *Saucier* at 201.

In the case at bar, it is clear that Defendants Laverty, Gavin, and Prodehl were acting within the scope of their employment by protecting the safety and well being of the student body as a whole. The Plaintiff has not pled that these Defendants' alleged conduct violated an established constitutional right. As a result, Defendants Laverty, Gavin, and Prodehl are entitled to qualified immunity with respect to their alleged actions.

Plaintiff has alleged that the Defendants violated his right to free speech by suspending him for "standing up" in the cafeteria at the school in question when a fight was about to ensue. Pursuant to the standards espoused in Rule 8(a) and *Bell Atlantic, supra*, the Plaintiff has not articulated facts sufficient to give Defendants fair notice of what the claim is, and the grounds upon which it rests. Instead, the Plaintiff makes blanket assertions that because he was punished for "standing," he was deprived of his First Amendment right to free speech. These allegations fall far short of the requirements set forth in Rule 8(a) and *Bell Atlantic*.

There is absolutely no established constitutional right to "stand" as Plaintiff seems to assert. Additionally, even if the Court was to construe Plaintiff's conduct as protected non-verbal speech, which it is not, school children have very limited First Amendment rights. The courts have held that students' rights of freedom of speech within the school house gates are

5

1180234.1

balanced against the school's duty to maintain a safe educational atmosphere. See *Tinker v. Des Moines Indep. Community School Dist.*, 393 U.S. 503, 509 (1969) (wherein the Court held that the wearing of black armbands by students to protest the Vietnam war unconstitutionally limited the students' freedom of expression in the absence of facts demonstrating that the conduct would interfere, materially and substantially, with the operation of the school and its discipline of the students, or impinge on the rights of other students).

By applying the reasoning in *Tinker*, the court in *West v. Derby United School District No. 260*, 206 F.3d, 1358 (10th Cir. 2000), the court held that a school district did <u>not</u> violate the First Amendment rights of a student when it suspended him for 3 days for drawing a picture of a Confederate flag during class in violation of the school district's harassment and intimidation policy. The court noted that although school officials' unsubstantiated fear of apprehension of a disturbance is not enough to overcome a student's right to freedom of expression, due to recent events at the school, the officials had a reason to believe that the student's display of a Confederate flag might cause disruption and interfere with the rights of other students to be secure and left alone. *Id.* at 1365-67.

Here, even if we assume, *arguendo*, that Plaintiff's conduct on the date in question was protected non-verbal speech, (which is explicitly denied), Laverty, Gavin, and Prodehl would have all been well within their rights to suspend Plaintiff because the admitted actions by Plaintiff would have clearly interfered, both materially and substantially, with the operation of the school and the discipline of the students, and led to disruption and a breakdown of order in the school.

The U.S. Supreme Court has also created a two part test that must be met for non-verbal actions to be considered expressive conduct which can be protected under the First Amendment.

The first element is that the individual must intend to convey a particularized message. The second element is that there must be a significant likelihood that the particularized message would be understood by the people who observe the conduct as protected speech. See *Texas v. Johnson*, 491 U.S. 397, 404 (1989).

In the present case, Plaintiff has failed to allege anything in his Amended Complaint approximating what might be considered a "message"; nor has he alleged that there is a likelihood that any alleged message could be understood as protected speech. He has not pled that he was deprived of any established constitutional right as a result of any alleged conduct on the part of Laverty, Gavin, or Prodehl. Accordingly, he has not met the pleading requirements of Rule 8(a) and *Bell Atlantic*, which means that Defendants Laverty, Gavin, and Prodehl are protected by qualified immunity. Therefore, Plaintiff's Amended Complaint, insofar that it is directed toward Defendants Laverty, Gavin, and Prodehl should be dismissed with prejudice in its entirety.

### D.     *Plaintiff is Not Entitled to Punitive Damages*

It is well established law that punitive damages cannot be imposed against municipalities, counties, or school districts in a § 1983 lawsuit. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Youren v. Tintic School District*, 343 F.3d 1296, 1306-7 (10th Cir. 2003). Furthermore, school district employees sued in their official capacities are also not liable for punitive damages because the lawsuit is merely the functional equivalent of a suit against a municipality or school district. *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000). Additionally, punitive damages may only be awarded against a defendant sued in his individual capacity when that defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of

others. *Smith v. Wade*, 461 U.S. 30, 56 (1983). In the present case, Plaintiff has not pled that the alleged conduct of Laverty, Gavin, and/or Prodehl was "motivated by evil motive or intent," or that their actions involved "reckless or callous indifference to the federally protected rights" of Plaintiff. As such, Plaintiff cannot seek punitive damages against either Laverty, Gavin, or Prodehl in their individual capacities under either federal or Illinois law.

Lastly, Plaintiff is also precluded from obtaining punitive damages against Valley View based on Illinois law. The Local Governmental and Governmental Employees Tort Immunity Act provides that punitive damages may not be awarded against a governmental entity such as Valley View School District. 745 ILCS 10/1-206.

## II. Arguments Against Individual Counts in Plaintiff's Amended Complaint

### A. *Counts IX and XII are not Brought Against Defendants Valley View, Laverty, Gavin, or Prodehl*

In both Counts IX and XII, Plaintiff has specifically indicated in his Amended Complaint that said Counts are being brought only against Defendant Hampton. Accordingly, Defendants Valley View, Laverty, Gavin, and Prodehl will not address the allegations set forth in Counts IX and XII.

### B. *Count I*

In Count I of his Amended Complaint, Plaintiff alleges that he was deprived of his First Amendment Right to Free Speech in that his right to "stand" was violated. As explained above, there is no clearly established constitutional right to "stand." Furthermore, Plaintiff has not provided any allegations in his Amended Complaint that could lead this Court to conclude that the alleged conduct by the Plaintiff was the type of expressive conduct protected under the First Amendment. As such, Count I should be dismissed with prejudice.

C.   *Count II*

The complained of conduct in Count II (unreasonable search and seizure) is directed only at Defendant Hampton and/or "Defendant Bollingbrook [sic] Police officer." However, if it is Plaintiff's position that Count II is also directed toward Defendants Valley View, Laverty, Gavin, and/or Prodehl, Plaintiff has clearly not met the pleading requirements of Rule 8(a) and *Bell Atlantic* with respect to the allegations in Count II. Specifically, there are no allegations whatsoever against Valley View, Laverty, Gavin, and/or Prodehl. Therefore, insofar that Count II is directed toward these four Defendants, it should be dismissed with prejudice.

D.   *Counts III and IV*

In Count III of his Amended Complaint, Plaintiff has alleged deprivation of his Fourteenth (equal protection) and Fifth (due process) Amendment rights. However, in Count III, he merely concludes that he was not afforded his due process safeguards at the expulsion hearing. There are no equal protection allegations in Count III. As for Count IV, Plaintiff only alleges that he was deprived of his due process rights under Illinois law. Therefore, since Plaintiff has not presented any allegations with respect to "equal protection," Plaintiff's argument regarding "due process" need only be addressed.

On March 13, 2008, all of the parties to this matter appeared before Judge John W. Darrah for an evidentiary hearing regarding Plaintiff's motion for injunctive relief. Prior to this hearing, all of the parties were allowed to submit briefs setting forth their respective positions concerning Plaintiff's allegations that he was deprived his due process rights with regard to the events leading up to the expulsion hearing, as well as during the expulsion hearing itself. During the March 12, 2008 evidentiary hearing, all parties were allowed to call witnesses who provided testimony concerning the events surrounding the expulsion hearing.

9

After reviewing the parties' briefs and hearing the evidence, Judge Darrah issued a Memorandum Opinion and Order (a copy of which is attached hereto as Exhibit "D") wherein he ruled that Plaintiff's due process rights were not violated. As such, the issue as to whether or not Plaintiff's due process rights have been violated has already been ruled upon by this Court, and since it found no such violation, Counts III and IV should be dismissed with prejudice.

E.　　*Counts V, VI, and VII*

As with many of the Counts in Plaintiff's Amended Complaint, Counts V, VI and VII (ethnic and racial discrimination) intermingle and misinterpret various legal principles and result in only legal conclusions. In these three Counts, it appears that Plaintiff is alleging ethnic and racial discrimination against Valley View, Laverty, Gavin, and Prodehl based on both federal and Illinois law. It appears that Plaintiff is alleging that, because of his race and ethnicity, he was falsely imprisoned, assaulted by a policeman, cited for violations of Illinois law, deprived of Due Process, and had his First Amendment right to "stand" violated.

With respect to the allegations of false imprisonment, assault, and violations of Illinois law, Plaintiff has not directed any of these allegations against Valley View, Laverty, Gavin, and/or Prodehl. Therefore, insofar that Plaintiff contends that false imprisonment, assault, and violations of Illinois law are being brought against these four Defendants, said allegations do not meet the minimum pleading requirement set forth in Rule 8(a) and *Bell Atlantic*, as none of the complained of conduct is directed toward them.

With regard to Plaintiff's allegations that his Due Process and First Amendment rights were violated, Valley View, Laverty, Gavin, and Prodehl have already set forth their arguments above, describing how Plaintiff has not pled, and cannot demonstrate, that either his Due Process or First Amendment rights have been violated in any manner whatsoever. Therefore, Plaintiff's

allegations of ethnic and racial discrimination in Counts V, VI and VII, whether based on federal or Illinois law, should be dismissed with prejudice.

### F.    *Count VIII*

In Count VIII of his Amended Complaint, Plaintiff is alleging assault pursuant to Illinois law. Although Plaintiff does not specifically indicate that Count VIII is not being brought against Defendants Valley View, Laverty, Gavin, and/or Prodehl, none of the complained of conduct in Count VIII is directed against these four Defendants. Rather, it appears that Count VIII is only being brought against Defendant Hampton. Therefore, if Plaintiff is bringing Count VIII against Valley View, Laverty, Gavin, and/or Prodehl, this Count should be dismissed with prejudice as to these Defendants since absolutely no allegations are made against them, in violation of the pleading requirements of Rule 8(a) and *Bell Atlantic*.

### G.    *Count X*

Count X of Plaintiff's Amended Complaint alleges "deprivation of right to counsel." The complained of conduct in Count X are directed only against Defendant Hampton. Accordingly, based on the requirements of Rule 8(a), Plaintiff has not met his minimum pleading requirements with respect to Count X insofar that he is bringing Count X against Valley View, Laverty, Gavin, Prodehl. If that is the case, Count X should be dismissed with prejudice.

### H.    *Count XI*

In Count XI of his Amended Complaint, Plaintiff alleges that he has been denied the property right of a free public education while, at the same time, conceding that he has been offered the opportunity to attend an alternative school. Contrary to Plaintiff's assertions, property interests are created by state law, not the federal Constitution. See *Goss v. Lopez*, 419 U.S. 565 (1975). In *Goss,* the court held that the fact that a state funded education is a protected

property interest only entitles a student to the due process protections of notice and an opportunity to be heard if that property interest is allegedly at risk, as when a student is faced with expulsion. *Id.* at 581. As explained above, this Court has already ruled that Plaintiff has been afforded all of his substantive and procedural due process rights in connection with this matter. (See Exhibit "D"). As a result, he cannot properly plead that he has been deprived of a property right under federal law.

In addition to the fact that Plaintiff has received all of his due process protections to which he is entitled, he is also free to enroll in the Premier Academy in Joliet, Illinois (located in close proximity to Bolingbrook) for the period of his expulsion, and he then may be readmitted into Bolingbrook High School after the probationary period. (See Exhibit "C"). This fact is further proof that Plaintiff has not been deprived of any property rights.

### I.     *Counts XIII and XIV*

Count XIII alleges defamation under Illinois. However, this Count fails as well. In Illinois, government officials, such as Laverty, Gavin, and Prodehl, enjoy an absolute privilege from liability for defamatory statements or publications. The privilege is available when the government official was acting within the scope of his or her authority with respect to the defamatory statements complained of. *Barr v. Matteo*, 360 U.S. 564, 569 (1959).

Here, all of the alleged actions on the part of Laverty, Gavin, and Prodehl occurred while they were acting within the scope of their authority. Therefore, they are immune from liability for defamation.

Furthermore, 745 ILCS 10/2-107 provides that a local public entity, such as Valley View School District, is not liable for injuries caused by any action of its employees that is libelous or slanderous. See *Horwitz v. Board of Education of Avoca School District No. 37*, 260 F.3d 602

1180234.1

(7th Cir. 2002) (school board president, principal, and the district were held to be absolutely immune from a teacher's defamation claim). See also *Roberts v. Board of Education, Hazel Crest School District No. 152 1/2, Cook County, Illinois,* 25 F.Supp. 866 (N.D. Ill. 1988) (individual members of the board of education were immune from liability for alleged defamation).

Count XIV alleges defamation under § 1983. However, Plaintiff is precluded from bringing this type of claim against Valley View, Laverty, Gavin, and Prodehl. A plaintiff's allegation that is based solely on the charge of defamation is not sufficient to state a claim under § 1983 unless the act by the public official significantly altered a protected status previously recognized by state law. *Paul v. Davis*, 424 U.S. 693, 710-711 (1976). Furthermore, a person's interest in his good reputation alone, apart from a more tangible interest, is not a liberty or property interest sufficient to create a cause of action under § 1983. *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004).

Based on the foregoing, it is clear that Plaintiff has not properly pled, and cannot plead or demonstrate, a legally recognized cause of action for defamation under either Illinois law or § 1983. Plaintiff's allegations in Count XIV are once again extremely vague and do not contain sufficient facts or particularity to meet the minimum pleading requirements of Rule 8(a) and *Bell Atlantic*. Significantly, Plaintiff does not even state what the defamatory statements are of which he complains. As noted above, Defendants Valley View, Laverty, Gavin, and Prodehl simply cannot be liable for defamation under either Illinois or federal law. Accordingly, both of these Counts should be dismissed with prejudice.

### J.  *Count XV*

Although Count XV is very unclear with respect to the allegations therein, it appears that Plaintiff is alleging that he suffered discrimination pursuant to § 504, 29 U.S.C. § 794, or based on the Americans with Disability Act, by way of § 1983. It also appears that Plaintiff is requesting an Individual Education Program ("IEP"). However, Plaintiff has not properly pled a claim in this regard because § 1983 cannot be used in connection with a claim for an IEP. See *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 60-64 (1st Cir. 2002). If Plaintiff is actually alleging that he was discriminated against based on a disability (which he has failed to specifically describe), he also cannot bring such a claim under § 1983, as he is precluded from doing so under Title VI. Furthermore, it is well settled law that Plaintiff is precluded from using § 1983 to bring a cause of action under § 504. See *Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985); *Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002); and *Holbrook v. City of Alpharetta Georgia*, 112 F.3d 1522, 1531 (11th Cir. 1997).

In Count XV, Plaintiff again alleges that he was deprived of his Due Process and other unnamed constitutional rights. (Presumably, his alleged constitutional right to "stand"). As explained above, this Court has already found that all of Plaintiff's Due Process rights were protected in this matter. Additionally, as noted above, there is no constitutional right to "stand."

Based on the above, it is patently clear that Plaintiff has not properly pled, nor can he successfully plead, that he was discriminated against in any manner whatsoever based on any alleged disabilities. As such, Count XV should be dismissed with prejudice.

### CONCLUSION

WHEREFORE, based on for forgoing, Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, TIMOTHY GAVIN, and STEVEN PRODEHL

respectfully request that this Honorable Court dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice.

                                      CLAUSEN MILLER P.C.

By:   /s/ Brian J. Riordan
       BRIAN J. RIORDAN (ARDC No. 6237969)
       briordan@clausen.com

By:   /s/ Anthony P. Ulm
       ANTHONY P. ULM (ARDC No. 6244038)
       aulm@clausen.com

BRIAN J. RIORDAN
ANTHONY P. ULM
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone: 312-606-7805
Facsimile: 312-606-7777
Counsel for Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, TIMOTHY GAVIN, and STEVEN PRODEHL

1180234.1