OFFICE OF THE DEAN - STUDENT REFERRAL FORM

75747

| VALLEY VIEW PUBLIC SCHOOLS COMMUNITY UNIT 365U  Incident Report Of Student Misconduct | Name of Student: Roger Coronado  Age:  Grade: | Date and Time of Incident: 2/4/08  SB-6A |
|---|---|---|

Parent/Guardian: (Name/Address/Telephone No.)
213 Bedford Road Bol- 60440
Rogelio Coronado   630-209-1724 @ 8:30
                   630-963-9090   2/7/08

Date/Time Contacted:
Notation:

### DESCRIPTION OF INCIDENT INVOLVING STUDENT MISCONDUCT

Roger was seen by myself posturing with a large group in the cafeteria who were flashing gang signs at a group of Gangster Disciples.

STUDENT'S SECTION: The above offenses have been explained to me and I have had the opportunity to respond to them; my signature shall not be taken as an admission of guilt of the offense(s) alleged. Further, should I be externally suspended from school, I understand I may not enter upon the property of the Valley View Schools, during the period of suspension, unless and until appropriate authorization is first obtained.

Student's Signature: Roger Coronado   Date:

**Action Taken By Faculty Member**
( ) Teacher's Detention(s):
( ) Personal Conference with Student:
( ) Parent Contacted By Telephone:
( ) Letter Sent Home:

Referring Faculty Member: T. Gavin

#15

**Action Taken By Dean's Office**
(X) Student Conference   ( ) Detention(s) Issued   Number of:
(X) Parent Conference    ( ) Int. Adjust. Center   Total Days:
( ) B.I.C.               (X) External Suspension   Total Days: 10
( ) ____                 ( ) Saturday Detention    Date:
                         (X) Expulsion Candidate   Admin Council:

IA/Ext Dates: From: 2/07/08
IA/Ext Dates: Thru: 2/21/08
Return to Classes On: 2/22/08

**DEAN'S SUMMARY:**
20.D Fighting Mob Action
40.B Subversive Organization
School Board Policy 7:194 sec. 2

**NOTICE TO PARENTS OR GUARDIAN**
1. The purpose of this is to inform you of a disciplinary incident involving your child.
2. You are urged to support the action taken by the teacher/Dean and to cooperate with the corrective action initiated today.
3. This Incident Report has been reviewed with your child, as indicated by his/her signature above, and the above indicated disciplinary action has been imposed. If you have any questions please call the Dean.

Dean's Signature:   Date: 2/7/08

| DISTRIBUTION | WHITE Office of the Dean | YELLOW Parents/Guardian | PINK Referring Teacher | GOLDENROD Student's Counselor |
|---|---|---|---|---|

EXHIBIT A

177-109-05

# VALLEY VIEW PUBLIC SCHOOLS
## COMMUNITY UNIT DISTRICT 365-U

Date: 1/7/08

To: **Dean of Students**

From: _____

Re: Incident of _____
(Date & Time)

**Memorandum of Incident**

Office Use Only

It is requested that the person submitting this Memorandum, accurately describe what occurred, regarding the incident and, indicate who, if anyone, also was present and observed the incident. If you have knowledge of any events which led up to this incident, please indicate those events also. **PLEASE PRINT!**

1. I just got up and try to see if my friends
2. where goin to need help or something because
3. there were a lot of them other guys on the
4. there side so I got up to help
5.
6.                                                    Roger Coronado
7.
8. I have seen this statement
9.
10. ① Rogelio Coronado
11. ② Bianca Coronado
12.

Signature _____   Title _____   Date _____

Copies:   White - Student File   [EXHIBIT B]   Pink - Person Submitting Memorandum   Form 444

# Valley View Public Schools
# Community Unit 365U

## District Hearing Officer's
### Report on
### Hearing For Expulsion

In Re: _Roger Coronado_
_9th - Bolingbrook High School_

FILE LETTER: __X__

**SECTION I**

That a report of the incident of student's misconduct, introduced by the representative of the school's administration, was received in evidence as Exhibit #1, without objection, copy of which is attached hereto.

**SECTION II**

That said student was charged by the Administration with the following offense(s):

1. Fighting/Mob Action
2. Subversive Organizations

**SECTION III**

That the "Student/Parent Handbook", noting specifically offense(s) as stated in Section II above, which provides information about school rules, regulations, policy and state laws relating to attendance, discipline, disruptions, suspension, expulsion, etc., was received in evidence as Exhibit __#2__, without objection, copy of which is incorporated herein by reference.

**SECTION IV**

That, _____ Mr. Nicholas Detman, Dean, Bolingbrook High School _____ on _Monday_, _February 4, 2008_ noting, heretofore described rules infraction(s) of the Student Code of Conduct, as enumerated in the Student/Parent Handbook of this school, reviewed said rule infraction(s) with said student, as was the disciplinary action that was then and there imposed; that the legal guardian was notified of said "preliminary hearing" as evidenced by a letter entered, without objection, as Exhibit __#3__, copy of which is attached hereto.

**SECTION V**

That Notice of a Due Process Hearing, dated February 11, 2008, was sent and received by student's parent/guardian, at family residence of record.

A. Service by certified mail, a copy of said notice, was received in evidence as Exhibit # __4__, without objection. Copy of which is attached hereto and made a part hereof.

B. A waiver of Notification By Certified Mail was entered into evidence as Exhibit # _____, without objection, copy of which is attached hereto and made a part hereof.

**SECTION VI**

That Notice of Hearing, and listing of charges thereon, constituted a reasonable means of informing the student and _____ his parents _____ of the matters to be considered at the Hearing; and, that no requests pertaining to said Hearing, the method of content or conduct of same, were raised prior to, or at, said Hearing, from the student or his parents.

Page -1


EXHIBIT C

**District Hearing Officer's**
**Findings of Fact At The Hearing For Expulsion**

In Re: <u>Roger Coronado</u>
9th - Bolingbrook High School

**SECTION VII**

That a statement report - written by the student and acknowledged to be his/her own, introduced by the administration, was received in evidence as Exhibit # __5__, without objection, copy of which is attached hereto.

**SECTION VIII**

That the following people were present at the Hearing on _____ Tuesday _____
__February 19, 2008_____, at _____11:00 a.m._.

| | |
|---|---|
| Steven J. Prodehl | District Hearing Officer |
| Mr. Rob Lathrope | Dean, Bolingbrook High School |
| Mr. Rogelio Coronado | Father of Student |
| Ms. Blanca Coronado | Mother of Student |
| Roger Coronado | Student (15 yoa) |

**SECTION IX**

That representatives of the administration testified to the matters at issue and were questioned by the student and student's Parents, and other parties present; and, that the student and student's __parents__ testified to the matters at issue and were questioned by representatives of the administration and other parties present.

**SECTION X**

A. [XXX] - That the student admitted to the charge(s) as made by the administration and that no evidence - oral or written - was introduced to counter or disclaim the charges as stated by the school administration in Section II, supra.

B. [ ] - That the student denied the charge(s) regarding as made by the administration and that no evidence was introduced by the student to counter or disclaim the charges as stated by the school administration in Section II, supra.

See attached Exhibit #_____

C. [ ] - That student did not appear at the Hearing

**SECTION XI**

That representatives of the administration submitted the following items of physical evidence, which furnishes or tends to furnish proof and, demonstrates, makes clear, or ascertains the truth of the very fact or point(s) in issue:
Exhibit #_____
Exhibit #_____
Exhibit #_____
Exhibit #_____

**SECTION XII**

At the Hearing the student related the following: The Student, Roger, stated that he was in his regular lunch period and sat at a table with Michael Clinton and Eric Del Angel whom he knows. Another big group of people came to sit down of whom he kind of knows a few of them. A security guard came and checked peoples ID's to see if anyone was cutting classes. Roger believed that a number of people were cutting. The guard took down everyone's names and then left. A student walked towards their table and looked at the table as if he wanted to start something. Someone from their table walked towards that student to talk to him. Suddenly, a large group of people jumped up and stood behind the other student and then his table of people stood up and went behind their guy as if to protect him. Both sides started throwing gang signs at each other and yelling gang slogans. Roger stated that he did walk over and lent support to his table, some of whom he knows are Latin Kings. Roger stated that he did not throw any gang signs or shout any gang slogans. Roger stated he does not belong to any gang. Roger stated that he should have acted differently and what he did was very stupid, especially when he is not that good of friends with any of them.

**District Hearing Officer's
Findings of Fact At The Hearing For Expulsion**

In Re: *Roger Coronado*
*9th - Bolingbrook High School*

**SECTION XIII**

At the Hearing the student's parent/guardian related the following: The father stated that he is very surprised at his son. His son has never been in trouble before and is a good kid at home. They had plans for him to go to college and they have even hired a tutor for him on Saturdays with a math teacher at the College of DuPage for two hours a session because he has trouble with math. Their family are all involved in the community, in sports, playing and coaching, and they try to monitor his friends. He agrees with the school in their efforts to combat the gangs, but they believe their son got caught up in the moment and did something stupid. They ask that the Board look at his son as an individual, find that he is a good kid and not expel him.

**SECTION XIV**

That student and student's parents were _____Cooperative_____ during the Hearing.

**SECTION XV**

That a copy of Resume of Disciplinary Action, with supporting documentation, and introduced by the administration, was received in evidence as Exhibit # __6__, without objection, copy of which is attached hereto. The student's disciplinary record not related to the incident leading to the expulsion charge(s) was not admissible at the Hearing as having any effect or bearing on proof or disproof of the charges as made. The record was considered, however, after a determination of guilt was made, by the administration, and had an effect on the severity of the punishment they recommended. The record, therefore, will be made available to the Board, if it has reached a conclusion of guilt on the part of the student, it may then be considered in its deliberation as to the severity of the penalty to be imposed.

**SECTION XVI**

That a Teacher's Report - written by the student's teachers and acknowledged to be their evaluation, introduced by the administration, was received in evidence as Exhibit # __7__, without objection, copy of which is attached hereto.

**SECTION XVII**

That a Counselor's Report - written by the student's counselor and acknowledged to be his/her own, introduced by the administration, was received in evidence as Exhibit # __8__, without objection, copy of which is attached hereto.

**SECTION XVIII**

Hearing Officer was appointed, and Hearing was conducted, pursuant to express authorization of Illinois Revised Statutes, Chapter 122, Section 10-22.6, which is incorporated herein by reference.

**SECTION XIX**

That student and his/her parent/guardian were advised of the invitation extended to them by the School Board, to appear before that body at said meeting wherein their child's alleged misconduct will be deliberated upon and conclusions regarding disciplinary action reached thereat.

　　DATE:　　　*Friday, February 22, 2008*

　　TIME:　　　*6:30 P.M.*

　　LOCATION:　*District Administration Center*

**SECTION XX**

That the recommended disciplinary action, arrived at by the school's administration after reviewing student's entire disciplinary file, is as follows:

1. *Expulsion for Two (2) Semesters, the Second Semester of the 2007-08 School Year and the First Semester of the 2008-09 School Year, including no summer school.*

2. *Student not be permitted upon the campus of the Valley View Schools during the period of expulsion.*

3. *Student be placed on a Disciplinary Probation Contract, upon reentry.*

4. *The expulsion be stayed and the Student be allowed to attend Premier Academy for the period of his expulsion.*

**SECTION XXI**

That according to the Dean's Office, student is not currently, and has not been, nor is student being considered a candidate for Special Education.

# Valley View Public Schools
## Community Unit 365U

*District Hearing Officer's*
*Conclusions and Recommendation*

In Re: **Roger Coronado**
*9th - Bolingbrook High School*

**SECTION XXI**

Student, by his actions, is guilty of:

1. Fighting/Mob Action
2. Subversive Organizations

all in violation of the Student Code of Conduct while enrolled as an 9th grade student at the Bolingbrook High School during the Second Semester, 2007/08 school year.

Hearing Officer, having conducted an impartial due process hearing, concur with the recommendations of the Administrative Council, to wit:

1. That student be expelled for Two (2) Semesters, the Second Semester of the 2007-08 School Year and the First Semester of the 2008-09 School Year, including no summer school.

2. That student be prohibited from entering upon the campus or buildings of the Valley View School District during the period of expulsion.

3. That student, upon reentry, be placed on a Disciplinary Probation Contract.

4. That the expulsion be stayed and the Student be allowed to attend Premier Academy for the period of his expulsion.

Sincerely,

*[signature]*

Steven J. Prodehl
District Hearing Officer

Note: This matter has been turned over to the Bolingbrook Police Department for further action, if any.

# VALLEY VIEW PUBLIC SCHOOLS
# COMMUNITY UNIT 365U

## DISTRICT HEARING OFFICER'S REPORT

Student Name: Roger Coronado

Address: 213 Bedford, Bolingbrook, IL. 60440

Phone #: 630-783-8620

Date: 02-19-08     Case File Letter: ___X___     Student's age: 15 yoa

School: Bolingbrook High School     Grade level: 9th

Credits Earned To-Date: 1.5     Rank In Class: 1168/1299

Grade Point Average: 0.6667     Days Missed To-Date: 11

Is Student currently or being considered candidate for Special Education? NO

Date and time of incident: 02-04-08

Description of incident: The Student was seen by security posturing with a large group in the cafeteria who were flashing gang signs at a group of Gangster Disciples.

Charges Made by School:   (1) Fighting/Mob Action
                          (2) Subversive Organizations

Notice of Hearing Mailed/Delivered: Certified and Regular Mail dated February 11, 2008.

Present at the Hearing:   (1) Steven J. Prodehl, Hearing Officer
                          (2) Mr. Rob Lathrope, Dean
                          (3) Mr. Rogelio Coronado, Father
                          (4) Ms. Blanca Coronado, Mother
                          (5) Roger Coronado, Student

Student Attended Hearing: Circle One: YES

**Hearing Officer Recommendation:**

(1) The Hearing Officer concurs with the School's recommendation that the Student be expelled for Two (2) Semesters, the Second Semester of the 2007-08 School Year and the First Semester of the 2008-09 School Year, including no summer school. The expulsion be stayed and the Student be allowed to attend Premier Academy for the period of his expulsion.

First Time Offender Recommendation:         Circle One: NO

Summary of Student/Parent Statement: The Student, Roger, stated that he was in his regular lunch period and sat at a table with Michael Clinton and Eric Del Angel whom he knows. Another big group of people came to sit down of whom he kind of knows a few of them. A security guard came and checked peoples ID's to see if anyone was cutting classes. Roger believed that a number of people were cutting. The guard took down everyone's names and then left. A student walked towards their table and looked at the table as if he wanted to start something. Someone from their table walked towards that student to talk to him. Suddenly, a large group of people jumped up and stood behind the other student and then his table of people stood up and went behind their guy as if to protect him. Both sides started throwing gang signs at each other and yelling gang slogans. Roger stated that he did walk over and lent support to his table, some of whom he knows are Latin Kings. Roger stated that he did not throw any gang signs or shout any gang slogans. Roger stated he does not belong to any gang. Roger stated that he should have acted differently and what he did was very stupid, especially when he is not that good of friends with any of them.

The father stated that he is very surprised at his son. His son has never been in trouble before and is a good kid at home. They had plans for him to go to college and they have even hired a tutor for him on Saturdays with a math teacher at the College of DuPage for two hours a session because he has trouble with math. Their family are all involved in the community, in sports, playing and coaching, and they try to monitor his friends. He agrees with the school in their efforts to combat the gangs, but they believe their son got caught up in the moment and did something stupid. They ask that the Board look at his son as an individual, find that he is a good kid and not expel him.

Parents informed of all rights and opportunities of appeal
Resulting from this hearing?                 Circle One:   NO

Parents attended the hearing:                Circle One:   YES

Note: This matter has been turned over to the Bolingbrook Police Department for further action, if any.

Case 1:08-cv-01254   Document 77-2   Filed 05/01/2008   Page 9 of 13
Case 1:08-cv-01254   Document 60-5   Filed 04/23/2008   Page 1 of 5
Case 1:08-cv-01254   Document 43   Filed 04/03/2008   Page 1 of 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER CORONADO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1254 |
| v. ) | |
| ) | Judge John W. Darrah |
| VALLEYVIEW PUBLIC SCHOOL ) | |
| DISTRICT, 365-U; UNIDENTIFIED ) | |
| BOLINGBROOK POLICEMAN; ) | |
| DON LAVERTY; T. GAVIN; and ) | |
| STEVEN PRODEHL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Currently pending is Plaintiff Roger Coronado Jr.'s motion for injunctive relief. Plaintiff was expelled from Bolingbrook High School after a hearing, based on his participation in a confrontation between several black and Hispanic male students in the school cafeteria during a lunch period. Plaintiff seeks a Court Order requiring Defendant Valleyview Public School District to convene a second hearing regarding Plaintiff's expulsion and to lift the expulsion order until that hearing takes place. On March 13, 2008, the parties appeared before this Court at an evidentiary hearing, at which Plaintiff and Defendants called several witnesses who testified regarding the events leading up to Plaintiff's expulsion. Both sides have submitted written closing arguments.

A party seeking a preliminary injunction must show: "(1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village*



Case 1:08-cv-01254  Document 77-2  Filed 05/01/2008  Page 10 of 13
Case 1:08-cv-01254  Document 60-5  Filed 04/23/2008  Page 2 of 5
Case 1:08-cv-01254  Document 43  Filed 04/03/2008  Page 2 of 5

*of Washington Park*, 378 F.3d 613, 619 (7th Cir. 2004). Here, Plaintiff's motion for injunctive relief must be denied because (1) Plaintiff can show no reasonable likelihood of success on the merits and (2) the injunction would harm the public interest.

The pre-expulsion hearing was conducted by the board before an independent hearing officer. The Plaintiff and his parents were present, and the written charges forming the basis for the expulsion were presented to the Plaintiff and his parents. Plaintiff argues that Defendants violated his due process right to an expulsion hearing in that he was not permitted to confront his accusers, no interpreter was provided for his parents – who Plaintiff claims speak limited English – and Defendants did not keep an adequate record of the hearing.

The Seventh Circuit addressed the due process requirements for expelling a student in *Remer v. Burlington Area School District*, 286 F.3d 1007 (7th Cir. 2002) (*Remer*). In *Remer*, the court summarized the due process requirements for expulsion procedures: "To comport with due process, expulsion procedures must provide students with an opportunity to be heard." *Remer*, 286 F.3d at 1010 (citing *Linwood v. Board of Educ. of the City of Peoria*, 463 F.2d 763 (7th Cir. 1972) (*Linwood*)). However, the proceedings need not "take the form of a judicial or quasi-judicial trial." *Remer*, 286 F.3d at 1010 (quoting *Linwood*, 463 F.3d 770). "As long as the student is given notice of the charges against him, notice of the time of the hearing and a full opportunity to be heard, the expulsion procedures do not offend due process requirements." *Remer*, 286 F.3d at 1010-11 (citing *Betts v. Board of Educ. of the City of Chicago*, 466 F.2d 629 (7th Cir. 1972) (*Betts*)).

2

Case 1:08-cv-01254    Document 77-2    Filed 05/01/2008    Page 11 of 13
Case 1:08-cv-01254    Document 60-5    Filed 04/23/2008    Page 3 of 5
Case 1:08-cv-01254    Document 43      Filed 04/03/2008    Page 3 of 5

Plaintiff first argues that Defendants were required to afford him the opportunity to confront his accusers at the expulsion hearing. Plaintiff cites *Colquitt v. Rich Township High School District*, 1998 WL 476734 (Ill. App. 1st Dist. 1998), in support of his contention. However, the overwhelming majority of courts that have addressed the question have held that a student facing expulsion does not have such a right. *See e.g. Witvoet v. Hersher Community Unit School Dist. No. 2*, 1998 WL 156916 (C.D. Ill. 1998); *Wagner v. Fort Wayne Community Schools*, 255 F.Supp.2d 915, 926 (N.D. Ind. 2003); *B.S. v. Board of Trustees, Fort Wayne Community Schools*, 255 F.Supp.2d 891, 900 (N.D. Ind. 2003). Furthermore, the evidence presented by Defendants at the evidentiary hearing shows that, during the hearing, Plaintiff did not dispute that he had engaged in the alleged conduct. Steven Prodehl, the hearing officer, testified that Plaintiff admitted to the alleged conduct. Prodehl's written report also indicates that Plaintiff admitted to the alleged conduct. Where the student admits the conduct with which he or she is charged, "the function of procedural protections in insuring a fair and reliable determination of the retrospective factual question . . . is not essential." *Betts*, 466 F.2d at 633. Thus, there was no violation of due process on account of any lack of opportunity to cross-examine.

Plaintiff next argues that Defendants should have provided an interpreter for his parents, who he claims speak limited English. However, the evidence in this case shows that an interpreter was not needed. Prodehl testified that, at the hearing, Rob Lathrope, Dean of Bolingbrook High School, asked Plaintiff's parents if they needed an interpreter and that Plaintiff's father said that they did not. Prodehl also testified that Plaintiff's parents asked questions at the hearing. Furthermore, Prodehl's report indicates that Plaintiff's father made a

3

Case 1:08-cv-01254   Document 77-2   Filed 05/01/2008   Page 12 of 13
Case 1:08-cv-01254   Document 66-5   Filed 04/23/2008   Page 4 of 5
Case 1:08-cv-01254   Document 43   Filed 04/03/2008   Page 4 of 5

statement at the hearing regarding Plaintiff's education, activities and future plans as well as his own views of the school's efforts to combat gang activity. Thus, the Court finds that an interpreter was not necessary in this case.

Finally, Plaintiff argues that Defendants did not keep adequate records of the hearing. Illinois law requires that the hearing officer "report to the board a written summary of the evidence heard at the meeting." 105 ILCS 5/10 - 22.6. Here, Prodehl created a six-page report summarizing the events at the hearing. Plaintiff has not offered any support for his view that a more extensive written record was required.

The injunction Plaintiff seeks would harm the public interest. Defendants have a clear interest in protecting the ability to maintain order in the school through the use of suspensions and expulsions. James Mitchell, the principal of Bolingbrook High School, testified that there are presently 3,700 students in the school, that approximately one third is black, one third is Hispanic and one third is white, and that there are between seven to nine street gangs active in the school. Mitchell related the danger to students posed by altercations between large numbers of students and the importance of preventing small-scale confrontations between students from growing into these more serious events. Because of this, Mitchell testified, it is necessary to deter students from backing or lending support to students who are threatening or preparing to fight. Considering Mitchell's testimony, it is clear that Defendants require the authority to punish conduct such as that of Plaintiff if they are to provide a safe school environment. To order Defendants to readmit Plaintiff would diminish that authority and could threaten the safety of students.

For the reasons stated above, Plaintiff has not shown any violation of his due process rights and has, therefore, failed to show any reasonable likelihood of success on the merits. Furthermore, Defendants have shown that granting Plaintiff's motion for injunctive relief would harm the public interest. Therefore, Plaintiff's motion for injunctive relief is denied.

Dated: April 3, 2008

JOHN W. DARRAH
United States District Court Judge

5