IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER CORONADO, JR., by and through his next friend, SHELLEY GILBERT, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 08 C 1254 |
| v. | ) ) | Judge St. Eve |
| VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, et al., | ) ) ) ) | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES**

NOW COME Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U ("Valley View"), DAN LAVERTY ("Laverty"), TIMOTHY GAVIN ("Gavin"), and STEVEN PRODEHL ("Prodehl") (all four Defendants also referred to collectively as "Defendants"), by and through their attorneys, BRIAN J. RIORDAN, ANTHONY P. ULM, and CLAUSEN MILLER P.C., and for their Reply in Support of their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief and for Monetary Damages, state as follows:

I.  **ARGUMENTS AGAINST PLAINTIFF'S SECOND AMENDED COMPLAINT AS A WHOLE**

   A.  **Plaintiff Improperly Cites the Transcript of the Evidentiary Hearing on Plaintiff's Motion for Injunctive Relief**

Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is replete with citations and references to the transcript and exhibits from the evidentiary hearing before Judge Darrah on March 12, 2008 in connection with Plaintiff's

1187506.1

Motion for Injunctive Relief. Said citations and references are irrelevant and improper and should not be considered by this Court when deciding the Defendants' pending Motion to Dismiss. No material from outside the pleadings may be considered by the Court when deciding a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See *Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753-54 (7th Cir. 2002); and *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996).

Accordingly, Defendants respectfully submit that this Court should disregard any and all portions of Plaintiff's Response which cite to the transcript and exhibits from the evidentiary hearing on Plaintiff's Motion for Injunctive Relief.

### B.   Plaintiff's Second Amended Complaint Does Not Meet the Necessary Pleading Requirements Under Federal Law

In response to Defendants' argument that Plaintiff's allegations in his Second Amended Complaint fall short of the requirements set forth in Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1974 (2007), it appears that Plaintiff is simply stating that he "believes" that he has met his necessary pleading requirements. He does not set forth any argument to support his position in that regard. Therefore, Defendants re-assert their position that the Plaintiff's Second Amended Complaint is hopelessly vague and does not set forth sufficient facts to "state a claim to relief that is plausible on its face." As such, Plaintiff's Second Amended Complaint should be dismissed in its entirety due to its violation of Rule 8(a)(2) and the holding in *Bell Atlantic*.

### C.   All of the Counts in Plaintiff's Second Amended Complaint Brought Pursuant to § 1985 Should be Dismissed

As noted in Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint ("Memorandum"), §1985(3) creates a cause of action to

deal with "conspiracies" (i.e., actions of two or more citizens) to deprive a person of rights or privileges guaranteed by The United States Constitution to all of its citizens. Since Plaintiff has not properly alleged a "conspiracy" on the part of Defendants, all of the Counts in his Second Amended Complaint which are brought pursuant to §1985 fail as a matter of law and thus, should be dismissed with prejudice.

In his Response, Plaintiff attempts, for the first time, to allege the necessary elements for a cause of action under §1985(3). However, Plaintiff cannot attempt to "re-plead" in his Response in an effort to cure the defective pleading in his Second Amended Complaint. Furthermore, Plaintiff did not even properly plead a conspiracy on the part of Defendants in his Response.

Moreover, Plaintiff cannot bring his § 1985 claims against Defendants because allegations of class based discrimination under this section are supplanted by Title VI. See *Boulahanis v. Bd. of Regents*, 198 F.3d 633, 641 (7th Cir. 1999) (claims of race based discrimination against school districts must be brought pursuant to Title VI as opposed to § 1985).

### D. Defendants Laverty, Gavin, and Prodehl are All Protected by Qualified Immunity

As noted in Defendants' Memorandum, individuals such as Laverty, Gavin, and Prodehl, who are sued under §1983, are protected by "qualified immunity." The reason that these Defendants are protected by qualified immunity is that their alleged conduct does not violate any clearly established constitutional or federal statutory rights of which a reasonable person would have known, even if a constitutional violation was found. In his Response, Plaintiff unsuccessfully attempts to argue that he has alleged in his Second Amended Complaint that the Defendants violated his constitutional or federal statutory rights which would have been known

by a reasonable person. As thoroughly explained in Defendants' Memorandum, there is absolutely no established constitutional or federal statutory right to "stand", as Plaintiff seems to be alleging. (See pp. 4-6 of Defendant's Memorandum).

Since it is undisputed that Defendants Laverty, Gavin, and Prodehl were all acting within the scope of their employment during the relevant time periods alleged in the Second Amended Complaint, and since Plaintiff has not pled that any conduct on the part of these Defendants violated an established constitutional or federal statutory right, Laverty, Gavin, and Prodehl are all entitled to qualified immunity. As such, any and all counts in Plaintiff's Second Amended Complaint which are directed toward these Defendants should be dismissed with prejudice.

### E.   Plaintiff is Not Entitled to Punitive Damages

In his Response, Plaintiff merely asks the Court to permit him to proceed with discovery in order to show that he can seek punitive damages against the Defendants. However, as explained in Defendants' Memorandum, Plaintiff is not entitled to, and therefore cannot seek, punitive damages against Valley View, Laverty, Gavin, or Prodehl. The case law is clear that punitive damages cannot be imposed against school districts such as Valley View; nor can punitive damages be recovered against Defendants such as Laverty, Gavin, and Prodehl. Defendants' argument and supporting case law regarding punitive damages are set forth on pages 7 and 8 of its Memorandum, and will not be repeated here in order to avoid unnecessary repetition.

Since it is clear at the pleading stage that Plaintiff cannot recover punitive damages against the Defendants as a matter of law, Plaintiff's request for punitive damages should be stricken by the Court at this time.

## II. ADDITIONAL ARGUMENTS AGAINST INDIVIDUAL COUNTS IN PLAINTIFF'S SECOND AMENDED COMPLAINT

### A. Counts IX and XII

In his Response, Plaintiff concedes that Counts IX and XII are not brought against Defendants Valley View, Laverty, Gavin, and/or Prodehl.

### B. Count I

In Count I of his Second Amended Complaint, Plaintiff has alleged that he was deprived of his First Amendment Right to free speech in that his right to "stand" was violated. As thoroughly argued in Defendants' Memorandum (see pp. 4-6 of Defendants' Memorandum), as well as above in this Reply brief, Plaintiff has not alleged any protected First Amendment right of Plaintiff which was violated or infringed upon by Defendants Valley View, Laverty, Gavin, or Prodehl. In the portion of his Response where he discusses Count I (pp. 5 and 6), Plaintiff improperly cites to the transcript from the hearing on the Motion to Injunctive Relief, and therefore, that portion of Plaintiff's argument should not be considered by the Court. However, even if the Court reviewed and considered the aforementioned transcript, there is nothing contained in it which would demonstrate that any First Amendment rights of the Plaintiff were violated during any of the relevant time periods noted in the Second Amended Complaint. As a result, Count I of Plaintiff's Second Amended Complaint should be dismissed with prejudice.

### C. Count II

In Count II of his Second Amended Complaint, Plaintiff appears to be alleging that he was the victim of an unreasonable search and seizure and/or false imprisonment. First of all, there are no substantive allegations against Valley View, Laverty, Gavin, or Prodehl in this

5

Court. Therefore, Count II does not meet the minimum pleading requirements of Rule 8(a) and *Bell Atlantic*.

Notwithstanding Plaintiff's insufficient pleading in Count II, he also cannot bring a claim of false imprisonment as a matter of law via § 1983, based on the allegations pled in his Second Amended Complaint. Students do not have a right to unfettered movement in their schools. School employees, such as the Defendants in the case at bar, who are maintaining discipline in the school, are given broad discretion with regard to supervision and control over students, and can temporarily detain students for disciplinary purposes. See *Wilson ex rel. Adams v. Cahokia School District No. 187*, 470 F. Supp. 2d 897, 914-915 (S.D. Ill. 2007). Accordingly, §1983 cannot be used to bring a false imprisonment claim when a student, such as Plaintiff in the present case, is temporarily detained in his or her school for disciplinary reasons.

Clearly, Count II should be dismissed with prejudice.

**D.     Counts III and IV**

Plaintiff relies almost exclusively on the transcript and exhibits from the March 12, 2008 hearing on the Motion for Injunctive Relief in his Response wherein he discusses Counts III and IV (pp. 7-10 of Plaintiff's Response). As noted above, reliance on the transcript and exhibits is prohibited. Accordingly, the portion of Plaintiff's Response which addresses Counts III and IV has no merit and should not be considered by the Court.

As noted in Defendants' Memorandum, Plaintiff is collaterally estopped from alleging that his due process rights were violated based on the preliminary injunction ruling by Judge Darrah. (See Exhibit "D" of Defendants' Memorandum). Regardless of Judge Darrah's ruling in which he comprehensively explained why there were no equal protection or due process violations, Plaintiff has still not properly alleged a deprivation of his equal protection and due

process rights pursuant to Rule 8(a) and *Bell Atlantic*. The Seventh Circuit Court of Appeals has held in *Linwood v. Board of Education of City of Peoria, School District No. 150, Peoria County, Illinois*, 463 Ill.2d 763 (7th Civ. 1972), that the "type of administrative hearing here involved [an expulsion hearing] need not take the form of a judicial or quasi judicial trial. Due process in the context of a disciplinary hearing in a school district is not to equated with that essential to a criminal or juvenile court delinquency proceeding." The *Linwood* court held that the requirement is an orderly hearing before an impartial tribunal, in which the administration and student present their cases through written evidence and witnesses. *Id.* at 777. Therefore, what the *Linwood* court is saying is that, with respect to school expulsion hearings, there is no right to a formal due process which would occur in a judicial or quasi judicial trial.

Even though formal judicial due process is not a requirement in school expulsion hearings, the undisputed facts, and Judge Darrah's ruling, demonstrate that Plaintiff was afforded all of his equal protection and due process rights to which he was entitled to under both The United States Constitution and Illinois law. Based on the foregoing, Counts III and IV should be dismissed with prejudice.

### E.   Counts V, VI, and VII

On pages 10 and 11 of his Response, Plaintiff attempts to argue that Counts V, VI, and VII should not be dismissed because Defendants Valley View, Laverty, Gavin, and Prodehl were "substantially certain" that the torts alleged in these three Counts would occur. First of all, Plaintiff has never pled in his Second Amended Complaint that the Defendants were "substantially certain" that the alleged torts would occur. Additionally, Plaintiff does not even define what he means by "substantially certain" or the "substantial certainty test", which he refers to on page 10 of his Response. He simply states, without any facts to support his assertion

(in clear violation of Rule 8(a) and *Bell Atlantic*), that due to Plaintiff's race and ethnicity, he was falsely imprisoned, assaulted by a policeman, cited for unnamed violations of Illinois law, deprived of due process, and deprived of his alleged First Amendment Right to "stand." Then, Plaintiff concludes, by applying his undefined "substantial certainty test", that Valley View, Laverty, Gavin, and Prodehl somehow knew that the alleged torts and constitutional deprivations in Courts V, VI, and VII would occur.

Without pleading or defining the terms "substantially certain" and "substantial certainty", thereby failing to meet his minimum pleading requirements, Plaintiff amazingly asks the Court to allow him to proceed with this litigation to try to prove what he terms "transferred intent" (another undefined term that has never been pled) with respect to the aforementioned alleged torts and constitutional violations.

Additionally, Count VI fails to state a cause of action because Plaintiff improperly uses Article X of the Illinois Constitution as the basis for his claim in this Count. More specifically, the term "free" in Article X is used in the monetary sense and simply places the burden of financing education on the public. The word "free" in Article X was not meant to relate to race. See Ill. Const., Art. X, Sec. 1; and *Aurora East Public School Dist. No. 131 v. Cronin*, 92 Ill. 2d 313, 321 (1982).

Count VII is also improperly brought under §1983. Plaintiff is alleging ethnic and racial discrimination in Count VII. Accordingly, he must bring this type of claim under Title VI and not §1983. See *Boulahanis* at 641.

For the above reasons, Counts V, VI, and VII should be dismissed with prejudice.

1187506.1

## F. Counts VIII and X

In his Response, Plaintiff simply "takes a pass" on these two Counts in that he does not set forth any substantive arguments as to why they should not be dismissed. Based on a reading of Counts VIII and X of Plaintiff's Second Amended Complaint, it is clear that they do not meet the minimum pleading requirements with respect to Defendants Valley, Laverty, Gavin, and Prodehl. It appears that Plaintiff is conceding this point since he presents no arguments in his Response other than asking this Court to: "Please see aforementioned 'Substantial Certainty' argument presented in plaintiff's response." Again, Plaintiff does not define what he means by "substantial certainty" in his Response, nor does he include the term "substantial certainty" anywhere in his Second Amended Complaint. Such deficient pleading is improper and in violation of the Federal Rules of Civil Procedure.

With regard to Count X, it is also significant to note that pursuant to the Sixth Amendment to the Constitution, there is no right to counsel until there has been an arraignment. *Kirby v. Illinois*, 406 U.S. 682 (1972). Of course, there is no arraignment in this matter because it is not a criminal proceeding. As a result, there can simply be no claim for "deprivation of counsel" against Valley View, Laverty, Gavin, or Prodehl.

Based on the above, Counts VIII and X should be dismissed with prejudice.

## G. Count XI

In his Response, Plaintiff again erroneously contends that he has a property right to a free public education pursuant to The United States Constitution. (See p. 9 in Plaintiff's Response). Once again, Plaintiff makes this assertion with nothing to support it. Presumably because no such support exists. (See pp. 11 and 12 of Defendants' Memorandum).

9

1187506.1

With regard to Plaintiff's allegations in Count XI that his due process rights were violated in this matter, Defendants have argued at length above, as well as in their Memorandum, that not only has Plaintiff not properly pled that his due process rights were violated, but Judge Darrah has ruled that Plaintiff received all of his substantive and procedural due process protections to which he is entitled. Therefore, Count XI should be dismissed with prejudice.

### H.     Counts XIII and XIV

Plaintiff concedes that Count XIII does not apply to Defendant Valley View (See p. 12 of Plaintiff's Response). Plaintiff has also voluntarily dismissed Count XIV as to all Defendants. (See p. 13 of Plaintiff's Response).

With respect to Count XIII, Plaintiff erroneously contends that Laverty, Gavin, and Prodehl do not have an absolute privilege from liability for defamatory statements or publications because they are not "officials." Plaintiff's argument in this regard is just flat wrong. Many different types of governmental employees of all stripes have been covered by this privilege many times over pursuant to the holdings of both the Illinois and Federal Courts. See *Geick v. Kay*, 236 Ill. App. 3d 868 (2d Dist. 1992); *Gavery v. County of Lake*, 160 Ill. App. 3d 761 (2d Dist. 1987); *Horwitz v. Board of Education of Avoca School District No. 37*, 260 F.3d 602 (7th Cir. 2002).

Since none of the Defendants can be held liable for defamation as a matter of law, Count XIII should be dismissed with prejudice.

### I.     Count XV

On page 13 of his Response, Plaintiff notes that in Count XV, he is not alleging that he was discriminated against based on an alleged disability. Instead, he clarifies that he is only alleging that he has been denied an "appropraite" [sic] education, including not being provided

10

with an IEP. As with the rest of Plaintiff's Second Amended Complaint, his pleading in Count XV is deficient. Before an IEP can be denied, it must first be requested. Nowhere in Count XV has Plaintiff alleged that he ever requested an IEP from Valley View or the other Defendants. (In fact, Plaintiff has never requested an IEP). Therefore, how can the Defendants be liable for refusing to provide Plaintiff with an IEP when an IEP has never been requested? Even assuming, *arguendo*, that Plaintiff had previously requested an IEP and that request was denied, which is not pled, and which is not the case, he must first exhaust all administrative remedies in connection with a request for an IEP before he can file a § 1983 lawsuit alleging denial of an IEP. See *Frazier v. Fairhaven Sch. Comm.*, 275 F.3d 52, 60-64 (1st Cir. 2002).

If Plaintiff is contending that he was denied an "appropriate" education, his pleading in that regard is vague and defective. That is, he appears to alleging that since he has some unidentified disability, the Defendants should have accommodated him with what he terms an appropriate education. However, he does not state what Plaintiff's alleged disability is, or what Defendants did or did not do to allegedly deny him an appropriate education. Furthermore, it is undisputed that Plaintiff has been provided with the opportunity to attend a nearby alternative school in Joliet, Illinois during the time period of his suspension, but he has chosen not to attend this school. Accordingly, an appropriate education has in fact been offered to Plaintiff by the Defendants.

Lastly, although it is far from clear, it appears that Plaintiff is also alleging that the Defendants deprived him of due process rights, the right to a free public education, and other unnamed Constitutional rights, by not accommodating his unidentified disability. As explained above and in Defendants' Memorandum, Plaintiff has not pled any facts in his Second Amended Complaint which support his claims that any of his aforementioned rights were violated by the

11

Defendants. Therefore, it is impossible for these rights to have been violated by Defendants allegedly not accommodating an unknown disability.

Defendants respectfully submit that Count XV should be dismissed with prejudice for the reasons noted above.

### III.  CONCLUSION

WHEREFORE, based on the foregoing and the reasons set forth in their Memorandum, Defendants Valley View, Laverty, Gavin, and Prodehl, by their attorneys, respectfully request that this Honorable Court dismiss Plaintiff's Second Amended Complaint, in its entirety, with prejudice.

CLAUSEN MILLER P.C.

By: /s/ Brian J. Riordan
BRIAN J. RIORDAN  (ARDC No. 6237969)
briordan@clausen.com

By: /s/ Anthony P. Ulm
ANTHONY P. ULM  (ARDC No. 6244038)
aulm@clausen.com

BRIAN J. RIORDAN
ANTHONY P. ULM
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone:  312-606-7805
Facsimile:  312-606-7777
Counsel for Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, TIMOTHY GAVIN, and STEVEN PRODEHL

1187506.1