IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROGER C.,[1] by and through his next friend, )
SHELLEY GILBERT,                              )
                                              )
                    Plaintiff,                )
                                              )        No. 08 C 1254
        v.                                    )
                                              )
VALLEY VIEW PUBLIC SCHOOL                     )
DISTRICT # 365-U, OFFICER ALAN,               )
HAMPTON, DON LAVERTY, TIMOTHY                 )
GAVIN, and STEVEN PRODEHL, in their           )
 official and individual capacities,          )
                                              )
                    Defendants.               )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

        Plaintiff Roger C., a minor, through his next friend Shelley Gilbert, filed the present

fifteen-count Second Amended Complaint against Defendant Valley View Public School

District, as well as individual Defendants Dan Laverty, Timothy Gavin, Steven Prodehl, and

Alan Hampton, in their individual and official capacities, based on his expulsion from

Bolingbrook High School.  Before the Court is Defendant Hampton's Partial Motion to Dismiss

and the remaining Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6).  For the following reasons, the Court grants in part and denies in part Defendants'

motions.

---

    [1]  In cases involving minors, courts refrain from revealing the minor's last name.  *See
Board of Educ. of Tp. High School Dist. No. 211 v. Ross,* 486 F.3d 267, 267 n.1 (7th Cir. 2007).
Despite the fact that Plaintiff's counsel filed the original Complaint in the minor Plaintiff's full
name, the Court will refer to Plaintiff without his last name.  The Court amends the caption to
reflect this change.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.,* 483 F.3d 454, 458 (7th Cir. 2007).  Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) (quotation omitted).  Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007).  Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic,* 127 S.Ct. at 1974; *see also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  Finally, "[t]he consideration of a 12(b)(6) motion is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs."  *Thompson v. Illinois Dep't of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

## BACKGROUND

In his Second Amended Complaint, Roger alleges that he was wrongfully expelled from Bolingbrook High School, which is within the Valley View Public School District.  (R. 63-1, Sec. Amend. Compl. ¶¶ 1, 3.)  More specifically, the school district expelled Roger due to his

alleged participation in a confrontation between several black and Latino students.  (*Id.* ¶¶ 7, 9, 29.)  During the relevant time period, Defendant Don Laverty was Bolingbrook High School's assistant principal and Timothy Gavin was a security officer at the high school.  (*Id.* ¶¶ 4, 5.)  Roger alleges that Defendant Steven Prodehl was a hearing officer for the school district and that Defendant Alan Hampton is a Bolingbrook police officer.  (*Id.* ¶¶ 6, 7.)  In late March 2008, Judge Darrah of this district held an evidentiary hearing regarding Roger's motion for a preliminary injunction and denied the motion on April 3, 2008.  (R. 43-1, Prelim. Injunction Order.)  Roger's appeal of that preliminary injunction order is pending in front of the United States Court of Appeals for the Seventh Circuit.

Roger's Second Amended Complaint contains multiple claims against the Defendants.  Specifically, Roger alleges a First Amendment claim, a Fourth Amendment false imprisonment claim, procedural and substantive due process claims under the Fifth and Fourteenth Amendments, a Title VI discrimination claim, Fifth and Sixth Amendment claims, a Rehabilitation Act claim, and state law claims.

## ANALYSIS

### I.     Statutory Standards

#### A.     Section 1983

Roger brings the majority of his claims under Sections 1983 and 1985 of Title 42.  To state a claim under Section 1983, a plaintiff must allege that a government official (1) acting under color of state law, (2) deprived him of a right secured by the Constitution or laws of the United States.  *Christensen v. County of Boone, Ill.,* 483 F.3d 454, 459 (7th Cir. 2007).  Because Section 1983 provides a mechanism for enforcing rights secured by the Constitution and laws of

the United States, an individual "cannot go into court and claim a violation of § 1983 – for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe,* 536 U.S. 273, 285, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (citation and internal quotations omitted); *see also McCready v. White,* 417 F.3d 700, 703 (7th Cir. 2005) (Section 1983 provides a remedy only for the violation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States).

### B.      Section 1985

Section 1985 is the statutory provision for bringing claims based on a conspiracy to interfere with civil rights. *See* 28 U.S.C. § 1985; *Green v. Benden,* 281 F.3d 661, 666 (7th Cir. 2002). To bring a claim under Section 1985, "a complaint must indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 517 (7th Cir. 2007). As the Seventh Circuit explains, the "minimum ingredient of a conspiracy [] is an agreement to commit some future unlawful act in pursuit of a joint objective." *Redwood v. Dobson,* 476 F.3d 462, 466 (7th Cir. 2007). Accepting Rogers allegations as true, he has failed to allege any facts remotely related to a conspiracy to commit a future unlawful act. Therefore, Section 1985 is not a basis for liability under the circumstances.

## II.      First Amendment Claim  – Count I

In Count I of the Second Amended Complaint, Roger alleges that Defendants violated his First Amendment right to "stand." Roger explains that on February 4, 2008, he was in the cafeteria eating lunch during his scheduled lunch hour and certain gang members who were not authorized to be there were also in the cafeteria. When some of the gang members stood up from

4

their chairs, Roger alleges that he also stood up.  Based on his standing up, Roger alleges that

Valley View School District personnel thought he was involved in a "mob action" and expelled

him from Bolingbrook High School for a year.

The First Amendment protects the freedom of speech and expressive conduct, and

generally prevents the government from proscribing such activities.  *R.A.V. v. City of St. Paul,*

*Minn.*, 505 U.S. 377, 382, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992).  "First Amendment rights,

applied in light of the special characteristics of the school environment, are available to teachers

and students.  It can hardly be argued that either students or teachers shed their constitutional

rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Sch.*

*Dist.,* 393 U.S. 503, 506, 514, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); *see also Morse v. Frederick,*

127 S.Ct. 2618, 2621 (2007).  At the same time, the Supreme Court has held that "the

constitutional rights of students in public school are not automatically coextensive with the rights

of adults in other settings." *Morse,* 127 S.Ct. at 2621 (quoting *Bethel Sch. Dist. No. 403 v.*

*Fraser*, 478 U.S. 675, 682, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986)).  Moreover, the rights of

students "must be applied in light of the special characteristics of the school environment. "

*Hazelwood Sch. Dist. v. Kuhlmeier,* 484 U.S. 260, 266, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988)

(citation and internal quotations omitted).

The First Amendment protects conduct, symbols, and non-verbal speech which express

ideas or convey a message that would likely be understood by the viewer.  *Clark v. Community*

*for Creative Non-Violence*, 468 U.S. 288, 296, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984); *Spence v.*

*State of Washington*, 418 U.S. 405, 409-11, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974).  In *Tinker*, for

example, the Supreme Court recognized that the expressive nature of students wearing black

5

armbands in protest of the Vietnam War was protected speech. *See Tinker,* 393 U.S. at 505-06.

Other examples of protected expressive conduct include the burning of the American flag during

a political demonstration at the 1984 Republican National Convention, *see Texas v. Johnson,* 491

U.S. 397, 406, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989), and the taping of a peace sign on an

American flag in protest of the invasion of Cambodia and the Kent State tragedy, *see Spence,*

418 U.S. at 410.  In short, the First Amendment protects conduct that is inherently expressive.

*See Rumsfeld v. Forum for Acad. & Inst. Rights, Inc.*, 547 U.S. 47, 66, 126 S.Ct. 1297, 164

L.Ed.2d 156 (2006).

    Construing Roger's allegations and all reasonable inferences as true, when he stood up in

the cafeteria, his conduct was not expressive conduct protected by the First Amendment because

there is no indication from Roger's allegations that he intended to convey a particularized

message or that there was a likelihood that the message would be understood by those who

viewed it. *See Texas v. Johnson,* 491 U.S. at 404.  In other words, Roger's standing up is not an

expression of an idea or opinion. *See Brandt v. Board of Educ. of City of Chicago,* 480 F.3d 460,

465-66 (7th Cir. 2007).  As such, Roger's First Amendment claim based on standing up in the

school cafeteria fails as alleged.  The Court dismisses this aspect of Roger's First Amendment

claim without prejudice.

    Roger also alleges that Officer Hampton made him sign an admission of wrongdoing that

violated his First Amendment right to free speech – an allegation that Officer Hampton fails to

address in his legal memoranda.  Indeed, the "First Amendment securely protects the freedom to

make – or decline to make – one's own speech." *Eldred v. Ashcroft,* 537 U.S. 186, 221, 123

S.Ct. 769, 154 L.Ed.2d 683 (2003).  Put differently,  the "First Amendment guarantees 'freedom

of speech,' a term necessarily comprising the decision of both what to say and what ***not*** to say."

*Riley v. National Fed. of the Blind of NC, Inc.,* 487 U.S. 781, 796-97, 108 S.Ct. 2667, 2677

(1988) (emphasis in original).  As such, Officer Hampton, as a government actor, cannot force

Roger to say something he would not otherwise say.  *Id*. at 795; *Rumsfeld,* 547 U.S. at 63

(compelled-speech cases include the government forcing one speaker to accommodate another

speaker's message).  Therefore, Roger has stated a First Amendment claim based on Officer

Hampton allegedly forcing him to sign a confession.  The Court thus denies Officer Hampton's

motion to dismiss this aspect of Count I.

## III.    Fourth Amendment Claim – Count II

Next, Roger alleges that Officer Hampton violated his Fourth Amendment rights because

Officer Hampton falsely imprisoned him.  Specifically, Roger alleges that three days after the

altercation in the cafeteria, he was taken from his first period class and handed over to Officer

Hampton based on Defendant Gavin's complaint of the cafeteria incident.  (Sec. Amend. Compl.

¶¶ 10, 11.)  While at the Bolingbrook police "sub-station" at the high school, Roger alleges that

Officer Hampton falsely imprisoned him.

Although Roger brings his claim pursuant to his Fourth Amendment right to be free from

unreasonable searches and seizures, Officer Hampton frames his argument in the context of a

state law false imprisonment claim.  *See Meerbrey v. Marshall Field & Co., Inc.,* 139 Ill.2d 455,

474, 151 Ill.Dec. 560, 564 N.E.2d 1222 (Ill. 1990); *see also Evans v. City of Chicago,* 434 F.3d

916, 927 (7th Cir. 2006) (under Illinois law, false imprisonment is a traditional, common law

tort).  Nonetheless, based on Roger's allegations which took place in a school setting, the Court

must address Roger's claim in the context of whether he was "seized" within the meaning of the

Fourth Amendment.  *See Doe v. Heck,* 327 F.3d 492, 510 (7th Cir. 2003) ("A person has been 'seized' within the meaning of the Fourth Amendment if, in view of all of the circumstances surrounding the incident, a reasonable person would not have believed that he was free to leave."); *Wallace by Wallace v. Batavia Sch. Dist.*, 68 F.3d 1010, 1014 (7th Cir. 1995) ("in the context of a public school, a teacher or administrator who seizes a student does so in violation of the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent.").

Construing his allegations as true, Roger alleges that Officer Hampton falsely imprisoned him, Officer Hampton did not have probable cause to do so, and that Roger knew he was imprisoned and unable to leave – allegations which state a claim for relief that is plausible on its face.  *See Bell Atlantic*, 127 S.Ct. at 1974.  Nevertheless, Officer Hampton argues that because "[s]chool personnel possess power over students, and school personnel are permitted a degree of supervision and control that cannot be exercised over free adults," Roger's false imprisonment claim fails as a matter of law.  *See Bell v. Marseilles Elementary Sch. Dist.,* No. 00 C 2553, 2001 WL 818897, at *5 n.6 (N.D. Ill. Mar. 7, 2001) (citation omitted).  The *Marseilles* opinion involved whether a search of eighth graders' gym lockers was unreasonable and does not speak to false imprisonment or seizure claims made in the context of a school setting.  *See id.* Although the legal statement in the *Marseilles* footnote is certainly true, *see Vernonia Sch. Dist. v. Acton,* 515 U.S. 646, 656, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995), Officer Hampton's argument is incomplete and inappropriate at this procedural posture where the Court must construe all factual allegations in Roger's favor.

Moreover, Officer Hampton's reliance on a Southern District of Illinois case is misplaced

because the false imprisonment claim there was based on Illinois common law and the doctrine of *in loco parentis* shielding schools from common law tort liability. *See Wilson ex rel. Adams v. Cahokia Sch. Dist.,* 470 F.Supp.2d 897, 914-15 (S.D. Ill. 2007). The United States Supreme Court, however, has rejected the argument that school officials act *in loco parentis* in all public school situations, and thus are exempt from the dictates of the Fourth Amendment. *See New Jersey v. T.L.O.,* 469 U.S. 325, 335-37, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Specifically, "[i]n carrying out searches and other disciplinary functions pursuant to such policies, school officials act as representatives of the State, not merely as surrogates for the parents, and they cannot claim the parents' immunity from the strictures of the Fourth Amendment." *Id.* at 336-37. Therefore, Officer Hampton's reliance on the *Wilson* decision is misplaced.

Because Officer Hampton has failed to present any legal authority that the alleged seizure of Roger was reasonable as a matter of law, the Court denies his motion to dismiss Count II of the Second Amended Complaint. *See Daniel S. v. Board of Educ. of York Cmty. High Sch.,* 152 F.Supp.2d 949, 953 (N.D. Ill. 2001).

**IV.    Fifth and Fourteenth Amendment Due Process Claims – Counts III and XI**

**A.    Procedural Due Process Claim – Count III**

Next, in Count III of his Second Amended Complaint, Roger brings a procedural due process claim alleging that his expulsion hearing failed to have the necessary procedural safeguards. The Seventh Circuit has explained the procedural due process requirements when a school district expels a student:

> To comport with due process, expulsion procedures must provide the student with a meaningful opportunity to be heard. The proceedings need not, however, take the form of a judicial or quasi-judicial trial. As long as the student is given notice of the charges against him, notice of the time of the hearing and a full opportunity

to be heard, the expulsion procedures do not offend due process requirements.

*Remer v. Burlington Area Sch. Dist.,* 286 F.3d 1007, 1010-11 (7th Cir. 2002) (internal citations and quotations omitted).

In support of their argument that Roger has failed to properly allege a procedural due process claim, Defendants rely on Judge Darrah's findings of fact and conclusions of law in his preliminary injunction order. A preliminary injunction order, however, is not the "law of the case" because it is not a decision on the merits, but instead is used to preserve the status quo. *See Matter of Oil Spill by Amoco Cadiz Off Coast of France*, 954 F.2d 1279, 1292 (7th Cir. 1992) (citation omitted); *see also MacDonald v. Chicago Park Dist.,* 132 F.3d 355, 357-58 (7th Cir. 1997) ("decision to grant or to deny a preliminary injunction is not a decision on the merits of the plaintiff's suit.") (citation and quotations omitted). In other words, the "granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy, is not conclusive on the court on a subsequent hearing, and concludes no rights of the parties." *Hunter v. Atchison, T. & S. F. Ry. Co.,* 188 F.2d 294, 298 (7th Cir. 1951) (citation omitted). Therefore, the Court must address Roger's allegations in Count III under the federal notice pleading standards. *See* Fed.R.Civ. P. 8(a)(2).

Accepting his allegations as true, Roger alleges that he and his parents attended a school district hearing concerning his expulsion and that they requested a Spanish speaking interpreter, which certain Defendants denied. (Sec. Am. Compl. ¶¶ 14, 15.) Roger also alleges that he did not have an opportunity to prepare or gather witnesses for his expulsion hearing. (*Id.* ¶ 16.) Although these allegations are simple, Roger has set forth sufficient facts at this procedural stage that he was not given a full opportunity to be heard because he did not have an opportunity to

10

prepare for the hearing. *See Remer,* 286 F.3d at 1011. Put differently, Roger alleges that he did

not have an opportunity to present his side of the story. *See Martin v. Shawano-Gresham Sch.*

*Dist.,* 295 F.3d 701, 705 (7th Cir. 2002) (citing *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42

L.Ed.2d 725 (1975)). As such, Roger's factual allegations raise his "right to relief above the

speculative level." *See Bell Atlantic,* 127 S. Ct. at 1959. Therefore, the Court denies

Defendants' motion to dismiss Count III of the Second Amended Complaint.

Meanwhile, there are no allegations that Officer Hampton and Security Officer Gavin had

any personal involvement regarding the school district's hearing as to Roger's expulsion. For an

individual to be liable under Section 1983, he or she must have personal involvement in the

decision-making allegedly amounting to a violation of the plaintiff's constitutional rights. *See*

*Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003). Because there are no allegations

that Officer Hampton or Security Officer Gavin were involved in Roger's expulsion hearing, the

Court dismisses these individual Defendants from Roger's procedural due process claim without

prejudice.

### B.    Substantive Due Process Claim – Count XI

In Count XI, Roger sets forth what appears to be a substantive due process claim alleging

that Defendants deprived him of his right to a public education. Substantive due process under

the Fourteenth Amendment bars "certain governmental actions regardless of the fairness of the

procedures used to implement them." *Wudtke v. Davel,* 128 F.3d 1057, 1062 (7th Cir. 1997)

(citation omitted). The touchstone of substantive due process is "protection of the individual

against arbitrary action of government." *Dunn v. Fairfield Comm. High. Sch.,* 158 F.3d 962, 965

(7th Cir. 1998). In the context of a school disciplinary hearing, a substantive due process

violation must be based on an "extraordinary departure from established norms." *Dunn,* 158 F.3d at 966; *see also Brown v. Plainfield Cmty. Consolidated Dist.,* 500 F.Supp.2d 996, 1002 (N.D. Ill. 2007).

Roger fails to allege facts that Defendants' actions were so egregious that they were arbitrary in a constitutional sense. *See Dunn,* 158 F.3d at 966 (plaintiff's substantive due process rights are not violated every time a state actor causes harm). As the Seventh Circuit directs, a plaintiff must allege facts that the defendants' conduct was "intended to injure in some way unjustifiable by ***any*** government interest." *Id.* (emphasis in original). There are no allegations in the Second Amended Complaint that would support any such claim. As such, Roger has failed to allege "enough facts to state a claim to relief that is plausible on its face" *see Bell Atlantic,* 127 S.Ct. at 1974, and thus the Court dismisses Count XI without prejudice.

## V.    Due Process Claim Based on Illinois Law – Count IV

In his next claim, Roger alleges that Defendants violated his due process rights afforded by 105 ILCS 5/10-22.6, which is entitled "Suspension or expulsion of pupils, school searches." A violation of state law, however, "is not a denial of due process, even if the state law confers a procedural right." *Osteen v. Henley,* 13 F.3d 221, 225 (7th Cir. 1993); *see also Hudson v. City of Chicago,* 374 F.3d 554, 564 (7th Cir. 2004) (failure to conform with procedural requirements under state law does not constitute a federal due process violation) (citations omitted). Instead, procedural due process rights stem from the United States Constitution. *See id.*; *Cleveland Bd. of Ed v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Court thus dismisses Roger's claim based on the Illinois statute with prejudice.

Roger also alleges that Defendants violated his due process rights under Article X of the

Illinois Constitution.  Article X states in pertinent part: "The State shall provide for an efficient system of high quality public educational institutions and services.  Education in public schools through the secondary level shall be free."  ILCS Const. Art. 10, § 1.  In short, Article X mandates free public education through the secondary level.  *See Brugger v. Joseph Acad., Inc.,* 202 Ill.2d 435, 446, 269 Ill.Dec. 472, 479, 781 N.E.2d 269, 276 (Ill. 2002).  Simply put, Article X cannot afford any due process rights because it is state law.  *See Osteen,* 13 F.3d at 225.  Instead, Article X is the basis for Roger's property interest in his education.  *See Goss v. Lopez,* 419 U.S. 565, 572, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (property interests are not created by the Constitution, but are created and defined by an independent source such as state law); *see also Stratton v. Wenona Cmty. Unit Dist.,* 171 Ill.App.3d 640, 643, 122 Ill.Dec. 61, 63, 526 N.E.2d 201, 203 (Ill.App. Ct. 1988), *rev'd on other grounds*, *Stratton v. Wenona Cmty. Unit Dist.,* 133 Ill.2d 413, 141 Ill.Dec. 453, 551 N.E.2d 640 (Ill. 1990).  Because the Illinois Constitution does not confer procedural due process rights, the Court dismisses Count IV with prejudice.

## VI.    Ethnic (National Origin) and Race Discrimination Claims – Counts V, VI, and VII

In Count V, Roger brings a race and national origin discrimination claim under Title VI of the Civil Rights Act of 1964.  *See* 42 U.S.C. § 2000d.  Title VI prohibits "discrimination under any program or activity receiving Federal financial assistance" based on "race, color, or national origin."  *See Boulahanis v. Board of Regents,* 198 F.3d 633, 641 (7th Cir. 1999) (quoting 42 U.S.C. § 2000d); *see also Alexander v. Sandoval*, 532 U.S. 275, 279, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001).  Because Section 2000d prohibits discrimination by recipients of federal funding, the individual defendants cannot be held liable for violations of Title VI.  *Cf. Smith v.*

*Metropolitan Sch. Dist. Perry Twp.,* 128 F.3d 1014, 1018-19 (7th Cir. 1997) (Title IX); *see also*

*Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1169 (11th Cir. 2003) (collecting cases). The

Court thereby dismisses the individual Defendants from Count V with prejudice.

　　　　Meanwhile, in his Second Amended Complaint, Roger alleges that the school district

"signaled" him out because of his race and ethnicity and expelled him because he is Mexican-

American. Roger specifically alleges that he was falsely accused of "mob action" and being a

member of a gang because he is Mexican-American. Roger also alleges that he is not a member

of a gang nor has he ever been associated with a gang. These allegations are sufficient to put the

school district on notice of Roger's Title VI claim in which he alleges that the school district

intentionally discriminated against him based on his race and national origin. As such, Roger

has "state[ed] a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1974. The

Court thus denies Defendants' motion to dismiss Count V as to the school district.

　　　　Next, Count VI, based on Article X of the Illinois Constitution, fails to state a claim

because Title VI is the appropriate mechanism for bringing race and national origin

discrimination claims in a school setting. *See, e.g., Bryant v. Board of Educ.,* No. 06 C 5697,

2008 WL 1702162, at *4 (N.D. Ill. Apr. 9, 2008). The Court thus dismisses Count VI from this

lawsuit with prejudice. Last, because private actions based on Title VI cannot be brought under

Section 1983 – due to Title VI's comprehensive enforcement scheme – the Court dismisses

Count VII with prejudice because it is based on Section 1983. *See Alexander v. Chicago Park*

*Dist.,* 773 F.2d 850, 856 (7th Cir. 1985).

## VII.　　Assault Claims – Counts VIII and IX

　　　　In Count VIII of the Second Amended Complaint, Roger alleges a common law tort

14

claim of assault against Officer Hampton.  In Count IX, Roger sets forth an assault claim against Officer Hampton based on the United States Constitution.  In his motion to dismiss, Officer Hampton does not challenge the state law claim in Count VIII, but argues that the Constitution does not provide for an assault claim as alleged in Count IX.  The Court agrees.

Mere allegations of a state law infraction do not necessarily support a constitutional claim brought pursuant to Section 1983.  *See J.H. ex rel. Higgin v. Johnson,* 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."); *see also McCready v. White,* 417 F.3d 700, 703 (7th Cir. 2005) (Section 1983 provides a remedy only for the violation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States).  Moreover, Roger does not bring an excessive force claim against Officer Hampton.  *See Meyer v. Robinson,* 993 F.2d 734, 739 (7th Cir. 1993) (state law assault does not necessarily violate an individual's constitutional right to be free from the use of excessive force).  Likewise, Roger does not allege that he was deprived a liberty interest under these circumstances.  *See Wallace by Wallace v. Batavia School Dist.*, 68 F.3d 1010, 1015 (7th Cir. 1995).  As such, the Court grants Officer Hampton's motion to dismiss Count IX of the Second Amended Complaint without prejudice.

## VIII.   Right to Counsel – Count X

In Count X, Roger brings a claim against Officer Hampton based on his Sixth Amendment right to counsel.  Roger's claim must fail because an individual's "Sixth Amendment right to counsel attaches at the initiation of adversary judicial proceedings, whether by way of formal charge, indictment, information, or arraignment."  *Watson v. Hulick,* 481 F.3d 537, 542 (7th Cir. 2007) (citing *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d

15

411 (1972)).  Because no adversarial judicial proceedings were initiated against Roger, he had no

Sixth Amendment right to counsel under the circumstances.  Therefore, the Court grants Officer

Hampton's motion to dismiss Count X.

## IX.    Self-Incrimination – Count XII

Next, Roger alleges that Officer Hampton violated his Fifth Amendment right to remain

silent.  This claim fails as a matter of law because even if Roger had made an incriminating

statement, any such statement was not used in a criminal proceeding.  *See Sornberger v. City of*

*Knoxville, Ill.,* 434 F.3d 1006, 1023 (7th Cir. 2006) (citing *Chavez v. Martinez,* 538 U.S. 760,

123 S.Ct. 1994, 155 L.Ed.2d 984 (2003)).  Simply put, a Section 1983 claimed based on the

"Self-Incrimination Clause, requires, at the very least, the initiation of a legal proceeding."

*Sornberger,* 434 F.3d at 1024.  Because no legal proceedings were initiated against Roger, his

Fifth Amendment self-incrimination claim fails.  The Court thereby grants Officer Hampton's

motion to dismiss Count XII.

## X.    Defamation Claims – Counts XIII and XIV

### A.    State Law Defamation Claim

In Count XIII, Roger brings a state law defamation claim, and in Count XIV, Roger

alleges a defamation claim pursuant to Section 1983.  Under Illinois law, a "statement is

defamatory if it tends to harm a person's reputation to the extent that it lowers that person in the

eyes of the community or deters others from associating with that person."  *Tuite v. Corbitt,* 224

Ill.2d 490, 501, 310 Ill.Dec. 303, 866 N.E.2d 114 (Ill. 2006); *see also Knafel v. Chicago Sun-*

*Times, Inc.,* 413 F.3d 637, 639 (7th Cir. 2005).  To establish a common law defamation claim

under Illinois law, a plaintiff must allege "that the defendant made a false statement about her;

16

that the defendant caused an unprivileged publication of the statement to a third party; and that the publication of the statement harmed her." *Knafel,* 413 F.3d at 639 (citing *Parker v. House O'Lite Corp.*, 324 Ill.App.3d 1014, 258 Ill.Dec. 304, 756 N.E.2d 286 (Ill. App. Ct. 2001)).

Here, the individual Defendants argue that because they are governmental officials and were acting within their scope of authority, they are immune from liability as to Roger's common law defamation claim. *See Barr v. Matteo,* 360 U.S. 564, 569 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Whether the individual Defendants were acting within the scope of their authority, however, is a factual question because the scope of Defendants' immunity is related to the scope of their authority. *See Doe v. McMillan,* 412 U.S. 306, 319-20, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973) ("scope of immunity from defamation suits should be determined by the relation of the publication complained of to the duties entrusted to the officer"). Because the Court cannot resolve factual disputes at this procedural posture, the individual Defendants' immunity arguments are best left for summary judgment. *See Cook v. Winfrey,* 141 F.3d 322, 331 (7th Cir. 1998) ("factual question[s]" are "not appropriately resolved on a motion to dismiss the complaint"). Accordingly, the Court denies the individual Defendants' motions to dismiss Count XIII of the Second Amended Complaint.

Meanwhile, the school district argues that as a local public entity, it cannot be liable for the conduct of its employees. The Court agrees. Section 107 of the Illinois Tort Immunity Act provides that, "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous." 745 ILCS 10/2-107. Based on the this statute, the school district cannot be sued for the allegedly defamatory remarks made by its employees. *See Horwitz v. Board of Educ. of Avoca School Dist.,* 260 F.3d 602, 617 (7th Cir. 2001). The Court

17

therefore dismisses Roger's defamation claim in Count XIII against the school district with prejudice.

### B.     Constitutional Defamation Claim

Next, Roger's Section 1983 defamation claim in Count XIV fails because "defamation alone, of course, is not something that is ordinarily cognizable under § 1983." *Pitts v. City of Kankakee, Ill.,* 267 F.3d 592, 596 (7th Cir. 2001) (citing *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)); *see also Atwell v. Lisle Park Dist.,* 286 F.3d 987, 993 (7th Cir. 2002) ("defamation, a tortious injury to reputation, is not a constitutional tort").  Also, injury to reputation – by itself – is not a liberty interested protected by the Fourteenth Amendment.  *See Paul,* 424 U.S. at 708-09.  Thus, any defamatory statements made by the individual Defendants are not actionable under Section 1983.  The Court dismisses Count XIV with prejudice.

## XI.     Rehabilitation Act Claim – Count XV

In Count XV of his Second Amended Complaint, Roger brings a claim under Section 504 of the Rehabilitation Act.  *See* 29 U.S.C. § 794, *et seq.*  Specifically, Roger alleges that the school district discriminated against him based on his learning disability and his parent's limited knowledge of the English language.  Roger also mentions the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, alleging that he was not afforded certain rights under the IDEA because he is non-white and of Mexican descent.

Roger's factual allegations concerning his Rehabilitation Act claim do not "raise a right to relief above the speculative level." *Bell Atlantic,* 127 S.Ct. at 1959.  More specifically, Roger fails to describe his disability and how he is qualified for the benefits that he seeks.  *See Wisconsin Cmty. Servs., Inc. v. City of Milwaukee,* 465 F.3d 737, 748 (7th Cir. 2006).  In addition, Roger's attempt to merge this claim with his due process claim only confuses matters.

18

Because Roger has failed to allege "enough facts to state a claim to relief that is plausible on its face," *see Bell Atlantic,* 127 S.Ct. at 1974, the Court grants Defendants' motion to dismiss Roger's Rehabilitation Act claim in Count XV without prejudice.

In addition, because the Rehabilitation Act authorizes lawsuits only against public entities, any claims against the individual Defendants are dismissed with prejudice. *See Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119-20 (7th Cir. 1997). The Court further notes that because the Rehabilitation Act has its own comprehensive enforcement scheme, Roger need not resort to the more general provisions of Section 1983 to bring a Rehabilitation Act claim. *See Alexander v. Chicago Park Dist.,* 773 F.2d 850, 856 (7th Cir. 1985).

Finally, there is no indication from the Second Amended Complaint that Roger is disabled within the meaning of the IDEA, that the school district devised an Individualized Education Program (IEP) program for Roger, or that Roger's parents challenged the school district's application of the IDEA. *See Disability Rights Wis., Inc. v. Walworth County Bd. of Supervisors,* 522 F.3d 796, 802-03 (7th Cir. 2008). As such, Roger has failed to allege "enough facts to state a claim to relief that is plausible on its face" concerning his claim under the IDEA. *Bell Atlantic,* 127 S.Ct. at 1974. The Court thereby dismisses any such claim without prejudice.

## XII.    Official Capacity Claims

Because Roger's claims against Defendants Laverty, Gavin, and Prodehl in their official capacity are claims against Valley View School District, the Court dismisses Roger's official capacity claims against these individual Defendants as redundant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985) (official capacity suits brought against individuals are "another way of pleading an action against an entity of which an

officer is an agent."). Likewise, any official capacity claims against Officer Hampton are claims against the Village of Bolingbrook. *See id.* Because Roger fails to allege any basis for Bolingbrook's liability as a municipality, the Court dismisses Roger's official capacity claims against Officer Hampton and the Village of Bolingbrook. *See Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## XIII.   Punitive Damages

Roger seeks punitive damages, as well as compensatory damages and attorney's fees pursuant to 42 U.S.C. § 1988. Defendants argue that Roger cannot seek punitive damages against the school district or its employees sued in their official capacities. Indeed, municipalities are immune from punitive damages for constitutional violations brought pursuant to Section 1983. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60, 263, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) ("Compensation was an obligation properly shared by the municipality itself, whereas punishment properly applied only to the actual wrongdoers."). It is well-established that school districts are considered municipalities for Section 1983 purposes. *See, e.g., King ex rel. King v. East St. Louis Sch. Dist.,* 496 F.3d 812, 817 (7th Cir. 2007). The Court thus strikes Roger's claims for punitive damages brought in his Section 1983 claims against the school district and the individual Defendants in their official capacity.

## XIV.   Qualified Immunity

Finally, as to Roger's constitutional claims brought pursuant to Section 1983, the individual Defendants argue that they are protected by qualified immunity. *See Saucier v. Katz,* 533 U.S. 194, 201-02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Sain v. Wood,* 512 F.3d 886, 893 (7th Cir. 2008). "[A] complaint is generally not dismissed under Rule 12(b)(6) on qualified

immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001). Indeed, a

plaintiff need not plead factual allegations that anticipate and overcome the defense of qualified

immunity. *See id.*; *Doe v. GTE Corp.,* 347 F.3d 655, 657 (7th Cir. 2003) ("Affirmative defenses

do not justify dismissal under Rule 12(b)(6)."). Because Defendants' qualified immunity

arguments are based on an undeveloped record, the Court denies Defendants' motions as to this

issue. Defendants may renew their qualified immunity defense later in these proceedings. *See*

*Fairley v. Fermaint,* 482 F.3d 897, 901-02 (7th Cir. 2007) (rule that interlocutory appeal clock

starts ticking when district court conclusively denies motion on qualified immunity "relieves

public officials from any pressure to take what may be premature appeals from orders declining

to dismiss complaints.").

## CONCLUSION

For these reasons, the Court grants in part and denies in part Defendants' Motions to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Dated:** June 23, 2008

**ENTERED**

**AMY J. ST. EVE**
**United States District Judge**

21