**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Roger C. by and through his next friend, Shelley Gilbert | ) |
| Plaintiff, | )Civil Action: 08cv1254 |
| v. | )Judge St. Eve |
| Valleyview Public School District, 365-U | )Magistrate Judge Schenkier |
| Alan Hampton, Bollingbrook Police, Ind.-Off Cap. | ) |
| Don Laverty, Off.-Indiv. Capacities | ) |
| Timothy Gavin, Off.-Indiv. Capacities | ) |
| Steven Prodehl, Off.-Indiv. Capacities | ) |
| Defendants. | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE DISMISSALS OF COUNTS X & XII

NOW COMES Plaintiff Roger C. Jr., with his Next Friend, Shelley Gilbert, both of them through Counsel, Christopher C. Cooper, and present this Honorable Court with their Motion seeking Reconsideration of the Court's decision to dismiss Counts X and XII (5th Amendment violation [right against Self-Incrimination] and 6th Amendment notice of a right counsel during questioning as to crimes) as to Defendant-Policeman Alan Hampton. (See Doc. 102).


STANDARD OF LAW

Plaintiff, through counsel, filed a response (Doc. 91) to Defendant-Officer Hampton's motion to dismiss (Doc. 68). The Court's opinion of June 24, 2008 (Doc. 102) dismissed Counts X and XII. The Document (102) may be silent as to whether the dismissals of Counts X and XII are with or without prejudice.  Therefore, the undersigned presents an argument for reconsideration in the event that the Court intended the dismissals to be with prejudice.

A party can succeed on a motion for reconsideration if he\she can show a manifest error of law or newly discovered evidence. *LB Credit Corp.,49 F.3d at 1267*. Arguably, F.R.C.P. 59(e) may apply to a motion to dismiss.

The undersigned does not believe that there has been a manifest error of law; rather, but for a poor quality photo copy of the citation (see attached, DF. Exh. 5, the copy of the citation in issue), a more convincing argument that Roger was entitled to "Miranda rights" to include a Fifth Amendment protection against self-incrimination could have been presented by the plaintiff. This position bodes with the newly discovered evidence prong found in *LB*

1

*Credit Corp.,49 F.3d at 1267.*  In this motion for reconsideration, the plaintiff's counsel conveys to the Honorable Court his conclusions yielded from having probed the citation with computer software (enlargement, etc.) a few days ago, pursuant to writing a reply brief for plaintiff's appeal as to injunctive relief.

In the past, plaintiff's counsel had been unable to decipher much of the language on the [very] illegible citation known as Defendants' Exhibit 5. The copy quality presents many challenges to the reader of the citation. It has always been clear from the illegible photocopy that Roger had been cited for the crime of Disorderly Conduct (of the type referred to a mob action) and that he had an April 9, 2008 court date. A probing of the citation shows (especially, when the reader focuses on areas of the citation designated by plaintiff's counsel- - to be presented in paragraphs that follow in this document) that Roger was deserving of "Miranda" rights.

What follows is plaintiff's argument in support of his motion for reconsideration, part and parcel of a request for reinstatement of Counts X and XII.  Regarding Count X, it was intended as a 5th Amendment right to counsel [pursuant to police questioning of a suspect]. It was not the intent of plaintiff's counsel to suggest that a 6th Amendment right to counsel had attached. He takes responsibility for any misunderstanding.

For F. R. C. P. 8(a)(2) sufficiency, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Complaint  must allege sufficient facts to state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly*, *127 S. Ct. 1955, 1959 (2007).*  Of significance, plaintiff's Second Amended Complaint represents a "Fact pleading" when all that is and was required in the federal court is Notice pleading. Plaintiff believes that the with the information presented in this memorandum in support of motion coupled with his Second Amended Complaint, he has satisfied F.R.C.P 12(b)(6) and F.R.C.P. 8(a)(2).

## ARGUMENT

(1)    On February 7, 2008 plaintiff was taken by school security from his first period class to the police sub/liaison station located within the high school (Dist. Ct. Trans. 63: 23-25;*64:1-3)and handed over to police, accused by Defendant-School Security Guard Gavin of Posturing (see DF. Exh. 4).

(2)    Inside of the police sub-station, Bollingbrook, Illinois Policeman Alan Hampton, a man who described himself for the District Court as "250" pounds and "6'6" inches in height (Dist. Ct. Trans. 126:1-4) assaulted and falsely imprisoned the child-plaintiff. (Dist. Ct. Trans. 64:7-11;*65:6-25*67: 1-25*67:1-25*68: 1-25*70: 1-25;*83: 22-25; *84: 1-7). The District Court took judicial notice that the child-plaintiff is approximately 5'5 to 5'6, 140 to 150 pounds.(Ibid. ; Dist. Ct. Trans. 126:16-20).

(3)    The officer shouted hysterically, assaulting plaintiff with violent gestures (Dist. Ct. Trans. 70:9-12;*65:6-11;*67:21-25l*68:1-10) and that the officer slammed a door against the chair in which student Michael Clinton sat (Ibid., at 67:23) because Michael would not sign a document. Plaintiff believed that defendant-officer would strike him next. (Dist. Ct. Trans. 68:8-10). By threat of violence, the officer coerced the plaintiff to sign a "referral-complaint (a witness statement prepared in part by Defendant Gavin, see DF. Exh. 4, and labeled as PF. Exh. 3), and that on the document was Defendant Gavin's accusation that plaintiff had engaged in Posturing. (Ibid.).[1]

(4)    Shortly thereafter, the defendant-officer coerced plaintiff to handwrite a confession (see DF. Exh. 3 [the confession] and Trans. 67:3-15;70:11-12;83: 22-25;84:1-7). And, that Officer Hampton **testified** that **based upon the confession** (along with a complaint by Defendant Gavin for Posturing**,** DF. Exh 3), **he had "Probable Cause"** therefore, cited-charged Roger for violations of criminal laws (Ibid., 68:10-18;57:10-25;58:1-3;57:20-25;58:1-25;59:8-11).

(5)    When Roger was asked at the District Court hearing what he thought would happen to him if he did not comply with Officer Hampton's order to write a confession, Roger stated:

---

[1] While Defendant Hampton did not participate in the expulsion hearing, he did participate in the expulsion process. Plaintiff's counsel asserts that the "process" is the larger variable having many components including the expulsion hearing. The expulsion process was initiated by Defendant Hampton. Although Officer Hampton is not employed by the Defendant School District, he did have in his possession, suspension paperwork (plural). These were a blank confession document and a referral-complaint [DF. Exh 4] filled out in part by Defendant Gavin (PF. Exh. 3; Dist. Court Trans. 65:10-11*66: 3-25*67: 1-15) and that the document alleged that (Ibid., 70: 2-21) Roger had Postured and thrown gang signs (see DF. Exh. 4). Additionally, Officer Hampton did telephone both Mr. And Mrs. Coronado (Dist. Ct. Trans. 108: 14-16; 118:10) to inform them that Roger was being suspended/expelled.

"**Probably get hit or get slammed by the door or arrested or—I don't know what would happen on that day.**" (Ibid. at 70:11-12; 68:8-10).

(6)     The Copy of the citation (DF. Exh. 5) submitted by the defense is not very legible. What words can be read convey that Officer Hampton wrote a citation self-described as a "NON TRAFFIC COMPLAINT and ARREST TICKET" (see top left- hand corner of the citation). Alongside and atop the space for DEFENDANT, Officer Hampton wrote "Coronado, Roger."   In the space asking the policeman to name the criminal offense Officer Hampton wrote the crime of  "Disorderly Conduct."[2]  There is even a space denoted **"Defendant's Signature"** (see bottom right). Yet all of the defendants have suggested (without any proof whatsoever) that the citation is not for a criminal offense.[3] The citation says that it is for a criminal offense. Roger understood the citation to be for criminal offense, the police understand it to be for a criminal offense, and the Will County Circuit Court defines the filing as for a criminal offense.

(7)     The difference of opinion between plaintiff's counsel and defendants' counselors could be whether the criminal violation is for a municipal code violation or a state code violation.

(8)     Officer Hampton's counsel and counsel for the other defendants want this Court to hold that if the statute cited by Officer Hampton (within the body of the citation) is for a local crime-ordinance verses a State crime, then the Fourth and Fifth Amendment do not apply. This logic is flawed, since the real issue is when [is it that] a person's right against self-incrimination attaches.

(9)    The plaintiff, a 15 year-old child who had just become 15, had a right [to] not be coerced to write a confession, a right to counsel and right to remain silent. *In re Gault 387 U.S. 1 at 47-49; 87 S. Ct. 1428; 18 L. Ed. 2d 527 (1967).* The plaintiff had these rights since there was intent by all defendants to inculpate the child-plaintiff for crimes (that is why the

---

[2] And that a Mob Action describes the type of alleged disorderly behavior.
[3] The defendants' (not just Mr. Hampton, but all defendants) counsel's search of legal databases for a municipal statute denoted as Chapter 19, sec. 501 turned up nothing. Disorderly Conduct is defined at 720 ILCS.  The plaintiff will assume that 19 sec. 501 exists, but that it is a crime, based on the title of the citation inscribed on it and on the words inscribed on the ticket, Roger's understanding, and Roger's April 9 court date in a Will County Court.

citation is called an ARREST TICKET) especially by way of confession coerced by Officer Hampton. (Ibid.) (*Cf. G.O., 191 Ill. 2d 37; 727 N.E.2d 1003 (2000)*).

(10)    The defendants wrongly argue that plaintiff was not entitled to Miranda warnings because, they say, [that] a criminal process was not under way. **A criminal process was under way.** The defendants' own criminal citation (DF. Exh. 5) describes Roger's actions as a crime.  Once, again, "…. the availability of the privilege' –Fifth Amendment—'does not turn upon the type of proceeding' but upon the nature of the statement or admission and the exposure which it invites." *In re Gault at 49.*[4]  Roger had an April 9, 2008 court date. "The 'privilege' of 'self-incrimination' may, for example, be claimed in a civil or administrative proceeding if the statement is or may be inculpatory." (Ibid.). Roger was to be prosecuted by a State's Attorney had his father not paid the $50.00 fine but for his father having paid the fine.[5]  The defendants are wrong in their explanation of when Miranda rights are to be administered. **Simply because the citation is a bench appearance notice verses a custodial arrest does not mean that a criminal process was not initiated against Roger.**

(11)    The hearing officer, Defendant Prodehl, admitted at the hearing in the district court that he used the coerced confession as evidence against Roger in deciding whether or not to recommend expulsion  (at p.8 & Trans. 23:20-25*24:1-5 & DF. Exh. 6, p.2, sec. VII).

WHEREFORE, Plaintiff respectfully asks this Honorable Court to vacate its order dismissing Counts X and XII.

RESPECTFULLY SUBMITTED, 25 June 2008
By s\Christopher C. Cooper, ESQ., PhD., Counsel for Plaintiff
Faculty Office: 3700 W. 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 or 219 228 4396 FAX: 866 334 7458;  cooperlaw3234@gmail.com

---

[4] By violence on another student (Trans.67:21-25) and threats of violence to Roger, Officer Hampton coerced a confession from the child plaintiff. (Trans. 70:9-12;65:6-11;68:1-10).
[5] The defendants' counsel states that Roger Coronado Jr. signed the citation. (See, p.6). Mr. Riordan is aware that Roger's father paid the citation.  Roger Coronado Jr. had no knowledge until the hearing before Judge Darrah that his father had paid the ticket.

**CERTIFICATE OF SERVICE\PROOF OF SERVICE**

The undersigned, counsel for the plaintiff hereby certifies that on June 26, 2008 he filed the foregoing in ECF and that all defendants are registered e-filers.

s\Christopher Cooper,  Dated:  25 June 2008