# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1254 | **DATE** | 6/30/2008 |
| **CASE TITLE** | Roger C. Vs. Valleyview Public School Dist | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, grants in part and denies in part Plaintiff's Motion for Reconsideration. Plaintiff may re-allege his Sixth Amendment right to counsel claim in his Third Amended Complaint if there are facts that support this claim. The Court denies Plaintiff's Fifth Amendment *Miranda* claim with prejudice, and thus Plaintiff cannot re-allege any such claim in his Third Amended Complaint. Plaintiff's Third Amended Complaint is due on or before 7/14/08.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

     Before the Court is Plaintiff Roger C.'s Motion to Reconsider the Court's June 23, 2008, Memorandum, Opinion, and Order in which the Court granted in part and denied in part Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Plaintiff moves the Court to reconsider the viability of Counts X and XII of the Second Amended Complaint. The Court presumes familiarity with its June 23, 2008, Memorandum, Opinion, and Order. For the reasons discussed below, the Court, in its discretion, grants in part and denies in part Plaintiff's Motion for Reconsideration. Plaintiff may re-allege his Sixth Amendment right to counsel claim in his Third Amended Complaint if there are facts that support this claim. The Court denies Plaintiff's Fifth Amendment *Miranda* claim with prejudice, and thus Plaintiff cannot re-allege any such claim in his Third Amended Complaint. Plaintiff's Third Amended Complaint is due on or before 7/14/08.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Because the Court's June 23, 2008, Memorandum, Opinion, and Order did not dispose of this case in its entirety, the Court reviews Roger's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) states in relevant part:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b). Accordingly, the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders are "subject to revision at any time before the entry of judgment adjudicating all the claims." *See* Fed.R.Civ.P. 54(b); *see also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). Under Rule 54(b), the Court may correct any manifest errors of fact or law in its earlier orders. *Zurich Capital Mkt., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (citation omitted).

## BACKGROUND

To recap, in Count X of his Second Amended Complaint, Plaintiff brought a claim against Officer Hampton based on his Sixth Amendment Right to Counsel. As the Court explained:

> Roger's claim must fail because an individual's "Sixth Amendment right to counsel attaches at the initiation of adversary judicial proceedings, whether by way of formal charge, indictment, information, or arraignment." *Watson v. Hulick,* 481 F.3d 537, 542 (7th Cir. 2007) (citing *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972)). Because no adversarial judicial proceedings were initiated against Roger, he had no Sixth Amendment right to counsel under the circumstances. Therefore, the Court grants Officer Hampton's motion to dismiss Count X.

(R. 102-1, Mem, Op. & Order, at 15-16.) Because Roger's Sixth Amendment claim failed as a matter of law, the Court's dismissal of Count X was with prejudice.

The Court also granted Officer Hampton's Motion to Dismiss Count XII of the Second Amended Complaint in which Plaintiff alleged a violation pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court concluded:

> This claim fails as a matter of law because even if Roger had made an incriminating statement, any such statement was not used in a criminal proceeding. *See Sornberger v. City of Knoxville, Ill.,* 434 F.3d 1006, 1023 (7th Cir. 2006) (citing *Chavez v. Martinez,* 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003)). Simply put, a Section 1983 claim based on the "Self-Incrimination Clause, requires, at the very least, the initiation of a legal proceeding." *Sornberger,* 434 F.3d at 1024. Because no legal proceedings were initiated against Roger, his Fifth Amendment self-incrimination claim fails. The Court thereby grants Officer Hampton's motion to dismiss Count XII.

(R. 102-1, Mem, Op. & Order, at 16.) Again, because Count XII failed as a matter of law, the Court's dismissal

was with prejudice.

## ANALYSIS

Here, Plaintiff's counsel contends that based on newly discovered evidence, Roger was entitled to certain rights under the Sixth Amendment and *Miranda* based on Roger's disorderly conduct citation. Counsel explains that if Roger's father had not paid the $50.00 fine for disorderly conduct, the State's Attorney would have prosecuted Roger, and thus a criminal proceeding was initiated against Roger. Counsel's argument based on newly discovered evidence is unavailing for several reasons, including counsel's reliance on the standard for a motion for reconsideration after a final judgment has been entered, which, as discussed, is not the case here. *See* Fed.R.Civ.P. 59(e). The Court turns to its other reasons for dismissing Counts X and XII with prejudice.

### I.     Count XII – Miranda Violation

The failure "to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or even the *Miranda* rule." *United States v. Patane,* 542 U.S. 630, 641, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004). "Potential violations occur, if at all, only upon the admission of unwarned statements into evidence at trial." *Id.* In other words, "*Miranda* condition[s] the admissibility at trial of any custodial confession on warning a suspect of his rights: failure to give the prescribed warnings and obtain a waiver of rights before custodial questioning generally requires exclusion of any statements obtained." *Missouri v. Seibert,* 542 U.S. 600, 608-09, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004). In short, *Miranda* is akin to an exclusionary rule concerning the admissibility of evidence at trial. *See Oregon v. Elstad,* 470 U.S. 298, 306, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).

Here, Roger is not seeking to have his confession excluded from a proceeding, instead, he is seeking damages in the context of a civil lawsuit pursuant to 42 U.S.C. § 1983. In this context, a "violation of the *Miranda* safeguards cannot provide a basis for 1983 liability without use of a suspect's statement against him in a 'criminal case.'" *Sornberger,* 434 F.3d at 1024-25 (citing *Chavez v. Martinez,* 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003) (plurality opinion). There are no allegations in the Second Amended Complaint that Roger's alleged confession was used against him in a criminal proceeding. As such, because "courts may not award damages against investigators who wrongfully induce suspects to supply incriminating information that is never used in a criminal prosecution," *see Allison v. Snyder,* 332 F.3d 1076, 1080 (7th Cir. 2003), Count XII fails as a matter of law.

On a final note, counsel relies on the Supreme Court decision *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), for the proposition that it does not matter what type of proceeding was initiated, Roger's *Miranda* rights attached as soon as he was issued the citation for disorderly conduct. Indeed, the privilege against self-incrimination may be invoked in any type of proceeding, but a violation of a constitutional right only occurs if the individual has been compelled to be a witness against himself in a criminal case, which did not happen here. *See Chavez,* 538 U.S. at 770.

### II.    Count X – Sixth Amendment Right to Counsel

Next, counsel argues that Roger's Sixth Amendment right to counsel claim attached when he was issued a disorderly conduct citation. As discussed, an individual's Sixth Amendment right to counsel attaches at the initiation of adversary judicial proceedings. *See Watson,* 481 F.3d at 542. As the Supreme Court recently explained:

> The Sixth Amendment right of the "accused" to assistance of counsel in "all criminal prosecutions" is limited by its terms: "it does not attach until a prosecution is commenced." We have, for purposes of the right to counsel, pegged commencement to " 'the initiation of adversary

judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment,' "  The rule is not "mere formalism," but a recognition of the point at which "the government has committed itself to prosecute," "the adverse positions of government and defendant have solidified," and the accused "finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law."

*Rothgery v. Gillespie County, Tex.,* ___ S.Ct. ___, 2008 WL 2484864, at *5 (U.S. June, 23, 2008) (internal citations omitted).

In his Second Amended Complaint, Roger alleges that

Under Color of law, in a police station within Bollingbrook High School, with intent to deprive plaintiff of his right to counsel under the United States Constitution, for reasons that include, because plaintiff is Mexican American, Defendant Policeman Alan Hampton, did not allow plaintiff a lawyer.

Defendant Bollingbrook Policeman was, at the moment of denying counsel to plaintiff, unlawfully confining the plaintiff; threatening the Plaintiff with violence and gestures of violence in the furtherance of ordering plaintiff to make admissions of guilt (forcing plaintiff to sign and write a confession).

(R. 63-1, Second Amend. Compl. ¶¶ 44, 45.)

Here, Plaintiff alleges that he was denied his Sixth Amendment right to counsel before the initiation of any adversary judicial proceedings, including the issuance of the disorderly conduct citation.  *See Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008) ("a plaintiff can plead himself out of court by alleging facts that show there is no viable claim").  In other words, Plaintiff has alleged facts that defeat his claim.  *See Doe v. Smith,* 429 F.3d 706, 708 (7th Cir. 2005).  Accordingly, the Court denies Plaintiff's Motion for Reconsideration without prejudice.