**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Roger C. by and through his** ) | |
| **next friend, Shelley Gilbert** ) | |
| Plaintiff, )| **Civil Action: 08cv1254** |
| v. ) | **Judge St. Eve** |
| ) | **Magistrate Judge Schenkier** |
| **Valley View Public School District, 365-U** ) | |
| **Alan Hampton, Bollingbrook Police** ) | |
| **Don Laverty** ) | |
| **Timothy Gavin** ) | |
| **Steven Prodehl** ) | |
| Defendants. ) | |

### THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES

NOW COMES Plaintiff Roger Coronado Jr., by and through his next friend, Shelley Gilbert (latter pursuant to the F.R.C.P. 17(2)) and present this complaint.

NATURE OF THE COMPLAINT

(1)  This is an action for a TRO (injunctive[1] and declaratory relief) and for monetary damages in that the 15 year-old plaintiff was expelled from Bollingbrook High School, without Due Process, for one year, for allegedly violating a school policy prohibiting "Posturing"[2] and that School authorities (defendants) turned the child over to Bollingbrook [Illinois] Policeman Alan Hampton and that plaintiff was assaulted and cited by Bollingbrook Police Officer Alan Hampton for Disorderly Conduct. Plaintiff seeks from the Court that it enjoin Defendant Valley View School District from enforcing its unconstitutional expulsion of plaintiff from Bollingbrook [public] High School. Plaintiff sets forth arguments for monetary damages as to violations by defendants and that such violations, under color of law to deprive plaintiff of his Constitutional rights, caused the expulsion of plaintiff from Bollingbrook High School. Specifically, defendants having intentionally violated Plaintiff's [U.S.] First Amendment, Fourth

---

[1] A Motion for Injunctive and Declaratory Relief followed the filing of the original complaint.
[2] And that Posturing seems to be defined as Mob Action and membership in subversive groups.

Amendment and Fourteenth Amendment rights; violation of 42 USC section 1983; violation of Title VI of the Civil rights Act of 1964; and that Defendant Policeman assaulted plaintiff.

## PARTIES

(1)     Plaintiff Roger Coronado Jr. recently became 15 years old. He is a United States citizen, a natural person residing in Bollingbrook, Illinois [the 7th Circuit] and was a student at Bollingbrook High School during all relevant times of this action.

(2)     [Next Friend] Shelly Gilbert is an adult resident of DuPage County, Illinois. She is a Next Friend of minor plaintiff pursuant to F.R.C.P. 17(2).

(3)     Defendant Valley View Public School District, 365U is a public entity with more than 15 employees, headquartered at 755 Luther Drive, Romeoville, Illinois, 60446. Bollingbrook High School is managed by the Valley View Public School District.

(4)     Defendant Don Laverty is employed by Valley View Public School District as an assistant principal. He was the assistant principal at Bollingbrook High School at all relevant times of this action.

(5)     Defendant Timothy Gavin is a security guard and is employed by Valley View Public School District. He was a security guard at Bollingbrook High School at all relevant times of this action.

(6)     Defendant Steven Prodehl is\was the Valley View District hearing officer and it is believed that he is employed by Valley View Public School District. It is believed that he was employed by the school district as a hearing officer at all relevant times of this action.

(7)     Defendant Alan Hampton is a policeman employed by the Bollingbrook, Illinois Police Department.

## JURISDICTION & VENUE

(1)    Jurisdiction of this court arises under 28 U.S.C. secs. 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983 and 1988; and Title Vl of the 1964 Civil Rights Act.

2

(2)     Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

(3)     Pendant and Ancillary Jurisdiction is vested in this Court pursuant to Art. 6, Sec. 9, of the Illinois Constitution and 28 USC 1367.

## FACTS

(1)     Plaintiff, a non-white, Mexican-American person, was a student at Bollingbrook High School until February 7, 2008.

(2)     While a student there, the 15 year-old plaintiff maintained a satisfactory[3] GPA and did not have a record of material discipline. Furthermore, plaintiff, a mere child, does not have a criminal or arrest record.

(3)     Plaintiff's tutor, Dr. Cappetta, has expressed that the Valley View School District has not recognized or acted on plaintiffs' learning disability, protected by the ADA.

(4)     Plaintiff has been treated with medication from a licensed physician for a condition related to his concentration on scholastic endeavors and that Valley View School District was notified approximately 3 years ago.

(5)     Valley View School District has been negligent in not affording plaintiff ADA protection.

(6)     Reports by teachers indicate that plaintiff is an excellent, stellar, well-behaved teenager without even a mere blemish of material discipline on his academic record.

(7)     On Monday, February 4, plaintiff was in the school cafeteria having lunch during his scheduled lunch hour.

(8)     There were individuals in the cafeteria (also persons of color), not friends or acquaintances of the plaintiff, who have admitted their affiliation with a street gang; and that they were not authorized to be in the cafeteria since it was not their scheduled lunch hour.

(9)     When some of the alleged gang members stood up from their chairs, plaintiff stood up at that same moment.

---

[3] Satisfactorily sufficient to remain a student at Bollingbrook High School.

(10)   Three days later, on February 7, 2008, on Defendant Gavin's complaint, plaintiff was taken from his first period class and handed over to police--a violent, and out-of-control Alan Hampton.

(11)   In the Bollingbrook Police sub-station, within the High School, Officer Hampton, an adult--a man who has described himself as 250 pounds and 6'4 inches in height--assaulted plaintiff and falsely imprisoned the boy (plaintiff could not get away); the officer shouted hysterically, assaulting plaintiff (a boy) with violent gestures and that the officer used violence against Michael Clinton interpreted as violent gestures toward plaintiff; and by the threat of violence, he coerced the boy-plaintiff to sign what amounted to a confession and to handwrite a confession. And that all of the lawless and violent acts by the Bollingbrook Policeman were aided and abetted by defendants and the Valley View District School Board.

(12)   Defendant Bollingbrook Police officer issued plaintiff a citation for the crime of Disorderly Conduct (mob action).

(13)   Plaintiff was suspended from school and this [was] communicated to him by and from Officer Hampton. Plaintiff had to leave the building under threat of second police action (arrest) if he returned.

(14)   Plaintiff, accompanied by his parents, attended a school district hearing convened by Mr. Prodehl and Mr. Lathrop (as per authorization of Defendant Valley View School District).

(15)   The parents of plaintiff, who speak conversational English, requested a Spanish-speaking interpreter and were denied by Mr. Prodehl.

(16)   Hence, plaintiff did not have an opportunity to prepare or gather witnesses for his hearing.

(17)   Defendants Gavin and Hampton failed to show for the hearing; hence plaintiff could not confront or cross-examine his accusers.

(18)   A record (e.g., minutes) of the hearing was not kept.

(19)   Plaintiff was expelled from Bollingbrook High School for one year for Posturing. It appears that Posturing includes allegations of gang membership; participating in a mob action and allegedly using gang symbols.

(20)     Plaintiff is permitted to attend an "Alternative" school in Joliet, Illinois; however, the school has a reputation for violence connected to its taking-in admitted gang members from mainstream schools.

(21)     If plaintiff is guilty of the allegations by Defendants Gavin and Hampton, then he is a gang member, then qualified for attendance at the school.

(22)     Second issue: The school is in Joliet, a geographical area not easily accessible by plaintiff (who is too young to drive) from Bollingbrook.

(23)     Plaintiff is being home-schooled.

(24)     Plaintiff is not and has never been associated with a gang.

(25)     Plaintiff has reasonable belief that he and other non-white students were expelled due to a policy (school discipline based on race, ethnicity and nationality) of racial-ethnic discrimination against Mexican students by defendants and other Valley View Public School District administrators.

(26)     Defendant Gavin states that he has a "Frequent Flyer List." The list is suspected of being a compilation of names and private information of non-white students.

(27)     Plaintiff reasonably and rightly argues that his expulsion for exercising his 1st Amendment right to "stand" represents racism toward Mexicans in the form of Disparate Treatment by Valley View School Districts and all other defendants.

(28)     Based upon reasonable information and belief, a white student has never been expelled (by Defendant school district) for having stood up.

(29)     Plaintiff reasonably believes that defendants willfully and maliciously assumed Plaintiff was in a gang, since members of gangs attend the High School and that some members of gangs are of noticeable Latino descent.

<u>COUNT 1:  DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH VIOLATED UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1988</u>
(Applies only to Defendant Hampton)

(1)     On February 7, 2008 plaintiff was taken by school security from his first period class to a Bollingbrook, Illinois Police Station located on the High School's premises.

(2)     There, without his parents present or Miranda rights administered, the child was subjected to the following actions by Bollingbrook Police Officer Alan Hampton:  falsely imprisoned; assaulted by threats of violence and a demonstration of violence [by

Hampton] on another student in his view; shouted at; coerced to sign an admission of wrongdoing, and suspended.

(3) Plaintiff verbally expressed that he did nothing unlawful, hence should not be forced to write a confession.

(4) Out of fear of physical attack by Officer Hampton, plaintiff signed a document and wrote a confession in spite of his 1st Amendment right to free speech.

(5) Plaintiff suffered damages to include <u>expulsion form school,</u> mental stress; damage to his reputation; and monetary losses for plaintiff (a minor) and his family.

### COUNT 2:  DEPRIVATION OF PLAINTIFF'S FOURTH AMEMNDMENT   RIGHT TO FREE FROM UNREASONABLE SEARCH AND SEIZURE, UNDER COLOR OF LAW, 42 USC Sections 1983 & 1988

(6) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(7) On February 7, 2008, plaintiff was summoned to a Bollingbrook Police sub-station located within Bollingbrook High School, at which time, under color of law, with intent to deprive plaintiff of his Constitutional rights, Defendant Officer Hampton, without consent and with intent to cause a physical and mental effect on plaintiff, did falsely imprison plaintiff.  Plaintiff knew that he was imprisoned and that he was unable to leave.

(8) Defendant Bollingbrook Police officer did not have a warrant; did not have probable cause; and did not have an exigent circumstance as a basis for imprisoning the child (plaintiff).

(9) Plaintiff suffered damages to include, primarily, <u>expulsion form school;</u> mental stress; damage to his reputation; and monetary losses for Plaintiff (a minor) and his family.

WHEREFORE, Plaintiff seeks judgment against Defendant Hampton in his individual capacities, for actual, general, special, compensatory damages in the amount of $10,000; and punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 3:  DEPRIVATION OF PLAINTIFF'S FOURTEENTH AND FIFTH AMENDMENT RIGHTS (Due Process and Equal Protection); UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1988 (does not apply to Defendants Gavin and Hampton)

(10)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(11)   The Valley View School District voted to expel plaintiff.  Mr. Prodehl and Mr. Lathrop convened the expulsion hearing.

(12)   Plaintiff was expelled without Due Process of Law. Defendants allowed and convened an expulsion-suspension process without providing adequate Due Process safeguards to the plaintiff.

(13)   As a result, plaintiff was expelled from Bollingbrook High School for two semesters-one year. (Defendants Gavin and Hampton failed to show for the hearing; hence plaintiff could not confront or cross-examine his accusers. A record [e.g., minutes] of the hearing was not kept; and plaintiffs parents were denied a Spanish speaking interpreter).

WHEREFORE, Plaintiff seeks injunctive relief, in that defendants (excluding Mr. Gavin and Mr. Hampton) rescind the expulsion and allow plaintiff to attend Bollingbrook High School; and that plaintiff seeks judgment against the defendants in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 4: ETHNIC AND RACIAL DISCRIMINATION (in contradiction to mandate of Title VI of the Civil rights Act of 1964 under color of law, 42 USC, 1983  & 1988) (APPLIES TO VALLEY VIEW SCHOOL DISTRICT)

(14)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(15)   Defendant, Valley View Public School District does receive federal funding.

(16)   With the consent of the Valley View School District, plaintiff was signaled out by Defendants Laverty, Prodehl, Gavin and the Valley View School District because of his

7

race and ethnicity; falsely imprisoned; assaulted by a policeman; cited for violations of law and deprived of adequate Due Process at all stages throughout the expulsion-suspension process.

(17)    In relation to Title Vl, Plaintiff has been subjected [by Defendant Valley View School District in particular, under color of law] to Racial-Ethnic harassment based on his skin complexion and Mexican heritage. The harassment is sufficiently severe and pervasive to limit Plaintiff's opportunity to benefit from the Bollingbrook High school program and activities provided by Valley View Public Schools (District 365-U) and that such program (and activities) is to be delivered to Plaintiff pursuant to Title X of the Illinois Constitution. And that plaintiff is not receiving an education at Bollingbrook High School.

(18)    Plaintiff and other Mexican students were singled out because of Mexican race and ethnicity.

(19)    Plaintiffs clearly tan skin pigmentation makes known to the Defendants that Plaintiff is a person of color.

(20)    Defendant school district has knowledge of its violations of Title Vl against Plaintiff and has not taken preventive actions.

(21)    Plaintiff was seized, assaulted, falsely imprisoned, cited, suspended and expelled from school for two semesters because he stood up; and that based upon reasonable belief and information, a white student has not suffered the aforementioned consequences for shifting from a "sitting" to a "stand-up" position.

(22)    Plaintiff suffered damages to include expulsion and damage to his reputation.

WHEREFORE, plaintiff seeks injunctive relief.  Specifically, that the defendant school board is enjoined from enforcing the expulsion.  Plaintiff seeks judgment against the school district for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 5: ASSAULT (Illinois law) [Applies to Defendant Hampton]

(23) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(24) Under Color of law, with intent to deprive plaintiff of his rights under Illinois Common Law (and the state's compiled statutes), Defendant Policeman Alan Hampton did engage behavior that caused child plaintiff to reasonably believe that he was in imminent danger of being struck by Defendant Hampton.

(25) Plaintiff was in apprehension of a battery by and from Defendant Hampton .

(26) Defendant Hampton did shout hysterically, acted violently, to include using a door to strike student Michael Clinton, but that the door struck a chair and that plaintiff having watched this violent act, was in further apprehension of being physically struck, imminently [by Defendant policeman], hence immediately signed a document and wrote a confession as ordered by the out-of-control policeman.

WHEREFORE, Plaintiff seeks from Defendant Hampton (in Mr. Hampton's his individual capacities), actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 6: DEFAMATION (Illinois Law) (Does not apply to Defendant Valley View School District)

(27) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(28) There were defamatory statements by defendants and that such statements include that Roger Coronado is in a [criminal] gang.

(29) The statements were published to third parties; and
that the defendants knew or should have known the statements were false.

(30) Each of the above elements have generated controversy.

(31) The statements have exposed Roger Coronado to public hatred, contempt, ridicule, or degradation not just in the Chicago area, but also throughout the U.S. as indicated by National News coverage and Internet "blogs", etc.

(32) The statements of the defendants have injured the plaintiff's reputation.

9

WHEREFORE, Plaintiff seeks judgment against all of the defendants (except for Defendant Valley View School District) in their individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of $10,000; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully submitted,

s\Christopher Cooper, ESQ., PHD. 14 July 2008
Counsel for Plaintiff
PO Box 1225, Hammond, IN 46325 or
3700 W. 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458
E-Mail: cooperlaw3234@gmail.com

PROOF OF SERVICE
I, the undersigned, swear that I transmitted the foregoing through ECF on July 14, 2008 and that the defendants' attorneys are registered e-filers.
s\Christopher C. Cooper