CGP/tdw/#329960                                                                 6121-215

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Roger C. by and through his next friend, Shelley Gilbert | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action: 08cv1254 ) Judge St. Eve |
| Valley View Public School District, 365-U Alan Hampton, Bolingbrook Police Don Laverty Timothy Gavin Steven Prodehl | ) ) ) ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENDANTS OF ALAN HAMPTON TO THIRD AMENDED COMPLAINT

NOW COMES the Defendant, Alan Hampton, by and through his attorneys Tressler, Soderstrom, Maloney, Priess, LLP, and for their Answer to Third Amended Complaint for Declaratory and Injunctive Relief and for Monetary Damages, states as follows:

### NATURE OF THE COMPLAINT

(1) This is an action for a TRO (injunctive and declaratory relief) and for monetary damages in that the 15 year-old plaintiff was expelled from Bolingbrook High School, without Due Process, for one year, for allegedly violating a school policy prohibiting "Posturing" and that School authorities (defendants) turned the child over to Bolingbrook [Illinois] Policeman Alan Hampton and that plaintiff was assaulted and cited by Bolingbrook Police Officer Alan Hampton for Disorderly Conduct. Plaintiff seeks from the Court that it enjoin Defendant Valley View School District from enforcing its unconstitutional expulsion of plaintiff from Bolingbrook [public] High School. Plaintiff sets forth arguments for monetary damages as to violations by defendants and that such violations, under color of law to deprive plaintiff of his Constitutional rights, caused the expulsion of plaintiff from Bolingbrook High School. Specifically, defendants having intentionally violated Plaintiff's [U.S.] First Amendment, Fourth Amendment and Fourteenth Amendment rights; violation of 42 USC section 1983; violation of Title VI of the Civil rights Act of 1964; and that Defendant Policeman assaulted plaintiff.

**ANSWER:** Objection. This paragraph violates Rule 8 as it is not a short statement. However, Hampton admits that Plaintiff brought this action for declaratory relief and money damages but denies that Plaintiff is entitled to recover.

## PARTIES

(1) Plaintiff Roger Coronado Jr. recently became 15 years old. He is a United States citizen, a natural person residing in Bolingbrook, Illinois [the 7th Circuit] and was a student at Bolingbrook High School during all relevant times of this action.

**ANSWER:** Admit.

(2) [Next Friend] Shelly Gilbert is an adult resident of DuPage County, Illinois. She is a Next Friend of minor plaintiff pursuant to F.R.C.P. 17(2).

**ANSWER:** Hampton can neither admit nor deny so this allegation is deemed denied.

(3) Defendant Valley View Public School District, 365U is a public entity with more than 15 employees, headquartered at 755 Luther Drive, Romeoville, Illinois, 60446. Bolingbrook High School is managed by the Valley View Public School District.

**ANSWER:** Admit.

(4) Defendant Don Laverty is employed by Valley View Public School District as an assistant principal. He was the assistant principal at Bolingbrook High School at all relevant times of this action.

**ANSWER:** Admit.

(5) Defendant Timothy Gavin is a security guard and is employed by Valley View Public School District. He was a security guard at Bolingbrook High School at all relevant times of this action.

**ANSWER:** Admit.

(6) Defendant Steven Prodehl is/was the Valley View District hearing officer and it is believed that he is employed by Valley View Public School District. It is believed that he was employed by the school district as a hearing officer at all relevant times of this action.

**ANSWER:** Hampton can neither admit nor deny so this allegation is deemed denied.

(7) Defendant Alan Hampton is a policeman employed by the Bolingbrook, Illinois Police Department.

**ANSWER:** **Admit.**

## JURISDICTION & VENUE

(1) Jurisdiction of this court arises under 28 U.S.C. secs. 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983 and 1988; and Title VI of the 1964 Civil Rights Act.

**ANSWER:** **Admit that Plaintiff brought this action under 28 U.S.C § 1331 giving this court federal jurisdiction but deny that Plaintiff is entitled to recover.**

(2) Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

**ANSWER:** **Admit that the state claims arise out of the same nucleus of events and that jurisdiction would be proper under 28 U.S.C. § 1367 but deny that Plaintiff is entitled to recover. Deny all other allegations in this paragraph.**

(3) Pendant and Ancillary Jurisdiction is vested in this Court pursuant to Art. 6, Sec. 9, of the Illinois Constitution and 28 USC 1367.

**ANSWER:** **Admit that the state claims arise out of the same nucleus of events and that jurisdiction would be proper under 28 U.S.C. § 1367. Deny all other allegations in this paragraph**

## FACTS

(1) Plaintiff, a non-white, Mexican-American person, was a student at Bolingbrook High School until February 7, 2008.

**ANSWER:** **Admit.**

(2) While a student there, the 15 year-old plaintiff maintained a satisfactory GPA and did not have a record of material discipline. Furthermore, plaintiff, a mere child, does not have a criminal or arrest record.

**ANSWER:** **Deny first sentence. Hampton can neither admit nor deny the second**

sentence so it is deemed denied.

(3) Plaintiff's tutor, Dr. Cappetta, has expressed that the Valley View School District has not recognized or acted on plaintiffs' learning disability, protected by the ADA.

**ANSWER:** **Hampton can neither admit nor deny this paragraph so it is deemed denied.**

(4) Plaintiff has been treated with medication from a licensed physician for a condition related to his concentration on scholastic endeavors and that Valley View School District was notified approximately 3 years ago.

**ANSWER:** **Hampton can neither admit nor deny this paragraph so it is deemed denied.**

(5) Valley View School District has been negligent in not affording plaintiff ADA protection.

**ANSWER:** **Denied.**

(6) Reports by teachers indicate that plaintiff is an excellent, stellar, well-behaved teenager without even a mere blemish of material discipline on his academic record.

**ANSWER:** **Hampton can neither admit nor deny this paragraph so it is deemed denied.**

(7) On Monday, February 4, plaintiff was in the school cafeteria having lunch during his scheduled lunch hour.

**ANSWER:** **Admit.**

(8) There were individuals in the cafeteria (also persons of color), not friends or acquaintances of the plaintiff, who have admitted their affiliation with a street gang; and that they were not authorized to be in the cafeteria since it was not their scheduled lunch hour.

**ANSWER:** **Admit.**

(9) When some of the alleged gang members stood up from their chairs, plaintiff stood up at that same moment.

**ANSWER:** **Hampton can neither admit nor deny this paragraph, so it is deemed denied.**

(10) Three days later, on February 7, 2008, on Defendant Gavin's complaint, plaintiff was taken from his first period class and handed over to police--a violent, and out-of-control Alan Hampton.

**ANSWER:** **Denied.**

4

(11)　In the Bolingbrook Police sub-station, within the High School, Officer Hampton, an adult--a man who has described himself as 250 pounds and 6'4 inches in height--assaulted plaintiff and falsely imprisoned the boy (plaintiff could not get away); the officer shouted hysterically, assaulting plaintiff (a boy) with violent gestures and that the officer used violence against Michael Clinton interpreted as violent gestures toward plaintiff; and by the threat of violence, he coerced the boy-plaintiff to sign what amounted to a confession and to handwrite a confession. And that all of the lawless and violent acts by the Bolingbrook Policeman were aided and abetted by defendants and the Valley View District School Board.

**ANSWER:**　**Denied.**

(12)　Defendant Bolingbrook Police officer issued plaintiff a citation for the crime of Disorderly Conduct (mob action).

**ANSWER:**　**Denied. Further answering the citation was not for a "crime" but was a civil infraction under the Bolingbrook Municipal code subject to only a monetary fine.**

(13)　Plaintiff was suspended from school and this [was] communicated to him by and from Officer Hampton. Plaintiff had to leave the building under threat of second police action (arrest) if he returned.

**ANSWER:**　**Denied.**

(14)　Plaintiff, accompanied by his parents, attended a school district hearing convened by Mr. Prodehl and Mr. Lathrop (as per authorization of Defendant Valley View School District).

**ANSWER:**　**Admit on information and belief.**

(15)　The parents of plaintiff, who speak conversational English, requested a Spanish-speaking interpreter and were denied by Mr. Prodehl.

**ANSWER:**　**Denied.**

(16)　Hence, plaintiff did not have an opportunity to prepare or gather witnesses for his hearing.

**ANSWER:**　**Denied.**

(17)　Defendants Gavin and Hampton failed to show for the hearing; hence plaintiff could not confront or cross-examine his accusers.

**ANSWER:**　**Denied that Hampton "failed" to show he was never required to appear at a school disciplinary hearing.**

5

(18)     A record (e.g., minutes) of the hearing was not kept.

**ANSWER:**   **Hampton can neither admit nor deny so such allegation is deemed denied.**

(19)     Plaintiff was expelled from Bolingbrook High School for one year for Posturing. It appears that Posturing includes allegations of gang membership; participating in a mob action and allegedly using gang symbols.

**ANSWER:**   **Denied.**

(20)     Plaintiff is permitted to attend an "Alternative" school in Joliet, Illinois; however, the school has a reputation for violence connected to its taking-in admitted gang members from mainstream schools.

**ANSWER:**   **Denied.**

(21)     If plaintiff is guilty of the allegations by Defendants Gavin and Hampton, then he is a gang member, then qualified for attendance at the school.

**ANSWER:**   **Denied.**

(22)     Second issue: The school is in Joliet, a geographical area not easily accessible by plaintiff (who is too young to drive) from Bolingbrook.

**ANSWER:**   **Denied.**

(23)     Plaintiff is being home-schooled.

**ANSWER:**   **Hampton can neither admit nor deny so the allegation is deemed denied.**

(24)     Plaintiff is not and has never been associated with a gang.

**ANSWER:**   **Hampton can neither admit nor deny so the allegation is deemed denied.**

(25)     Plaintiff has reasonable belief that he and other non-white students were expelled due to a policy (school discipline based on race, ethnicity and nationality) of racial-ethnic discrimination against Mexican students by defendants and other Valley View Public School District administrators.

**ANSWER:**   **Hampton can neither admit nor deny so the allegation is deemed denied.**

(26)     Defendant Gavin states that he has a "Frequent Flyer List." The list is suspected of being a compilation of names and private information of non-white students.

**ANSWER:**   **Hampton can neither admit nor deny so the allegation is deemed denied.**

(27)  Plaintiff reasonably and rightly argues that his expulsion for exercising his 1st Amendment right to "stand" represents racism toward Mexicans in the form of Disparate Treatment by Valley View School Districts and all other defendants.

**ANSWER:**   **Hampton can neither admit nor deny so the allegation is deemed denied.**

(28)  Based upon reasonable information and belief, a white student has never been expelled (by Defendant school district) for having stood up.

**ANSWER:**   **Hampton can neither admit nor deny so the allegation is deemed denied.**

(29)  Plaintiff reasonably believes that defendants willfully and maliciously assumed Plaintiff was in a gang, since members of gangs attend the High School and that some members of gangs are of noticeable Latino descent.

**ANSWER:**   **Hampton can neither admit nor deny so the allegation is deemed denied.**

## COUNT1: DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH VIOLATED UNDER COLOR OF LAS, 42 USC Sec.'s 1983 & 1988
### (Applies only to Defendant Hampton)

(1)  On February 7, 2008 plaintiff was taken by school security from his first period class to a Bolingbrook, Illinois Police Station located on the High School's premises.

**ANSWER:**   **Denied.**

(2)  There, without his parents present or Miranda rights administered, the child was subjected to the following actions by Bolingbrook Police Officer Alan Hampton: falsely imprisoned; assaulted by threats of violence and a demonstration of violence [by Hampton] on another student in his view; shouted at; coerced to sign an admission of wrongdoing, and suspended.

**ANSWER:**   **Denied.**

(3)  Plaintiff verbally expressed that he did nothing unlawful, hence should not be forced to write a confession.

**ANSWER:**   **Denied.**

(4)  Out of fear of physical attack by Officer Hampton, plaintiff signed a document and wrote a confession in spite of his 1st Amendment right to free speech.

**ANSWER:**   **Denied.**

7

(5)   Plaintiff suffered damages to include <u>expulsion from school</u>, mental stress; damage to his reputation; and monetary losses for plaintiff (a minor) and his family.

<u>ANSWER:</u>   **Denied.**

### COUNT 2: DEPRIVATION OF PLAINTIFF'S FOURTH AMEMNDMENT RIGHT TO FREE FROM UNREASONABLE SEARCH AND SEIZURE. UNDER COLOR OF LAW, 42 USC Sections 1983 & 1988

(6)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

<u>ANSWER:</u>   **Hampton repeats, re-alleges and incorporates by reference, the answers and objections to the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.**

(7)   On February 7, 2008, plaintiff was summoned to a Bolingbrook Police sub-station located within Bolingbrook High School, at which time, under color of law, with intent to deprive plaintiff of his Constitutional rights, Defendant Officer Hampton, without consent and with intent to cause a physical and mental effect on plaintiff, did falsely imprison plaintiff. Plaintiff knew that he was imprisoned and that he was unable to leave.

<u>ANSWER:</u>   **Denied.**

(8)   Defendant Bolingbrook Police officer did not have a warrant; did not have probable cause; and did not have an exigent circumstance as a basis for imprisoning the child (plaintiff).

<u>ANSWER:</u>   **Denied.**

(9)   Plaintiff suffered damages to include, primarily, expulsion form school: mental stress; damage to his reputation; and monetary losses for Plaintiff (a minor) and his family.

<u>ANSWER:</u>   **Denied.**

### COUNT 3: DEPRIVATION OF PLAINTIFF'S FOURTEENTH AND FIFTH AMENDMENT RIGHTS (Due Process and Equal Protection); UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1988 (does not apply to Defendants Gavin and Hampton)

(10)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

<u>ANSWER:</u>   **No answer is required as to Hampton.**

8

(11)   The Valley View School District voted to expel plaintiff. Mr. Prodehl and Mr. Lathrop convened the expulsion hearing.

**ANSWER:**   **No answer is required as to Hampton.**

(12)   Plaintiff was expelled without Due Process of Law. Defendants allowed and convened an expulsion-suspension process <u>without</u> providing adequate Due Process safeguards to the plaintiff.

**ANSWER:**   **No answer is required as to Hampton.**

(13)   As a result, plaintiff was expelled from Bolingbrook High School for two semesters-one year. (Defendants Gavin and Hampton failed to show for the hearing; hence plaintiff could not confront or cross-examine his accusers. A record [e.g., minutes] of the hearing was not kept; and plaintiffs parents were denied a Spanish speaking interpreter).

**ANSWER:**   **No answer is required as to Hampton.**

### COUNT 4: ETHNIC AND RACIAL DISCRIMINATION (in contradiction to mandate of Title VI of the Civil rights Act of 1964 under color of law, 42 USC, 1983 & 1988) (APPLIES TO VALLEY VIEW SCHOOL DISTRICT)

(14)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

**ANSWER:**   **No answer is required as to Hampton.**

(15)   Defendant, Valley View Public School District does receive federal funding.

**ANSWER:**   **No answer is required as to Hampton.**

(16)   With the consent of the Valley View School District, plaintiff was signaled out by Defendants Laverty, Prodehl, Gavin and the Valley View School District because of his race and ethnicity; falsely imprisoned; assaulted by a policeman; cited for violations of law and deprived of adequate Due Process at all stages throughout the expulsion-suspension process.

**ANSWER:**   **No answer is required as to Hampton.**

(17)   In relation to Title VI, Plaintiff has been subjected [by Defendant Valley View School District in particular, under color of law] to Racial-Ethnic harassment based on his skin complexion and Mexican heritage. The harassment is sufficiently severe and pervasive to limit Plaintiff's opportunity to benefit from the Bolingbrook High school program and activities provided by Valley View Public Schools (District 365-U) and that such program (and activities) is to be delivered to Plaintiff pursuant to Title X of the Illinois Constitution. And that plaintiff is not receiving an education at Bolingbrook High School.

**ANSWER:**   **No answer is required as to Hampton.**

(18)   Plaintiff and other Mexican students were singled out because of Mexican race and ethnicity.

**ANSWER:**   **No answer is required as to Hampton.**

(19)   Plaintiffs clearly tan skin pigmentation makes known to the Defendants that Plaintiff is a person of color.

**ANSWER:**   **No answer is required as to Hampton.**

(20)   Defendant school district has knowledge of its violations of Title VI against Plaintiff and has not taken preventive actions.

**ANSWER:**   **No answer is required as to Hampton.**

(21)   Plaintiff was seized, assaulted, falsely imprisoned, cited, suspended and expelled from school for two semesters because he stood up; and that based upon reasonable belief and information, a white student has not suffered the aforementioned consequences for shifting from a "sitting" to a "stand-up" position.

**ANSWER:**   **No answer is required as to Hampton.**

(22)   Plaintiff suffered damages to include expulsion and damage to his reputation.

**ANSWER:**   **No answer is required as to Hampton.**

### COUNT 5: ASSAULT (Illinois law) [Applies to Defendant Hampton]

(23)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

**ANSWER:**   **Hampton repeats, re-alleges and incorporates by reference, the answers to the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.**

(24)   Under Color of law, with intent to deprive plaintiff of his rights under Illinois Common Law (and the state's compiled statutes), Defendant Policeman Alan Hampton did engage behavior that caused child plaintiff to reasonably believe that he was in imminent danger of being struck by Defendant Hampton.

**ANSWER:**   **Denied.**

(25)    Plaintiff was in apprehension of a battery by and from Defendant Hampton.

**ANSWER:**    **Denied.**

(26)    Defendant Hampton did shout hysterically, acted violently, to include using a door to strike student Michael Clinton, but that the door struck a chair and that plaintiff having watched this violent act, was in further apprehension of being physically struck, imminently [by Defendant policeman], hence immediately signed a document and wrote a confession as ordered by the out-of-control policeman.

**ANSWER:**    **Denied.**

### COUNT 6: DEFAMATION (Illinois Law) (Does not apply to Defendant Valley View School District)

(27)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

**ANSWER:**    **Hampton repeats, re-alleges and incorporates by reference, the answers to the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.**

(28)    There were defamatory statements by defendants and that such statements include that Roger Coronado is in a [criminal] gang.

**ANSWER:**    **Denied.**

(29)    The statements were published to third parties; and that the defendants knew or should have known the statements were false.

**ANSWER:**    **Denied.**

(30)    Each of the above elements have generated controversy.

**ANSWER:**    **Denied.**

(31)    The statements have exposed Roger Coronado to public hatred, contempt, ridicule, or degradation not just in the Chicago area, but also throughout the U.S. as indicated by National News coverage and Internet "blogs", etc.

**ANSWER:**    **Denied.**

(32)    The statements of the defendants have injured the plaintiffs reputation.

**ANSWER:   Denied.**

WHEREFORE, Defendant Alan Hampton be awarded judgment and Plaintiff take nothing and their complaint be dismissed and for all other appropriate relief including fees and costs.

## AFFIRMATIVE DEFENSES

**State Tort Immunities.**

1. Pursuant to 720 ILCS 5/7-5, Police Officers are permitted to use reasonable force. As referenced above, all of the actions by the Officers were reasonable, and there can be no assault.

2. Pursuant to 745 ILCS 10/2-202, all actions alleged were in the performance and the execution or enforcement of a law and were not committed with willful and wanton conduct, thus Defendant Hampton cannot be liable.

3. Pursuant to 745 ILCS 10/2-102, actions of the officers as referenced above were in acting in an executive capacity, so no punitive damages can be assessed under state law claims.

4. Pursuant to 745 ILCS 10/2-107 and 745 ILCS 10/2-206 Hampton is immune concerning any defamatory statement..

5. Any alleged defamatory statement by Hampton is privileged either absolutely or qualified as made in the scope of his employment.

**Federal Qualified Immunity.**

1. Hampton did not violate Plaintiff's First Amendment right, or that such claimed right was not "clearly established" on the facts and circumstances confronting a reasonable officer in Hampton's position as required to put Defendant on "notice" based on a claim of a coerced confession when such alleged confession was never used in a judicial proceeding.

2. There was no violation of Plaintiff's Fourth Amendment right of unreasonable seizure or the right was not "clearly established" based on the facts and circumstances confronting a reasonable officer in Hampton's position as required to put Defendant on "notice" that detaining a student at school during school hours is a seizure or unreasonable seizure under the Fourth Amendment

WHEREFORE, Defendants seek dismissal of the Third Amended Complaint, as well as any other relief this Court deems just and appropriate including fees and costs.

By:   s/Craig G. Penrose
          One of Their Attorneys

Craig G. Penrose

Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 (Fax)
E-mail:
**cpenrose@tsmp.com**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 30, 2008, a copy of the foregoing document was served upon the counsel of record listed by:

- Electronically filing via court ECF system:

| Counsel for Plaintiff | Counsel for Valleyview School District, Don Laverty, T. Gavin, and Steven Prodehl |
|---|---|
| Christopher Cooper<br>P.O. Box 1225<br>Hammond, In 46325<br>(317) 536-3197<br>(708) 425-8197 (facsimile<br>cooper@sxu.edu | Brian Riordan<br>Anthony Ulm<br>Clausen Miller<br>10 South LaSalle Street<br>Chicago, Il 60603-1098<br>(312) 855-1010<br>(312) 606-7777<br>briordan@clausen.com |

                                        s/Craig G. Penrose<br>                                      Craig G. Penrose

Craig Penrose
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000