IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER C. by and through his next friend, SHELLEY GILBERT,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, et al.,  )<br>)<br>)<br>Defendants.  ) | No. 08 C 1254<br><br>Judge St. Eve |

**DEFENDANTS VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, TIMOTHY GAVIN, AND STEVEN PRODEHL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES**

NOW COME Defendants, VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U ("Valley View") , DAN LAVERTY ("Laverty"), TIMOTHY GAVIN ("Gavin"), and STEVEN PRODEHL ("Prodehl"), (all four Defendants also referred to collectively as "Defendants"), by and through their attorneys, BRIAN J. RIORDAN, ANTHONY P. ULM, and CLAUSEN MILLER P.C., and for their Answer to Plaintiff's Third Amended Complaint for Declaratory and Injunctive Relief and for Monetary Damages, state as follows:

**NATURE OF THE COMPLAINT**

(1)     This is an action for a TRO (injunctive and declaratory relief) and for monetary damages in that the 15 year-old plaintiff was expelled from Bollingbrook High School, without Due Process, for one year, for allegedly violating a school policy prohibiting "Posturing" and that School authorities (defendants) turned the child over to Bollingbrook [Illinois] Policeman Alan Hampton and that plaintiff was assaulted and cited by Bollingbrook Police Officer Alan

1194282.1

Hampton for Disorderly Conduct. Plaintiff seeks from the Court that it enjoin Defendant Valley View School District from enforcing its unconstitutional expulsion of plaintiff from Bollingbrook [public] High School. Plaintiff sets forth arguments for monetary damages as to violations by defendants and that such violations, under color of law to deprive plaintiff of his Constitutional rights, caused the expulsion of plaintiff from Bollingbrook High School. Specifically, defendants having intentionally violated Plaintiffs [U.S.] First Amendment, Fourth Amendment and Fourteenth Amendment rights; violation of 42 USC section 1983; violation of Title VI of the Civil rights Act of 1964; and that Defendant Policeman assaulted plaintiff.

**ANSWER:** Defendants admit that Plaintiff has brought an action for injunctive and declaratory relief and monetary damages. Defendants deny the remaining allegations in Paragraph 1.

## PARTIES

(1) Plaintiff Roger Coronado Jr. recently became 15 years old. He is a United States citizen, a natural person residing in Bollingbrook, Illinois [the 7th Circuit] and was a student at Bollingbrook High School during all relevant times of this action.

**ANSWER:** Defendants admit the allegations in Paragraph 1.

(2) [Next Friend] Shelly Gilbert is an adult resident of DuPage County, Illinois. She is a Next Friend of minor plaintiff pursuant to F.R.C.P. 17(2).

**ANSWER:** Defendants admit that Shelly Gilbert is acting as Next Friend of the Plaintiff in this lawsuit. With regard to the remaining allegations in this Paragraph, Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(3) Defendant Valley View Public School District, 365U is a public entity with more than 15 employees, headquartered at 755 Luther Drive, Romeoville, Illinois, 60446. Bollingbrook High School is managed by the Valley View Public School District.

**ANSWER:** Defendants admit that Valley View School District is a public entity that employs more than 15 people, and is located at 753 Luther Drive, Romeville, IL 60446. Defendants further admit that Bolingbrook High School is part of Valley View School District. Defendants deny the remaining allegations in Paragraph 3.

(4) Defendant Dan Laverty is employed by Valley View Public School District as an assistant principal. He was the assistant principal at Bollingbrook High School at all relevant times of this action.

**ANSWER:** Defendants admit the allegations in Paragraph 4.

(5) Defendant Timothy Gavin is a security guard and is employed by Valley View Public School District. He was a security guard at Bollingbrook High School at all relevant times of this action.

**ANSWER:** Defendants admit the allegations in Paragraph 5.

(6) Defendant Steven Prodehl is\was the Valley View District hearing officer and it is believed that he is employed by Valley View Public School District. It is believed that he was employed by the school district as a hearing officer at all relevant times of this action.

**ANSWER:** Defendants admit the allegations in Paragraph 6.

(7) Defendant Alan Hampton is a policeman employed by the Bollingbrook, Illinois Police Department.

**ANSWER:** Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore neither admit or deny said allegations, but demand strict proof thereof.

## JURISDICTION & VENUE

(1) Jurisdiction of this court arises under 28 U.S.C. secs. 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983 and 1988; and Title VI of the 1964 Civil Rights Act.

**ANSWER:** Defendants admit that this Court has jurisdiction over Plaintiff's claims in this lawsuit.

3

1194282.1

(2)     Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**ANSWER:**    Defendants admit that this Court has jurisdiction over Plaintiff's claims in this lawsuit.

(3)     Pendant and Ancillary Jurisdiction is vested in this Court pursuant to Art. 6, Sec. 9, of the Illinois Constitution and 28 USC 1367.

**ANSWER:**    Defendants admit that this Court has jurisdiction over Plaintiff's claims in this lawsuit.

## FACTS

(1)     Plaintiff, a non-white, Mexican-American person, was a student at Bollingbrook High School until February 7, 2008.

**ANSWER:**    Defendants admit that Plaintiff was student at Bolingbrook High School. With regard to the remaining allegations in Paragraph 1, Defendants lack sufficient knowledge to form a belief as to the truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(2)     While a student there, the 15 year-old plaintiff maintained a satisfactory GPA and did not have a record of material discipline. Furthermore, plaintiff, a mere child, does not have a criminal or arrest record.

**ANSWER:**    Defendants deny that Plaintiff has maintained a satisfactory GPA at Bolingbrook High School. With regard to the remaining allegations in Paragraph 2, Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(3)     Plaintiff's tutor, Dr. Cappetta, has expressed that the Valley View School District has not recognized or acted on plaintiffs' learning disability, protected by the ADA.

**ANSWER:**    Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations in Paragraph 3, and therefore neither admit or deny said allegations, but demand strict proof thereof.

1194282.1

(4)     Plaintiff has been treated with medication from a licensed physician for a condition related to his concentration on scholastic endeavors and that Valley View School District was notified approximately 3 years ago.

**ANSWER:**    Defendants deny that Defendant Valley View School District was ever notified that "Plaintiff has been treated with medication from a licensed physician for a condition related to his concentration on scholastic endeavors." With regard to the remaining allegations in Paragraph 4, Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(5)     Valley View School District has been negligent in not affording plaintiff ADA protection.

**ANSWER:**    Defendants deny the allegations in Paragraph 5.

(6)     Reports by teachers indicate that plaintiff is an excellent, stellar, well-behaved teenager without even a mere blemish of material discipline on his academic record.

**ANSWER:**    Defendants lack sufficient knowledge upon which to form a belief as to truth or falsity of the allegations in Paragraph 6, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(7)     On Monday, February 4, plaintiff was in the school cafeteria having lunch during his scheduled lunch hour.

**ANSWER:**    Defendants admit that on February 4, 2008, Plaintiff had lunch during his scheduled lunch hour in the Bolingbrook High School cafeteria.

(8)     There were individuals in the cafeteria (also persons of color), not friends or acquaintances of the plaintiff, who have admitted their affiliation with a street gang; and that they were not authorized to be in the cafeteria since it was not their scheduled lunch hour.

**ANSWER:**    Defendants admit that during Plaintiff's lunch hour on February 4, 2008, other students were in the cafeteria of Bolingbrook High School, some of whom were not authorized to be there because it was not their scheduled lunch hour. With regard to the remaining allegations in Paragraph 8, Defendants lack sufficient knowledge upon which to form a belief as to truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

5

1194282.1

(9)    When some of the alleged gang members stood up from their chairs, plaintiff stood up at that same moment.

**ANSWER:**    Defendants admit that on February 4, 2008, during Plaintiff's lunch hour, Plaintiff stood up at the same time as several other students who were about to start an altercation with other students. With regard to the remaining allegations in Paragraph 9, Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(10)    Three days later, on February 7, 2008, on Defendant Gavin's complaint, plaintiff was taken from his first period class and handed over to police--a violent, and out-of-control Alan Hampton.

**ANSWER:**    Defendants deny the allegations in Paragraph 10.

(11)    In the Bollingbrook Police sub-station, within the High School, Officer Hampton, an adult--a man who has described himself as 250 pounds and 6'4 inches in height-assaulted plaintiff and falsely imprisoned the boy (plaintiff could not get away); the officer shouted hysterically, assaulting plaintiff (a boy) with violent gestures and that the officer used violence against Michael Clinton interpreted as violent gestures toward plaintiff, and by the threat of violence, he coerced the boy-plaintiff to sign what amounted to a confession and to handwrite a confession. And that all of the lawless and violent acts by the Bollingbrook Policeman were aided and abetted by defendants and the Valley View District School Board.

**ANSWER:**    Defendants deny the allegations in Paragraph 11.

(12)    Defendant Bollingbrook Police officer issued plaintiff a citation for the crime of Disorderly Conduct (mob action).

**ANSWER:**    Defendants admit that the Bolingbrook Police Department issued an arrest ticket to Plaintiff for the offense of disorderly conduct on February 4, 2008. Defendants deny the remaining allegations in Paragraph 12.

6

1194282.1

(13)    Plaintiff was suspended from school and this [was] communicated to him by and from Officer Hampton. Plaintiff had to leave the building under threat of second police action (arrest) if he returned.

**ANSWER:**    Defendants admit that Plaintiff was suspended from Bolingbrook High School on February 7, 2008, and this suspension was communicated to him. With regard to the remaining allegations in Paragraph 13, Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(14)    Plaintiff, accompanied by his parents, attended a school district hearing convened by Mr. Prodehl and Mr. Lathrop (as per authorization of Defendant Valley View School District).

**ANSWER:**    Defendants admit the allegations in Paragraph 14.

(15)    The parents of plaintiff, who speak conversational English, requested a Spanish-speaking interpreter and were denied by Mr. Prodehl.

**ANSWER:**    Defendants deny that Defendant Prodehl denied any alleged requests by Plaintiff's parents for a Spanish speaking interpreter. With regard to the remaining allegations in Paragraph 15, Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of said allegations, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(16)    Hence, plaintiff did not have an opportunity to prepare or gather witnesses for his hearing.

**ANSWER:**    Defendants deny the allegations in Paragraph 16.

(17)    Defendants Gavin and Hampton failed to show for the hearing; hence plaintiff could not confront or cross-examine his accusers.

**ANSWER:**    Defendants admit that Defendants Timothy Gavin and Alan Hampton did not attend Plaintiff's expulsion hearing. Defendants deny the remaining allegations in Paragraph 17.

(18)    A record (e.g., minutes) of the hearing was not kept.

**ANSWER:**    Defendants admit the allegations in Paragraph 18.

1194282.1

(19)    Plaintiff was expelled from Bollingbrook High School for one year for Posturing. It appears that Posturing includes allegations of gang membership; participating in a mob action and allegedly using gang symbols.

**ANSWER:**   Defendants admit that after Plaintiff's expulsion hearing, he was expelled from Bolingbrook High School for two semesters for fighting/mob action and subversive organizations. Defendants deny the remaining allegations in Paragraph 19.

(20)    Plaintiff is permitted to attend an "Alternative" school in Joliet, Illinois; however, the school has a reputation for violence connected to its taking-in admitted gang members from mainstream schools.

**ANSWER:**   Defendants admit that Plaintiff was and is permitted to attend Premier Academy in Joliet, Illinois during the time period of his expulsion from Bolingbrook High School. Defendants deny the remaining allegations in Paragraph 20.

(21)    If plaintiff is guilty of the allegations by Defendants Gavin and Hampton, then he is a gang member, then qualified for attendance at the school.

**ANSWER:**   Defendants deny allegations in Paragraph 21.

(22)    Second issue: The school is in Joliet, a geographical area not easily accessible by plaintiff (who is too young to drive) from Bollingbrook.

**ANSWER:**   Defendants deny the allegations in Paragraph 22.

(23)    Plaintiff is being home-schooled.

**ANSWER:**   Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(24)    Plaintiff is not and has never been associated with a gang.

**ANSWER:**   Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore neither admit or deny said allegations, but demand strict proof thereof.

(25)    Plaintiff has reasonable belief that he and other non-white students were expelled due to a policy (school discipline based on race, ethnicity and nationality) of racial-ethnic

discrimination against Mexican students by defendants and other Valley View Public School District administrators.

  **ANSWER:** Defendants deny the allegations in Paragraph 25.

  (26) Defendant Gavin states that he has a "Frequent Flyer List." The list is suspected of being a compilation of names and private information of non-white students.

  **ANSWER:** Defendants admit that Defendant Gavin testified at the hearing before Judge Darrah on March 12, 2008 that security guards at Bolingbrook High School maintain what he referred to as a frequent flyer list, which identifies students at Bolingbrook High School who regularly attend more than one lunch hour per day. Defendants deny the remaining allegations in Paragraph 26.

  (27) Plaintiff reasonably and rightly argues that his expulsion for exercising his 1st Amendment right to "stand" represents racism toward Mexicans in the form of Disparate Treatment by Valley View School Districts and all other defendants.

  **ANSWER:** Defendants deny the allegations in Paragraph 27.

  (28) Based upon reasonable information and belief, a white student has never been expelled (by Defendant school district) for having stood up.

  **ANSWER:** Defendants admit the allegations in Paragraph 28 and further answer that no student of any race or ethnicity has ever been expelled by Defendant Valley View School District for "having stood up," as alleged by Plaintiff.

  (29) Plaintiff reasonably believes that defendants willfully and maliciously assumed Plaintiff was in a gang, since members of gangs attend the High School and that some members of gangs are of noticeable Latino descent.

  **ANSWER:** Defendants deny the allegations in Paragraph 29.

9

### COUNT 1:    DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH VIOLATED UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1988
### (Applies only to Defendant Hampton)

These answering Defendants make no answer to the allegations in Count I of Plaintiff's Third Amended Complaint as said allegations are not directed against these answering Defendants. If any of the allegations in Count I can be construed as being directed against these answering Defendants, then all such allegations are expressly denied.

### COUNT 2: DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT TO FREE FROM UNREASONABLE SEARCH AND SEIZURE, UNDER COLOR OF LAW, 42 USC Sections 1983 & 1988

These answering Defendants make no answer to the allegations in Count II of Plaintiff's Third Amended Complaint as said allegations are not directed against these answering Defendants, and also because Plaintiff states in his concluding paragraph of Count II that he only seeks judgment against Defendant Alan Hampton. If any of the allegations in Count II can be construed as being directed against these answering Defendants, then all such allegations are expressly denied.

### COUNT 3: DEPRIVATION OF PLAINTIFF'S FOURTEENTH AND FIFTH AMENDMENT RIGHTS (Due Process and Equal Protection); UNDER COLOR OF LAW, 42 USC Sec.'s 1983 & 1988 (does not apply to Defendants Gavin and Hampton)

(10)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

**ANSWER:**    Defendants Valley View, Laverty, and Prodehl, repeat their answers to the previous paragraphs in Plaintiff's Third Amended Complaint as if fully set forth herein.

(11)    The Valley View School District voted to expel plaintiff. Mr. Prodehl and Mr. Lathrop convened the expulsion hearing.

**ANSWER:**    Defendants Valley View, Laverty, and Prodehl admit that Defendant Prodehl convened and conducted Plaintiff's expulsion hearing and that after said hearing,

1194282.1

Defendant Prodehl made recommendations to the Valley View School Board regarding Plaintiff's expulsion, after which the Valley View School Board voted to expel Plaintiff from Bolingbrook High School for two semesters. Defendants Valley View, Laverty, and Prodehl deny the remaining allegations in Paragraph 11.

(12)   Plaintiff was expelled without Due Process of Law. Defendants allowed and convened an expulsion-suspension process without providing adequate Due Process safeguards to the plaintiff.

**ANSWER:**   Defendants Valley View, Laverty, and Prodehl deny the allegations in Paragraph 12.

(13)   As a result, plaintiff was expelled from Bollingbrook High School for two semesters-one year. (Defendants Gavin and Hampton failed to show for the hearing; hence plaintiff could not confront or cross-examine his accusers. A record [e.g., minutes] of the hearing was not kept; and plaintiffs parents were denied a Spanish speaking interpreter).

**ANSWER:**   Defendants Valley View, Laverty, and Prodehl admit that Defendant Prodehl convened and conducted Plaintiff's expulsion hearing and that after said hearing, Defendant Prodehl made recommendations to the Valley View School Board regarding Plaintiff's expulsion, after which the Valley View School Board voted to expel Plaintiff from Bolingbrook High School for two semesters. Defendants Valley View, Laverty, and Prodehl also admit that Defendants Timothy Gavin and Alan Hampton did not attend Plaintiff's expulsion hearing, and that a record of the expulsion hearing was not kept. Defendants Valley View, Laverty, and Prodehl deny the remaining allegations in Paragraph 13.

WHEREFORE, Defendants, VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, and STEVEN PRODEHL, hereby pray for judgment in their favor and for an award of costs wrongfully incurred as part of this lawsuit, and for any additional relief that this Court deems necessary and just.

**COUNT 4: ETHNIC AND RACIAL DISCRIMINATION (in contradiction to mandate of Title VI of the Civil rights Act of 1964 under color of law, 42 USC, 1983 & 1988) (APPLIES TO VALLEY VIEW SCHOOL DISTRICT)**

(14)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

1194282.1

**ANSWER:** Defendant Valley View repeats its answers to the previous paragraphs in Plaintiff's Third Amended Complaint as if fully set forth herein.

(15) Defendant, Valley View Public School District does receive federal funding.

**ANSWER:** Defendant Valley View admits the allegations in Paragraph 15.

(16) With the consent of the Valley View School District, plaintiff was signaled out by Defendants Laverty, Prodehl, Gavin and the Valley View School District because of his race and ethnicity; falsely imprisoned; assaulted by a policeman; cited for violations of law and deprived of adequate Due Process at all stages throughout the expulsion-suspension process.

**ANSWER:** Defendant Valley View denies the allegations in Paragraph 16.

(17) In relation to Title VI, Plaintiff has been subjected [by Defendant Valley View School District in particular, under color of law] to Racial-Ethnic harassment based on his skin complexion and Mexican heritage. The harassment is sufficiently severe and pervasive to limit Plaintiffs opportunity to benefit from the Bollingbrook High school program and activities provided by Valley View Public Schools (District 365-U) and that such program (and activities) is to be delivered to Plaintiff pursuant to Title X of the Illinois Constitution. And that plaintiff is not receiving an education at Bollingbrook High School.

**ANSWER:** Defendant Valley View denies the allegations in Paragraph 17.

(18) Plaintiff and other Mexican students were singled out because of Mexican race and ethnicity.

**ANSWER:** Defendant Valley View denies the allegations in Paragraph 18.

(19) Plaintiffs clearly tan skin pigmentation makes known to the Defendants that Plaintiff is a person of color.

**ANSWER:** Defendant Valley View denies the allegations in Paragraph 19.

(20)    Defendant school district has knowledge of its violations of Title VI against Plaintiff and has not taken preventive actions.

**ANSWER:**    Defendant Valley View denies the allegations in Paragraph 20.

(21)    Plaintiff was seized, assaulted, falsely imprisoned, cited, suspended and expelled from school for two semesters because he stood up; and that based upon reasonable belief and information, a white student has not suffered the aforementioned consequences for shifting from a "sitting" to a "stand-up" position.

**ANSWER:**    Defendant Valley View admits that Defendant Prodehl convened and conducted Plaintiff's expulsion hearing and that after said hearing, Defendant Prodehl made recommendations to the Valley View School Board regarding Plaintiff's expulsion, after which the Valley View School Board voted to expel Plaintiff from Bolingbrook High School for two semesters. Defendant Valley View further answers that no students of any race or ethnicity have ever been expelled for "shifting from a 'sitting' to a 'stand-up' position," as alleged by Plaintiff. Defendant Valley View denies the remaining allegations in Paragraph 21.

(22)    Plaintiff suffered damages to include expulsion and damage to his reputation.

**ANSWER:**    Defendant Valley View denies the allegations in Paragraph 22.

WHEREFORE, Defendant, VALLEY VIEW SCHOOL DISTRICT 365-U, hereby prays for judgment in its favor and for an award of costs wrongfully incurred as a part of this lawsuit, and for any additional relief this Court deems necessary and just.

## COUNT 5: ASSAULT (Illinois law) [Applies to Defendant Hampton]

These answering Defendants make no answer to the allegations in Count V of Plaintiff's Third Amended Complaint as said allegations are not directed at these answering Defendants. If any of the allegations in Count V can be construed as being directed against these answering Defendants, then all such allegations are expressly denied.

## COUNT 6: DEFAMATION (Illinois Law) (Does not apply to Defendant Valley View School District)

(27)  Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

**ANSWER:** Defendants Laverty, Gavin, and Prodehl repeat their answers to the previous paragraphs in Plaintiff's Third Amended Complaint as if fully set forth herein.

(28)  There were defamatory statements by defendants and that such statements include that Roger Coronado is in a [criminal] gang.

**ANSWER:** Defendants Laverty, Gavin, and Prodehl deny the allegations in Paragraph 28.

(29)  The statements were published to third parties; and that the defendants knew or should have known the statements were false.

**ANSWER:** Defendants Laverty, Gavin, and Prodehl deny the allegations in Paragraph 29.

(30)  Each of the above elements have generated controversy.

**ANSWER:** Defendants Laverty, Gavin, and Prodehl deny the allegations in Paragraph 30.

(31)  The statements have exposed Roger Coronado to public hatred, contempt, ridicule, or degradation not just in the Chicago area, but also throughout the U.S. as indicated by National News coverage and Internet "blogs", etc.

**ANSWER:** Defendants Laverty, Gavin, and Prodehl deny the allegations in Paragraph 31.

(32)  The statements of the defendants have injured the plaintiffs reputation.

**ANSWER:** Defendants Laverty, Gavin, and Prodehl deny the allegations in Paragraph 32.

14

1194282.1

WHEREFORE, Defendants, DAN LAVERTY, TIMOTHY GAVIN, and STEVEN PRODEHL, hereby pray for judgment in their favor and for an award of costs wrongfully incurred as part of this lawsuit, and for any additional relief this Court deems necessary and just.

### DEFENDANTS VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, TIMOTHY GAVIN, AND STEVEN PRODEHL'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MONETARY DAMAGES

NOW COME Defendants, VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U ("Valley View"), DAN LAVERTY ("Laverty"), TIMOTHY GAVIN ("Gavin"), and STEVEN PRODEHL ("Prodehl"), by and through their attorneys, BRIAN J. RIORDAN, ANTHONY P. ULM, and CLAUSEN MILLER P.C., and for their Affirmative Defenses to Plaintiff's Third Amended Complaint, state in the alternative, with no prejudice to the contentions, admissions, and denials in their Answer, as follows:

### DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

1.　Plaintiff brings Count III of his Third Amended Complaint against Defendants Laverty and Prodehl pursuant to §1983.

2.　Individuals who are sued under §1983 may assert a qualified immunity from liability for damages. *Wood v. Strickland*, 120 U.S. 308, 318 (1975). Qualified immunity from a civil rights action is an entitlement not to stand trial or face the other burdens of litigation. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

3.　Government officials, such as school employees and administrators, have qualified immunity with respect to performing school functions within the scope of their employment, such as maintaining order and discipline within the school. *Wood* at 318. These officials are immune from liability if their conduct does violate clearly established constitutional

or federal statutory rights of which a reasonable person would have known, even if a constitutional violation was found. *Anderson v. Creighton*, 483 U.S. 635, 640-41 (1987).

4. To determine whether an official is entitled to qualified immunity, courts must consider the following: (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation could be established, the question is whether the right was so clearly established in light of the specific context of the case. *Saucier* at 201.

5. In the present case, it is clear that Defendants Laverty and Prodehl were acting within the scope of their employment by protecting the safety and well being of the student body as a whole. Plaintiff has not pled, and cannot prove, that these Defendants' alleged conduct violated an established constitutional right. As a result, Defendants Laverty and Prodehl are entitled to qualified immunity with respect to their alleged actions.

WHEREFORE, Defendants, DAN LAVERTY and STEVEN PRODEHL, hereby pray for judgment in their favor and for an award of costs wrongfully incurred as a part of this lawsuit, and for any additional relief that this Court deems necessary and just.

## DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

1. In Count VI of his Third Amended Complaint, Plaintiff alleges defamation on the part of Defendants Laverty, Gavin, and Prodehl, pursuant to Illinois law.

2. However, in Illinois, government officials such Laverty, Gavin, and Prodehl enjoy an absolute privilege from liability with respect to alleged defamatory statements or publications. This privilege is available when the government official was acting within the scope of his or her authority with regard to the complained of defamatory statements. *See Barr v. Matteo*, 360 U.S. 564, 569 (1959); *Geick v. Kay*, 236 Ill.App.3rd 868 (2d Dist. 1992).

1194282.1

3. In the case at bar, all of the alleged actions on the part of Laverty, Gavin, and Prodehl, occurred while they were acting within the scope of their authority. Accordingly, they are immune from liability for any alleged defamation.

WHEREFORE, Defendants, DAN LAVERTY, TIMOTHY GAVIN, and STEVEN PRODEHL, hereby pray for judgment in their favor and for an award of costs wrongfully incurred as part of this lawsuit, and for any additional relief this Court deems necessary and just.

## DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

1. Plaintiff improperly requests punitive damages from Defendants in all Counts against Defendants in this lawsuit.

2. It is well established law that punitive damages cannot be imposed against municipalities, counties, or school districts in a § 1983 lawsuit. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Youren v. Tintic School District*, 343 F.3d 1296, 1306-7 (10th Cir. 2003). Furthermore, school district employees sued in their official capacities are not liable for punitive damages because the lawsuit is merely the functional equivalent of a suit against a municipality or school district. *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000). Additionally, punitive damages may only be awarded against a defendant sued in his individual capacity when that defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

3. In the present case, Plaintiff has not pled, and cannot prove or demonstrate, that the alleged conduct on the part of Defendants rose to the level necessary to allow Plaintiff to properly seek, and to be entitled to, punitive damages in any of his Counts.

1194282.1

4. Moreover, in its Memorandum Opinion and Order with respect to Defendants' Motion to Dismiss, the Court has already stricken Plaintiff's claims for punitive damages brought in his § 1983 claims against the Defendants.

WHEREFORE, Defendants, VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, TIMOTHY GAVIN, and STEVEN PRODEHL, hereby ask this Honorable Court strike Plaintiff's request for punitive damages against Defendants in all of its Counts directed toward these Defendants, and pray for judgment in their favor and for an award of costs wrongfully incurred as part of this lawsuit, and for any additional relief this Court deems necessary and just.

Defendants demand trial by jury.

Respectfully submitted,

CLAUSEN MILLER P.C.

By: /s/ Anthony P. Ulm
ANTHONY P. ULM (ARDC No. 6244038)
aulm@clausen.com

BRIAN J. RIORDAN
ANTHONY P. ULM
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone: 312-606-7805
Facsimile: 312-606-7777
Counsel for Defendants VALLEY VIEW PUBLIC SCHOOL DISTRICT, 365-U, DAN LAVERTY, TIMOTHY GAVIN, and STEVEN PRODEHL