IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Roger C. by and through his | ) |
| next friend, Shelley Gilbert | ) |
|       Plaintiff, | )Civil Action: 08cv1254 |
| v. | )Judge St. Eve |
| | )Magistrate Judge Schenkier |
| Valley View Public School District, 365-U | ) |
| Alan Hampton, Bollingbrook Police | ) |
| Don Laverty | ) |
| Timothy Gavin | ) |
| Steven Prodehl | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER TO
VALLEY VIEW SCHOOL DISTRICT TO MAKE A PLACEMENT
OF PLAINTIFF IN ACCORDANCE WITH "FAPE"; THE
REQUIREMENTS OF 20 U.S.C. 1412(a)(1) & 1414(1)(a); & A
PLACEMENT THAT IS GEOGRAPHICALLY PRACTICAL SO TO
ENABLE PLAINTIFF'S EXERCISE OF HIS PROPERTY RIGHT
TO A PUBLIC EDUCATION**

NOW COMES [child] Plaintiff Roger C. with his next friend Shelley
Gilbert and both represented by their attorney, Christopher C. Cooper.
Through counsel, they state as follows:

(1)     Fifteen year-old child Roger was a student in the Defendant's/Valley
View School District in 2004.

(2)     In 2004, when Roger was a 5th grader in Valley View School District,
teacher, Ms. Rimdaus, notified Roger's parents that Roger likely had a
learning disability.

(3)     Pursuant to this concern, Roger was administered an evaluative
examination in the school district (by whom specifically is not known).

(4)     The results concluded that Roger had difficulty learning that required
special attention.  (Please note: Pursuant to 20 U.S.C. 1414 (a)(1)(A), Valley
View School District shall conduct a full and individual initial evaluation of

1

Roger before the initial provision of special education services to a Roger [child with a disability]).

(5)    Additionally, pursuant to the warning that Roger likely had a learning disability, Roger's parents had Roger examined by Dr. Paramjeep Singh (a licensed medical doctor with credentials in pediatric medicine).

(6)    Roger parents report that Roger was placed on medication to address concerns as to his cognitive skills and attention.  Roger used the medication until approximately 2006.

(7)    Roger transferred to the Defendant's Middle School, still on the medication--- and, still, the School District had not created an IEP for Roger as required by 20 U.S.C. 1412(a)(1).

(8)    Mr. and Mrs. Coronado notified Defendant Valley View's Principal Stracklin of Roger's diagnosis to include having asked him how they as parents should proceed and how the school district would proceed. (Pursuant to 20 U.S.C. 1414(a)(1)(B) and consistent with subparagraph D of 1414(1), a parent of a child may initiate a request for an initial evaluation to determine if a specific child is a child with a disability).

(9)    Mr. and Mrs. Coronado were informed by Mr. Stracklin that Roger would receive an assessment by the Valley View School District to include that they did not oppose intervention by the School District to address Roger's learning disability.

(10)    It seems reasonable to conclude that the Defendant School District intended an IEP, however, never followed through.

(11)    Pursuant to the mandate of 20 U.S. 1414 (a)(1)(C)(i)(I) Valley View School District had 60 days from the notification and consent by Roger's parents to conduct an evaluation; therefore, the evaluation should have occurred sometime in 2004 or 2005.  (Plaintiff is prepared to argue that pursuant to 20 U.S.C. 1414(a)(1)( C)( ii),  the School District was not, at the time, and is not, presently eligible for an exception to, or extension of, the 60 days).

(12)    In February 2008, Roger was expelled for Valley View School District.

(13)    Although Roger has a learning disability, he was not afforded the more advantageous type of disciplinary process reserved for children with disabilities.

(14)    "The Individuals with Disabilities Education Act" (IDEA) contains substantive and procedural protection against disciplinary exclusion from school of students with learning disabilities.

(15)    "No child who is protected by [the] IDEA should ever be without an appropriate educational placement to attend." 20 U.S.C. 1412(a)(1).

(16)    The law expressly states that all children with disabilities are entitled to a free appropriate public education.  20 U.S.C. 1412(a)(1).

(17)    The rationale and legislative purpose of [the] IDEA as to Roger has been, from the position of the plaintiff, thwarted, since his apparent right of access is impractical, for reasons which include: Premier Academy is not geographically accessible; and that Roger's access to public education has not been accompanied by a right to programming that is appropriate for Roger's respective learning disability.

(18)    Via the U.S. Constitution, Roger has a property right to a public education.

(19)    Defendant Valley View School District has deprived Roger of this right since February 7, 2008 via (not inclusive):  1. Premier Academy is not an appropriate placement within the meaning of FAPE or within the requisite of 20 U.S.C. 1412(a)(1) and 20 U.S.C. 1412(a)(4); 2. Premier Academy's distance from the Coronado home makes the placement logistically impractical for Roger to get to the school.

WHEREFORE, Roger C. respectfully asks this Honorable Court to:

1.    To order the Defendant School District to conduct an IEP pursuant to [the] IDEA.

2.    To order the Defendant School District to make a placement of Roger within the meaning of FAPE;

3.    To order the Defendant School District to make a placement that comports with the requirement of 20 U.S.C. 1412(a)(1);

4.    To order the Defendant School District to make a placement that does not interfere, by way of logistical obstacle (e.g., transportation), with the plaintiff's property right to a public education.

Respectfully submitted,
s\Christopher Cooper, ESQ., PHD., 22 August 2008
Counsel for Plaintiff
PO Box 1225, Hammond, IN 46325 or
3700 W. 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458
E-Mail: cooperlaw3234@gmail.com

PROOF OF SERVICE: I, the undersigned, swear that I transmitted the foregoing through ECF on August 22, 2008 and that the defendants' attorneys are registered e-filers.  s\Christopher C. Cooper